

Scott A. Eisman

Axinn, Veltrop & Harkrider LLP
630 5th Avenue
New York, NY  10111
212.261.5642
seisman@axinn.com

November 17, 2025

**BY ECF**

Hon. Loretta A. Preska
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 2200
New York, NY 10007-1312

Re:   *Rosset Family Legacy Holdings LLC v. Oakes*, No. 1:25-cv-9398

Dear Judge Preska:

We represent Defendant Evergreen Review, Inc. and write in accordance with Your Honor's Individual Rule of Practice 1.A to submit state-court orders that were inadvertently omitted from the Notice of Removal that Evergreen filed with Defendants John G.H. Oakes and OR Books LLC (together with Evergreen, "Removing Defendants").

On November 11, Removing Defendants removed this case to this Court from the Supreme Court of the State of New York, New York County, under 28 U.S.C. §§ 1441 and 1454. In accordance with 28 U.S.C. § 1446(a), Removing Defendants filed a notice of removal in this Court and attached copies of process, pleadings, and orders from the state-court action. *See* Dkt. No. 1. And in accordance with 28 U.S.C. § 1446(d), Removing Defendants filed a notification of notice of removal with the Supreme Court clerk by filing the notice of removal, with a notification, on the docket for the state-court action. Removing Defendants also sent Plaintiff's counsel—who automatically received a copy of the notice of removal when it was filed on the state-court docket—copies of the notice of removal and its exhibits by email and FedEx.

On November 14, Plaintiff's counsel informed Removing Defendants that their notice of removal did not attach several orders issued in the state-court action. That was inadvertent. Removing Defendants have reviewed the state-court docket, which they had attached as an exhibit to their notice of removal, *see* Dkt No.1-14, and confirmed that no other process, pleadings, or orders were inadvertently omitted.

Removing Defendants are submitting those omitted orders as Exhibits A–C to this letter. They will also be submitting an amended notice of removal that will include the omitted orders.

Submitting these orders now, less than a week after filing their notice of removal, is proper. "[T]he failure to file all state-court papers [with a notice of removal] is curable in the federal court" even if the plaintiff moves to remand. *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 399 F. Supp. 2d 340, 348 (S.D.N.Y. 2005) (cleaned up); *accord* 14C Mary Kay Kane & A. Benjamin Spencer, *Federal Practice and Procedure (Wright & Miller)* § 3733 (rev. 4th ed., Sept. 2025 update). Courts in this District have thus held that a removing defendant's "inadvertent" failure to file state-court papers with a notice of removal "is not a fatal defect" and have allowed the removing defendant to submit additional state-court filings after the defendant removes the case. *Stetson Real Est. LLC v. Sentinel Ins. Co.*, No. 20-CV-8902 (KMK), 2021 WL 84309, at *2 (S.D.N.Y. Jan. 11, 2021); *accord MTBE*, 399 F. Supp. 2d at 356. Other courts agree. The Ninth Circuit, for instance, has concluded that a removing defendant's "failure to attach [plaintiff's] original complaint to its notice of removal" was a "*de minimis* procedural defect" that was "curable even after expiration of the thirty-day removal period." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013) (quotation marks omitted). And the Seventh Circuit has ruled that a removing defendant's failure to attach state-court filings to its removal papers was "a totally inconsequential defect" that does not "deprive the district court of jurisdiction over a case removed to it." *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011). By submitting the omitted orders now, Removing Defendants are curing any "*de minimis*" or "inconsequential" defect in their original filing.

Removing Defendants are available at Your Honor's convenience to answer any questions the Court may have.

Judge Loretta Preska
November 17, 2025
Page 3


Respectfully submitted,



/s/ Scott A. Eisman
Scott A. Eisman
Axinn, Veltrop & Harkrider LLP
630 5th Avenue, 33rd Floor
New York, NY  10111
212.261.5642
seisman@axinn.com


Cc: All counsel of record (by ECF)
     David Brian Smallman, counsel for Plaintiff (by email and FedEx)