Scott A. Eisman
Nicholas E.O. Gaglio
Kyle R. Sherwood
AXINN, VELTROP & HARKRIDER LLP
630 5th Avenue
33rd Floor
New York, NY 10111

Attorneys for Defendant Evergreen Review, Inc.

Scott J. Sholder
COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP
60 Broad Street
30th Floor
New York, NY 10004

Attorney for Defendants John G.H. Oakes and OR Books LLC

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSSET FAMILY LEGACY HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN G. H. OAKES, EVERGREEN REVIEW, INC., a New York Domestic Not-For-Profit Corporation, JOHN TROUBH, PAUL CHAN, CHARLES PALLELA, PATRICIA L. IRVIN, DALE PECK, VYJAYANTHI RAO, PAMELA ROSENTHAL, OR BOOKS LLC, a New York Limited Liability Company, COLIN ROBINSON, FANTAGRAPHICS BOOKS, INC., a Washington Corporation, GARY GROTH, LYNN EMMERT, PAT THOMAS,<br><br>Defendants,<br><br>and<br><br>GROVE/ATLANTIC, INC. and MORGAN ENTREKIN,<br><br>Nominal Defendants. | Civil Action No. 1:25-cv-9398<br><br>**AMENDED<br>NOTICE OF REMOVAL** |

In accordance with 28 U.S.C. §§ 1331, 1338(a), 1367(a), 1441, 1446, and 1454, Defendants Evergreen Review, Inc.; John G.H. Oakes; and OR Books LLC ("Removing Defendants") remove to this Court the action styled *Rosset Family Legacy Holdings LLC v. Oakes*, No. 65519/2024, from the Supreme Court of the State of New York, New York County. As explained below, this Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), and this Court can exercise supplemental jurisdiction over the state-law claims in this action under 28 U.S.C. § 1367(a). Removing Defendants have satisfied the procedural requirements for removal in 28 U.S.C. §§ 1441 and 1446.

## FACTUAL BACKGROUND

1. On September 30, 2024, Plaintiff filed this lawsuit against Removing Defendants in the Supreme Court of the State of New York, New York County, by filing a summons with notice. *See* Summons with Notice (Ex. A).

2. On December 28, 2024, in response to a demand for the complaint, Plaintiff filed and served the original complaint against Removing Defendants. *See* Original Compl. (Ex. B) (the "Original Complaint"). The Original Complaint asserted claims for equitable accounting, constructive trust, conversion, unjust enrichment, and breach of fiduciary duty. *See id.* ¶¶ 42–73. Copies of all the orders of the Supreme Court of the State of New York, New York County, entered in this action are attached hereto as exhibits.

3. On November 5, 2025, Plaintiff amended its complaint. *See* Am. Compl. (Ex. D) (the "Amended Complaint").[1] The Amended Complaint alleges new claims against Removing

---

[1] Plaintiff originally filed its amended and supplemental complaint on November 5, 2025. Am. & Suppl. Compl. (Ex. C). Plaintiff then filed a further corrected amended and supplemental complaint on November 6, 2025. Am. Compl. (Ex. D). Copies of the amended and supplemental complaint, the further corrected amended and supplemental complaint, and the exhibits thereto, served upon Removing Defendants in this action are attached hereto as exhibits. Removing

2

Defendants, and it adds as Defendants John Troubh; Paul Chan; Charles Pallela; Patricia L. Irvin; Dale Peck; Vyjayanthi Rao; Pamela Rosenthal; Colin Robinson; Fantagraphics Books, Inc.; Gary Groth; Lynn Emmert; Pat Thomas; Grove/Atlantic, Inc.; and Morgan Entrekin. *Id.* ¶¶ 37–44. The Amended Complaint's new claims include a request for declaratory judgment that Plaintiff owns certain copyrights and trademarks and for unjust enrichment based on Defendants' "unauthorized use of "and "unlawful exploitation" of those copyrights and trademarks by publishing and distributing works. *Id.* ¶¶ 183–269. The new claims also include a request for a declaration that Evergreen Review's 2020 federal trademark registration is invalid. *Id.* ¶ 212.

## GROUNDS FOR REMOVAL

4. This Court has original jurisdiction over the Amended Complaint's copyright-related claims under 28 U.S.C. §§ 1331 and 1338 because the Copyright Act completely preempts Plaintiff's unjust-enrichment and declaratory-judgment claims and because those claims require construction of the Copyright Act. *See* 17 U.S.C. § 301(a); *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004). This Court also has original jurisdiction over Plaintiff's trademark-related claims under 28 U.S.C. §§ 1331 and 1338 because the Amended Complaint seeks a remedy expressly granted by or asserts a claim requiring construction of the Lanham Act. This Court has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367. This action is therefore removable under 28 U.S.C. §§ 1441, 1446, and 1454.

