# **EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ROSSET FAMILY LEGACY HOLDINGS LLC,

                      Plaintiff,

- against -

JOHN G. H. OAKES, EVERGREEN REVIEW, INC., a New York Domestic Not-For-Profit Corporation, ORBOOKS LLC, a New York Limited Liability Company,

                      Defendants.

**SUMMONS WITH NOTICE**

INDEX NO._____

To the Person(s) Named as Defendant(s) Above:

**PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED** to appear in this action by serving a notice of appearance on Plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York.

**YOU ARE HEREBY NOTIFIED THAT** should you fail to answer or appear, a judgment will be entered against you by default for the relief demanded below.

Dated:      New York, New York
              September 30, 2024

                                                SMALLMAN + SNYDER LAW GROUP
                                                || SMALLMAN LAW PLLC
                                                By: *David Brian Smallman*
                                                David Brian Smallman, Esq.
                                                *Attorney for Plaintiff*
                                                43 West 43rd Street, Suite 242
                                                New York, NY 10036-7424
                                                Tel: (917) 414-0182

Defendants' Addresses:

JOHN G.H. OAKES
130 West 24th Street, #5A
New York, NY 10011

EVERGREEN REVIEW, INC.
130 West 24th Street, #5A
New York, NY 10011

OR BOOKS LLC
ATTN: Colin Robinson
213 West 21st Street, #3B
New York, NY 10011

**THE OBJECT OF THIS ACTION AND THE RELIEF SOUGHT IS AS FOLLOWS**:

To seek an equitable accounting as against Defendant EVERGREEN REVIEW, INC. ("ERI") and equitable relief for such acts as occurred within the County of New York, City and State of New York, on or about January through December 2020 and continuing to present, with regard to property and financial interests, rights, and assets assigned to, transferred, owned, or controlled by Rosset Family Legacy Holdings LLC ("Assets"), as a successor-in-interest to the foregoing Assets from the Estate of Barney Rosset and from Astrid Myers Rosset, the widow of decedent Barnet L. Rosset, a/k/a Barney Rosset, concerning, related to, or arising from, *inter alia*, relationships between and among Plaintiff Rosset Family Legacy Holdings LLC and its predecessors-in-interest, on the one hand, and Defendant JOHN G. H. OAKES ("OAKES"), Defendant ERI, and Defendant OR BOOKS LLC ("OR BOOKS"), on the other hand, that, upon information and belief, were and are fiduciary and confidential in nature arising from certain agreements and transactions concerning the Assets and from the overall conduct and communications of Defendants OAKES, ERI, and OR BOOKS with Plaintiff Rosset Family Legacy Holdings LLC and its predecessors-in-interest, regarding the Assets, including but not limited to

- inclusion of false statements in reckless disregard of known correct information in publicly filed documents regarding certain Assets by OAKES, including but not limited to intentionally false use of nonexistent corporate entity names in publicly filed documents to misrepresent claims by OAKES and ERI to the Assets and to conceal Plaintiff Rosset Family Legacy Holdings LLC's actual ownership in such Assets;
- the misuse and/or misappropriation, without permission, consent, authorization, and/or proper and good title, of Assets entrusted to OAKES as, *inter alia*, co-founder of OR BOOKS, as editor-at-large of OR BOOKS, and as "Publisher" of ERI;
- misrepresentations and omissions by OAKES and by ERI in communications with third parties concerning the nature and scope of their purported authority to grant permissions, consents, licenses, or rights grants to use Assets, contrary to and

2

- inconsistent with written acknowledgments and admissions by OAKES, ERI, and OR BOOKS that any such permissions, consents, licenses, or rights grant to use Assets had previously acknowledged and admitted in writing required authorization from the Estate of Barney Rosset, from Astrid Myers Rosset, (and, currently parri passu, from Rosset Family Legacy Holdings LLC);
- conflicts of interest and self-dealing transactions by OAKES regarding his role at ERI, his fiduciary duties to ERI and his fiduciary duties to the Estate of Barney Rosset, to Astrid Myers Rosset, and to Rosset Family Legacy Holdings LLC, in connection with, relating to, or arising from his simultaneous role as a co-founder and co-publisher of OR BOOKS between 2010 through 2020 and his membership interest and financial interest in Defendant OR BOOKS from July 6, 2009 to date;
- a written demand for an equitable accounting delivered on August 5, 2024 to ERI and its current board chair John Troubh from Plaintiff Rosset Family Legacy Holdings LLC regarding the ongoing duties of ERI to account for use of the Assets of Plaintiff Rosset Family Legacy Holdings and compensation received or derived from use of the foregoing Assets by ERI during the relevant time period;
- ERI's refusal of Plaintiff Rosset Family Legacy Holdings LLC's demand for an equitable accounting, including by and through the conduct and activities of ERI and its board chair John Troubh as of September 18, 2024 by downloading a copy of the demand for an equitable accounting but failing to respond to the foregoing demand as of September 30, 2024 and by OAKES, on behalf of ERI, by and through OAKES during August and September 2024 by and through his ongoing misappropriation in his individual capacity and as an agent of ERI of the Assets and his ongoing conversion in those capacities of the Assets;
- upon information and belief, ongoing self-dealing conduct and activities by OAKES in the name of and on behalf of fictitious or nonexistent entities as to which OAKES knew that any such fictitious or nonexistent entities could not and did not provide ERI with any legitimate or proper claim to the Assets, including but limited to OAKES'S activities and misrepresentations as to the Assets, purportedly on behalf of ERI, at the Brooklyn Book Fair on or about September 30, 2024 and online at https://brooklynbookfestival.org/vendor/evergreen-review/; and
- recovery for damages, when such amount is known at the conclusion of this action, as set forth in the following claims:
  A. To Compel an Equitable Accounting as against Defendant ERI;
  B. Unjust Enrichment as against Defendants ERI, OAKES, and OR BOOKS;
  C. Conversion as against ERI, OAKES, and OR BOOKS;
  D. Breach of Fiduciary Duty as against OAKES and ERI;
  E. Aiding and Abetting breach of fiduciary duty as against OR BOOKS;
  F. Constructive Trust as against ERI, OAKES, and OR BOOKS.

Plaintiff seeks damages in the amount of no less than Five Hundred Thousand Dollars ($500,000), plus punitive damages in the amount of no less than Five Hundred Thousand Dollars ($500,000), and attorneys' fees, costs, and disbursements when said amount is known at the conclusion of this action, plus statutory interest thereon as allowable by law and such other relief as is just and proper.

3

<u>Venue</u>:

Plaintiff designates New York County as the place of trial. The basis of this designation is:

   Defendants' residence in New York County.