---

Defendants cite to the further corrected amended and supplemental complaint attached hereto as Exhibit D throughout this Notice as "Am. Compl."

**I.     Some of Plaintiff's claims arise under federal law**

   **A.     Plaintiff's claims for unjust enrichment and declaratory judgment are completely preempted**

5.     At least two of the Amended Complaint's claims arise under federal law because the Copyright Act completely preempts them: the unjust-enrichment claim and the declaratory-judgment claim. It does not matter that the Amended Complaint couches these claims as arising under New York law. A state-law claim, the Supreme Court has explained, "is in reality based on federal law"—and thus "may be removed to federal court"—"when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). In other words, complete federal preemption "transforms" a state-law action "into a federal action" removable to federal court. *El Paso Nat. Gas Co. v. Neztsosie*, 526 U.S. 473, 484 (1999). And "copyright is one of a handful of areas where . . . Congress is considered to have 'completely preempted' analogous state-law claims." *Red Apple Media, Inc. v. Batchelor*, 636 F. Supp. 3d 468, 471 (S.D.N.Y. 2022) (citing *Briarpatch*, 373 F.3d at 305). The unjust-enrichment and declaratory-judgment claims here are thus completely preempted if "[t]he Copyright Act exclusively governs" those claims. *Briarpatch*, 373 F.3d at 305. It does.

6.     To determine whether the "[t]he Copyright Act exclusively governs a claim," a court asks whether "(1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103, and (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C. § 106." *Id.*; *accord Red Apple Media*, 636 F. Supp. 3d at 472–473. For both the unjust-enrichment claim and the declaratory-judgment claim, the answer to these questions is yes.

7.      Start with the unjust-enrichment claim.² The Amended Complaint alleges that Defendants were unjustly enriched through the "unauthorized use of . . . intellectual property retained and owned by [Plaintiff]," and seeks "restitution/disgorgement of all profits derived from such unlawful exploitation." Am. Compl. ¶¶ 258–259. The "particular work[s] to which the claim is being applied," *Briarpatch*, 373 F.3d at 305, are "the print versions of the Evergreen Review issues 1 through 98." Am. Compl. ¶ 28. These print versions of the Evergreen Review fall within type of works protected by 17 U.S.C. §§ 102(a) and 103 as "compilations" of "literary works." And "the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights protected by copyright law under 17 U.S.C. § 106," *Briarpatch*, 373 F.3d at 305, because the alleged copyrights give Plaintiff the "exclusive right[]" to "distribute copies . . . of the copyrighted work" and "to display the copyrighted work publicly," 17 U.S.C. § 106(3), (5); *see* Am. Compl. ¶ 93 (alleging that "Defendants have contested Plaintiff's rights by, among other things, publishing or planning to publish materials, such as the book 'Evergreen Review: Dispatches from the Literary Underground,' which uses the Mark and incorporates content from the Copyrights without authorization . . . constitut[ing] infringement under New York law"). By seeking to recover the money that Defendants allegedly made from distributing and displaying the

---

² Although the Amended Complaint presents a single unjust-enrichment "count"—styled as its "Tenth Cause of Action"—context makes clear that this single count "may be understood to encompass more than one 'claim.'" *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005). Indeed, this count seeks to make Plaintiff whole for Defendants alleged "unauthorized use" of (1) "Barney Rosset's identity," (2) "charitable donations," (3) "charitable gifts," (4) "all other property . . . retained and owned by [Plaintiff]," and (5) "intellectual property retained and owned by [Plaintiff]." Am. Compl. ¶ 258. These are not "multiple theories that could support a particular claim." *Broder*, 418 F.3d at 194. They are instead statements of distinct "benefits" that Defendants allegedly improperly "retain[ed]," Am. Compl. ¶ 258, each of which Plaintiff seeks to recover, *see id.* ¶ 259. The unjust-enrichment claim that the Copyright Act completely preempts is only the claim that Defendants allegedly retained unlawful benefits from the copyrights that Plaintiff claims to own.

5

works to which Plaintiff claims to own copyrights, the unjust-enrichment claim "seeks to vindicate [Plaintiff's] right to control the copying, distribution, and public performance of" those works. *Roberts v. BroadwayHD LLC*, 518 F. Supp. 3d 719, 734–735 (S.D.N.Y. 2021); *see Briarpatch*, 373 F.3d at 306–307 (ruling that unjust-enrichment claim was completely preempted); *Red Apple Media*, 636 F. Supp. 3d at 475 (concluding that unjust-enrichment claim was completely preempted because it "relates to [defendants'] profiting from their use of content they allegedly had no right to use because of [plaintiff's] exclusive ownership"). Such a claim "falls squarely within the ambit of 17 U.S.C. § 106 of the Copyright Act, because it is simply alleging harms arising from alleged [unauthorized use]." *Adina's Jewels, Inc. v. Shashi, Inc.*, 442 F. Supp. 3d 766, 773 (S.D.N.Y. 2020) (cleaned up).

8.  The declaratory-judgment claim is completely preempted too. Plaintiff's claim for declaratory judgment asks the Court to declare that a "non-exclusive implied license exists from Entrekin and Grove/Atlantic to Barney Rosset circa 1997 for the Copyrights in the print versions of Evergreen Review issues 1 through 98" and that "Plaintiff . . . holds these non-exclusive rights, permitting use, sublicensing, and donation thereof." Am. Compl. ¶ 192. Plaintiff admittedly "seeks a declaration that it is the owner, by implied license, of the copyrights in the print versions of the Evergreen Review issues 1 through 98." *Id.* ¶ 28. As explained above (¶ 7), the first prong of the *Briarpatch* test is met because the Evergreen Review issues fall within the purview of 17 U.S.C. §§ 102(a) and 103 as "compilations" of "literary works." And the second prong is met because this claim "simply seeks a declaration that [Defendants] ha[ve] no rights in" the copyrighted works. *Briarpatch*, 373 F.3d at 307. Plaintiff asks the Court, in other words, to rebuff Defendants' "assert[ion]" of "competing ownership or rights over the . . . Copyrights," Am. Compl. ¶ 94, by declaring that Plaintiff has the exclusive right to "use, sublicense, and donate the[m]," *id.* ¶ 190.

6

Such a claim regarding allegedly disputed ownership of copyrights falls within the Copyright Act's heartland and is thus completely preempted. *See Briarpatch*, 373 F.3d at 307 (calling complete-preemption analysis for similar declaratory-judgment claim "straightforward" and concluding that the claim "is preempted").

> **B.     Plaintiff's claimed ownership of the Evergreen Review copyrights requires construction of the Copyright Act**

9.     Even if the Court finds that Plaintiff's unjust-enrichment claim and declaratory-judgment claim are not completely preempted, this Court has original jurisdiction over this action because Plaintiff's claims seek a remedy that the Copyright Act grants and require the Court to construe the Copyright Act. As the Second Circuit has long recognized, "[e]ven though [a] claim is created by state law, a case may 'arise under' a law of the United States if the complaint discloses a need for determining the meaning or application of such a law." *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 827 (2d Cir. 1964). So if a complaint seeks "a remedy granted by the [Copyright] Act" or "asserts a claim requiring construction of the Act," then the claim arises under federal law. *Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 347–356 (2d Cir. 2000) (quoting *T.B. Harms*, 339 F.2d at 828); *accord Merchant v. Levy*, 92 F.3d 51, 55–56 (2d Cir. 1996). The Amended Complaint here does both.

10.     First, the Amended Complaint seeks a remedy granted by the Copyright Act: "all profits derived from" Defendants' allegedly "unlawful exploitation" of the works to which Plaintiff purports to own copyrights. Am. Compl. ¶ 259; *see supra* ¶ 7. That is a remedy granted by the Act, which allows a copyright holder to recover "any profits of the infringer that are attributable to the infringement." 17 U.S.C. § 504(b).

11.     Second, Plaintiff's claims require the Court to construe the Copyright Act. Plaintiff's theory is that it rightfully owns the copyrights at issue because the copyrights were

7

transferred to it. *See* Am. Compl. ¶ 99. Plaintiff acknowledges that, to determine whether that transfer was valid, a court must construe the Act's provision on assignment. *Id.* (17 U.S.C. § 204). That provision specifies the conditions for "[a] transfer of copyright ownership, other than by operation of law," to be "valid." 17 U.S.C. § 204(a). By Plaintiff's own pleading, then, the Court will have to "interpret[]" the Copyright Act, meaning that the claim arises under federal law. *Jasper v. Bovina Music, Inc.*, 314 F.3d 42, 46 (2d Cir. 2002) (finding federal jurisdiction over "contract interpretation case that does present a substantial issue as to whether the contract qualifies as a section 204(a) writing"); *see also Davis v. Blige*, 505 F.3d 90, 107–108 (2d Cir. 2007) (exercising federal jurisdiction over a case analyzing whether purported transfers were valid under 17 U.S.C. § 204(a)).

      **C.**     **Plaintiff's trademark-related claims arise under federal law**

      12.     The Court also has subject-matter jurisdiction over the Amended Complaint's trademark-related claims. Federal courts have original—but not exclusive—jurisdiction over "any civil action arising under any act of Congress relating to . . . trademarks." 28 U.S.C. § 1338(a); *see Ryan v. Volpone Stamp Co.*, 107 F. Supp. 2d 369, 375 & n.3 (S.D.N.Y. 2000). In determining whether trademark-related claims arise under federal law, "a court must look to the face of the complaint: federal question jurisdiction exists if the complaint seeks a remedy expressly granted by or asserts a claim requiring construction of the Lanham Act." *RBCI Holdings, Inc. v. Drinks Ams. Holdings, Ltd.*, No. 07 Civ. 2877(DC), 2008 WL 759339, at *3 (S.D.N.Y. Mar. 20, 2008) (citing *Volpone*, 107 F. Supp. 2d at 375 & n.3).

      13.     The Amended Complaint seeks relief granted under the Lanham Act: a declaration that Defendants infringed Plaintiff's trademarks, a declaration that Evergreen Review's 2020 federal trademark registration is invalid (citing 15 U.S.C. § 1115), and damages for infringement. Am. Compl. ¶¶ 187, 212. The Amended Complaint also brings claims that require the Court to

8

construe the Lanham Act: citing the Lanham Act, 15 U.S.C. § 1127, the Amended Complaint seeks a declaration that "Plaintiff is the senior owner" of the trademark at issue, which the Amended Complaint alleges was validly assigned under a different Lanham Act section, 15 U.S.C. § 1060. Am. Compl. ¶¶ 29, 99. Courts in this District have held that such claims arise under federal law. *See Volpone*, 107 F. Supp. 2d at 377 (holding that "Plaintiff's assertion of a claim for infringement and prayer for remedies expressly granted by the Lanham Act is sufficient to confer subject matter jurisdiction upon this Court"); *RBCI Holdings*, 2008 WL 759339, at *3 (finding that trademark-related claims arose under the Lanham Act where "the amended complaint seeks relief expressly granted under the Lanham Act . . . and asserts a claim requiring construction of the Lanham Act").

14.     Accordingly, Plaintiff's trademark-related claims arise under federal law, and this Court has original jurisdiction over these claims.

## II.     The Court has supplemental jurisdiction over the remaining claims

15.     "A single claim over which federal-question jurisdiction exists is sufficient to allow removal." *Broder*, 418 F.3d at 194. If the Court has supplemental jurisdiction over the remaining claims, then the Court need not "sever" and "remand" those claims. 28 U.S.C. § 1441(c)(2). The Court may instead exercise jurisdiction over all of the claims in the action. *See Red Apple Media*, 636 F. Supp. 3d at 472.

16.     So it is here, where all of the Amended Complaint's claims "derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *see Briarpatch*, 373 F.3d at 308. All of Plaintiff's claims against the various Defendants include the same common core of facts: Defendants' alleged use of intellectual property and other property that Plaintiff purportedly owns. For example, Plaintiff's common law trademark, charitable gift, fiduciary duty, equitable accounting, unjust enrichment, and publicity rights claims arise from Defendants' alleged unauthorized use of Plaintiff's purported trademarks and other property rights

9

in the same works that allegedly infringe on Plaintiff's copyrights. Am. Compl. ¶¶ 184–187 (declaratory judgment for common law trademark rights); *id.* ¶¶ 194–198 (breach of fiduciary duty); *id.* ¶¶ 200–204 (standing to enforce charitable gift restrictions); *id.* ¶¶ 206–211 (declaratory-judgment claim based on ultra vires acts, breach of fiduciary duty, and invalidity of trademark); *id.* ¶ 213 (breach of fiduciary duty based on the faithless servant doctrine); *id.* ¶¶ 240–256 (equitable accounting); *id.* ¶¶ 258–259 (unjust enrichment); *id.* ¶¶ 261–264 (Virginia statutory right of publicity claim); *id.* ¶¶ 266–269 (Washington statutory right of publicity claim); *see also id.* ¶¶ 215–217 (related-party transaction claim based on Defendants Oakes and Peck receiving payments from the allegedly infringing works); *id.* ¶¶ 219–238 (declaratory judgment to terminate an agreement related to one of Defendants' allegedly infringing works).

17. No exception to supplemental jurisdiction applies here. None of these claims "raises a novel or complex issue of State law." 28 U.S.C. § 1367(c)(1). None of these claims "substantially predominates over the [copyright claims] over which [this Court] has original jurisdiction." *Id.* § 1367(c)(2). And there are no "exceptional circumstances" to decline supplemental jurisdiction. *Id.* § 1367(c)(4). The Court may therefore exercise supplemental jurisdiction over the state-law claims in this action. *See id.* § 1367(a).

### III. Removing Defendants have satisfied the procedural requirements for removal

18. As explained above, this Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) over certain claims in the Amended Complaint because the Copyright Act completely preempts claims relating to alleged copyrights and because those claims require construction of the Copyright Act. *See* 17 U.S.C § 301(a). This Court may exercise supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367(a).

19. Venue is proper under 28 U.S.C. § 1441(a) because the United States District Court for the Southern District of New York is the federal district where the state court suit is pending.

20. All properly joined and served Defendants, *i.e.*, the Removing Defendants, consent to the removal of this action, and join in filing this amended notice of removal. *See* 28 U.S.C. § 1446(b)(2)(A). Although the Amended Complaint names other Defendants, Plaintiff has yet to serve any of those Defendants with process. In fact, supplemental summonses naming the new Defendants have not yet issued. *See* Ex. J; *see also* N.Y. C.P.L.R. 305(a) (requiring that "a supplemental summons" be "filed with the clerk of the court and served upon" a "new party" to the action).

21. Notice is timely filed because Removing Defendants filed the notice within 30 days of being served with the Amended Complaint on November 5, 2025. *See* 28 U.S.C. § 1446(b)(3). Although Removing Defendants were earlier served with the summons and Original Complaint, "the cases stated" by the Original Complaint was "not removable." *Id.* That Original Complaint did not include claims arising under the Copyright Act—or otherwise arising under federal law. Nor did that Original Complaint plead facts that would allow removal on diversity-of-citizenship grounds. Although the Original Complaint alleged that Plaintiff is a limited liability company with multiple members, *see* Original Compl. ¶¶ 1, 54, it mentioned only one of its members, Chantal E. Hyde née Rosset, who "resid[es] in Alexandria, Virginia," *id.* ¶ 2. But because a limited liability company "takes the citizenship of each of its members," *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012), the Original Complaint's silence of the citizenship of its remaining members left Removing Defendants unable to determine whether there was "complete diversity" sufficient for federal subject-matter jurisdiction, *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). And even if complete diversity existed, Removing Defendants could not have removed the case on diversity grounds because at least two

of them—Evergreen Review and Oakes—are "citizen[s]" of New York, "the State in which [the] action is brought." 28 U.S.C. § 1441(b)(2); *see* Original Compl. ¶¶ 3–4.

22. As required by 28 U.S.C. § 1446(d), a copy of this Amended Notice of Removal is being served upon Plaintiff, by and through its attorney of record, and is also being filed with the clerk of the Commercial Division of the Supreme Court of the State of New York, New York County.

23. By filing this Amended Notice of Removal, Removing Defendants do not waive any defenses that may be available to any of them (including without limitation any defenses relating to jurisdiction and do not concede that the allegations in the Amended Complaint state a valid claim under any applicable law).

\* \* \*

WHEREFORE, Removing Defendants state that this action is properly removable and respectfully notify this Court, Plaintiff, and the Supreme Court of the State of New York, New York County, that this action has been removed to the United States District Court for the Southern District of New York.

Dated: November 17, 2025

                      Respectfully submitted,

                      /s/ Scott Eisman
                      Scott A. Eisman (SDNY Bar No. SE2718)
                      Nicholas E.O. Gaglio (SDNY Bar No. NG3882)
                      Kyle R. Sherwood (application for admission forthcoming)
                      Axinn, Veltrop & Harkrider LLP
                      630 5th Avenue
                      33rd Floor
                      New York, NY 10111
                      Phone: 212.728.2200
                      Email: seisman@axinn.com

                      *Counsel for Defendant Evergreen Review, Inc.*

                      /s/ Scott Sholder
                      Scott J. Sholder
                      Cowan, DeBaets, Abrahams & Sheppard LLP
                      60 Broad Street
                      30th Floor
                      New York, NY 10004
                      Phone: 212.974.7474
                      Email: ssholder@cdas.com

                      *Counsel for Defendants John G.H. Oakes and OR Books LLC*