# **EXHIBIT B**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

_____

ROSSET FAMILY LEGACY HOLDINGS LLC,

              Plaintiff,

    -against-

JOHN G. H. OAKES, EVERGREEN REVIEW, INC., a
New York Domestic Not-For-Profit Corporation, OR BOOKS
LLC, a New York Limited Liability Company,

              Defendants.

_____

**<u>COMPLAINT</u>**

Index No. 65519/2024

      Plaintiff ROSSET FAMILY LEGACY HOLDINGS LLC ("Rosset Family LLC"), by

and through its attorney Smallman + Snyder Law Group || Smallman Law PLLC, as and for its

Complaint against defendants JOHN G. H. OAKES ("Oakes"), EVERGREEN REVIEW, INC.

("ERI"), and OR BOOKS LLC ("OR BOOKS") alleges as follows:

      1.    Plaintiff Rosset Family Legacy Holdings LLC ("ROSSET FAMILY LLC") is a

Delaware limited liability company with its principal place of business in Alexandria, Virginia.

Rosset Family Legacy Holdings, LLC is the assignee of and successor-in-interest to, among

other things, any and all right, title and interest in and to intellectual property rights, and to

certain property rights, financial interests, and other assets owned or controlled by Barney Rosset

during his lifetime, then by the Estate of Barney Rosset, and thereafter, by Barney Rosset's

widow, Astrid Myers Rosset, as assignor.

      2.    Chantal E. Hyde née Rosset ("Chantal Rosset"), an individual over the age of

eighteen (18), residing in Alexandria, Virginia, is the youngest daughter of Barnet L. Rosset,

a/k/a Barney Rosset. Chantal Rosset is a member and manager of Plaintiff ROSSET FAMILY LLC.

3. Defendant John G. H. Oakes is an individual over the age of eighteen (18) residing in New York County, New York. He is a member of the Board of Directors of ERI, is listed as the "Publisher" of ERI on its website, https://evergreenreview.org, and is the co-founder of OR Books, where he currently holds the title "editor-at-large."

4. Defendant Evergreen Review, Inc. is a New York Not-For-Profit Corporation whose principal place of business from its formation in 1997 through approximately September 2024 was, upon information and belief, the residence address of Defendant OAKES at 1340 West 24th Street, #5A, New York, NY, and which was revised after September 2024 in the Entity Information filed with the New York Department of State Division of Corporations as" "3909 Crescent Street, 130 West 24th ST #5A [sic], Long Island City, NY, United States 11101."

5. Defendant OR Books LLC is a New York limited liability company with its principal place of business in New York, New York. OR BOOKS LLC was founded by Defendant OAKES, its "editor-at-large" and by Colin Robinson, an individual over the age of eighteen (18), its "publisher, in 2009. See https://www.orbooks.com/about/.

6. This Court has jurisdiction pursuant to New York CPLR § 301 and § 302(a)(1) and (4) because each of the defendants transacts business in the State of New York, and because the parties negotiated and entered into transactions and agreements within the State of New York, which transactions and agreements serve as the basis for the present action and because each Defendant resides, owns and/or uses real property in the State of New York.

7.      Venue in this Court is proper pursuant to CPLR § 503(a) because each

Defendants principal place of business was and/or is located in New York County and each

Defendant does business in New York County.

## NATURE OF THE ACTION

8.      This action seeks to compel an equitable accounting as against Defendant ERI and

further seeks equitable relief for such acts as occurred within the County of New York, City and

State of New York, on or about January through December 2020 and continuing to present, with

regard to property and financial interests, rights, and assets assigned to, transferred, owned, or

controlled by ROSSET FAMILY LLC ("Assets"), as a successor-in-interest to the foregoing

Assets from the Estate of Barney Rosset and from Astrid Myers Rosset, the widow of decedent

Barnet L. Rosset, a/k/a Barney Rosset, concerning, related to, or arising from, inter alia,

relationships between and among ROSSET FAMILY LLC and its predecessors-in-interest, on

the one hand, and Defendant OAKES, Defendant ERI, and Defendant OR BOOKS, on the other

hand, that were and are fiduciary and confidential in nature arising from certain agreements and

transactions concerning the Assets and from the overall conduct and communications of

Defendants OAKES, ERI, and OR BOOKS with ROSSET FAMILY LLC and its predecessors-

in-interest.

9.      In addition to the breaches of fiduciary duty by Defendant OAKES and Defendant

ERI to ROSSET FAMILY LLC, ROSSET FAMILY LLC also seeks equitable relief from certain

Defendants, as follows:

      (a)      Unjust Enrichment as against Defendants ERI, OAKES, and OR BOOKS;

      (b)      Conversion as against ERI, OAKES, and OR BOOKS;

      (c)      Aiding and Abetting breach of fiduciary duty as against OR BOOKS;

3

(d)    Constructive Trust as against ERI, OAKES, and OR BOOKS.

**FACTUAL ALLEGATIONS**

10.    Barnet Lee "Barney" Rosset, Jr. (May 28, 1922 – February 21, 2012) was a pioneering American book and magazine publisher. He founded Grove Press in 1951 and Evergreen Review in 1957, both of which gave him platforms for curating world-class and, in several cases, Nobel prize-winning work by authors including Samuel Beckett (1969), Palo Neruda (1971), Octavio Paz (1990), Kenzaburō Ōe (1994), and Harold Pinter (2005).

11.    Barney Rosset, as the majority shareholder and owner, sold Grove Press in 1985. Subsequently, certain assets of Grove Press, including, *inter alia*, the trademark "Evergreen" registered by Barney Rosset in 1964 for Grove Press and copyrights in and to Evergreen Review serial works published between 1957 and 1984, were acquired by Grove/Atlantic in 1993.  See https://groveatlantic.com/timeline/.

12.    Morgan Entrekin, president of Grove/Atlantic stated that "Grove Press and Evergreen were a central part of the cultural revolution of the '60s, and Barney was at the center of it."

13.    On or about 1997, Barney Rosset reacquired ownership of Evergreen Review assets he had previously owned from Grove/Atlantic, which he publicly discussed in an online interview aired on WNYC/NPR on March 12, 1999 in connection with publication of the "ER Reader 1967-1973."

14.    Barney Rosset organized a new corporation in 1997 – ERI – for the purpose of, among other things, reviving Evergreen Review as an online journal, separate and apart from the copyrights he reacquired in the Evergreen Review serial publications between 1957 and 1985.

4

15. Barney Rosset did not assign his ownership interests in and to the copyrights and intellectual property rights he reacquired from Grove/Atlantic to ERI when it was organized as a New York domestic not-for-profit corporation on or about December 10, 1997.

16. After Barney Rosset passed away in February 2012, Barney Rosset's widow, Astrid Myers Rosset, continued as a member of Defendant ERI's Board of Directors until on or about 2018, when, upon information and belief, Defendant OAKES schemed to have her ousted her from that role when she raised questions about, *inter alia,* the misappropriation and misuse without permission or consent of Assets entrusted to Defendant ERI.

17. When the "Evergreen" registered trademark owned by Grove/Atlantic was cancelled in 2016, the common law trademark rights and associated goodwill in and to the mark "Evergreen" were restored to the senior user of the mark in New York, who was then Barney Rosset's widow, Astrid Myers Rosset, and such common law trademark and associated goodwill were subsequently assigned by her to Rosset Family LLC in November, 2021.

18. Defendant Oakes filed an application with the United States Patent and Trademark Office on November 30, 2020 for the trademark "Evergreen" but did so, upon information and belief, under the name of "The Evergreen Review," which is non-existent entity, and Defendant OAKES also failed to disclose in his application to the UPTO the first use of the "Evergreen" trademark by Barney Rosset in 1955, which, upon information and belief, Defendant OAKES knew of when he filed the foregoing trademark application.

19. Upon information and belief, Defendant OAKES filed his application for the "Evergreen" trademark under the name of a non-existent entity to conceal from the United States Patent and Trademark Office the prior first use of the "Evergreen" mark by Barney Rosset in 1955 and the registration by Barney Rosset, as then President of Grove Press, Inc. of the

Case 1:25-cv-09398-LAP    Document 9-2    Filed 11/18/25    Page 7 of 18

"Evergreen" mark on or about 1963-1964, including its use for issue No. 98 of the Evergreen Review on or about 1985.

20.    After Barney Rosset's death in 2012, Defendant ERI purported to acquire from Barney Rosset's widow, Astrid Myers Rosset, certain financial interests, property, publishing assets and intellectual property she had inherited from her late husband, who was the owner of a New York corporation "FoxRock Inc." formed in 1994 and dissolved in 2013.

21.    However, upon information and belief, the documents purporting to show ERI's acquisition of certain "assets, imprints, titles, rights and books" as of December 31, 2012 are from a nonexistent entity "Foxrock Books, Inc." and ERI has not provided any documentation demonstrating proper acquisition of any right, title, and interest in and to publishing assets or intellectual property rights then owned by Astrid Myers Rosset after dissolution of FoxRock Inc. and now owned by Plaintiff ROSSET FAMILY LLC by written assignment in 2021.

22.    New York State Secretary of State filing records for Foxrock, Inc. and the tax filings submitted to the IRS by ERI from 2012 to date,

<https://projects.propublica.org/nonprofits/organizations/133981873> show that Foxrock, Inc. did not assign to the non-profit entity, generally or otherwise, any publishing rights, copyrights, trademarks, or other intellectual property or assets that it owned.

23.    Instead, these filings show only that certain artwork and a collection of books was donated by Astrid Myers Rosset in late  2012 to ERI.  The factual record does not show, and in fact, contradicts, any assertion that the shares of stock owned by Barney Rosset and by Astrid Myers Rosset were ever assigned or transferred to ERI.

6

Case 1:25-cv-09398-LAP    Document 9-2    Filed 11/18/25    Page 8 of 18

24.     ERI's tax filings do not contain any schedules referencing a donation of Foxrock, Inc.'s contractual rights in and to any works that it published, nor to any copyrights or other tangible and intangible property or assets that it owned.

25.     No entity named "Foxrock Book Inc." appears to exist in any New York or other state filings.

26.     After FoxRock, Inc. filed its Certificate of Dissolution on November 25, 2013,  Astrid Myers Rosset, as the sole surviving shareholder, became the owner through distribution of all of its assets pursuant to N.Y. Business Corporation Law Section 1005(a)(3).  Any and all of her right, title, and interest in and to such assets, including but not limited to publishing rights, intellectual property, and other property, was assigned in writing as of November 2021 to Rosset Family LLC.

27.     Another example of misuse or misappropriation of Assets is shown by OR BOOKS LLC's conduct regarding royalty reports for the autobiography of Barney Rosset, the copyright in which was owned by the Estate of Barney Rosset and subsequently assigned to ROSSET FAMILY LLC.

28.     On or about February 23, 2021 Astrid Myers Rosset, who had entrusted editing and completion of the autobiography to Defendant OAKES in 2015, wrote to the publisher OR BOOKS LLC seeking an accounting of "each edition" of the Barney Rosset autobiography "as stated in our agreement dated February 9, 2015."  She stated that "I have never received a report in five years" and requested that "a copy of any reports" be sent directly to her.

29.     On March 9, 2021, Colin Robinson, publisher of OR BOOKS LLC wrote back acknowledging that OR BOOKS LLC had failed to provide statements and payments for Barney Rosset's autobiography for a period of more than five years.

7

30.     Instead of providing all past statements, OR BOOKS LLC provided only a single Royalty Statement dated "2/23/2021."  No other Royalty Statement was provided since that time by OR BOOKS LLC as required by that certain Letter of Agreement dated February 9, 2015 between Astrid Myers Rosset and OR BOOKS LLC, by its "co-publishers" Colin Robinson and/or John Oakes ("Letter of Agreement").

31.     Pursuant to Paragraph 12 of the Letter of Agreement, the current proprietor of the autobiography of Barney Rosset, Plaintiff ROSSET FAMILY LLC, terminated the Letter Agreement for failure to provide reports and/or royalties after February 23, 2021 by OR BOOKS, which such termination was delivered to OR BOOKS through its co-publisher and "Editor-at-Large Defendant OAKES on or about October 24, 2023.

32.     Instead of cooperating with ROSSET FAMILY LLC's termination and the mandatory reversion of the rights to the Barney Rosset autobiography to ROSSET FAMILY LLC, Defendant OAKES instead has, in his dual capacity as an equity owner in OR BOOKS LLC and as a director of ERI, continued using Assets that include the foregoing autobiography and other publishing rights not owned by ERI, including, by way of example, former Foxrock, Inc. Assets now owned by ROSSET FAMILY LLC, for his own personal gain through apparent self-dealing transactions with OR BOOKS.

33.     Upon information and belief, Defendant OAKES's self-dealing transactions are also a breach of his fiduciary duties to ERI.

34.     In furtherance of the conduct set forth above, statements in reckless disregard of known correct information were asserted in publicly filed documents regarding certain Assets by OAKES, including but not limited to intentionally false use of nonexistent corporate entity

names in publicly filed documents to misrepresent claims by OAKES and ERI to the Assets and

to conceal Plaintiff Rosset Family Legacy Holdings LLC's actual ownership in such Assets.

35.     Information obtained by ROSSET FAMILY LLC to date reveals apparent misuse

and/or misappropriation, without permission, consent, authorization, and/or proper and good title,

of Assets entrusted to OAKES as, *inter alia*, co-founder of OR BOOKS, as editor-at-large of OR

BOOKS, and as "Publisher" of ERI.

36.     Upon information and belief, the misrepresentations and omissions by OAKES

and by ERI in communications with third parties concerning the nature and scope of their

purported authority to grant permissions, consents, licenses, or rights grants to use Assets, were

and are contrary to and inconsistent with written acknowledgments and admissions by OAKES,

ERI, and OR BOOKS that any such permissions, consents, licenses, or rights grant to use Assets

had previously acknowledged and admitted in writing required authorization from the Estate of

Barney Rosset, from Astrid Myers Rosset, (and, currently parri passu, from ROSSET FAMILY

LLC).

37.     The foregoing evidences conflicts of interest and self-dealing transactions by

OAKES regarding his role at ERI, his fiduciary duties to ERI and his fiduciary duties to the

Estate of Barney Rosset, to Astrid Myers Rosset, and to ROSSET FAMILY LLC, in connection

with, relating to, or arising from his simultaneous role as a co-founder and co-publisher of OR

BOOKS between 2010 through 2020 and his membership interest and financial interest in

Defendant OR BOOKS from July 6, 2009 to date.

38.     Upon information and belief, Defendant OAKES has made and continues to make

false assertions in reckless disregard of known correct information in publicly filed documents

regarding certain Assets, including but not limited to intentionally false use of nonexistent

corporate entity names in publicly filed documents that misrepresent the bases for claims by Defendants OAKES and ERI to use or control the Assets while omitting to disclose information regarding ROSSET FAMILY LLC's ownership interests and rights to use and control such Assets.

39.    A written demand for an equitable accounting was delivered on August 5, 2024 to ERI and its current board chair John Troubh from ROSSET FAMILY LLC regarding the ongoing duties of ERI to account for use of the Assets of Plaintiff and compensation received or derived from use of the foregoing Assets by ERI during the relevant time period.

40.    Pursuant to the Demand, Rosset FAMILY LLC requested that ERI provide a verified statement of account of ERI's dealings with third parties and any self-dealing transactions with any board member, officer, or other individuals or entities affiliated with ERI, including but not limited to OAKES, OR BOOKS, and Colin Robinson ("Robinson"), from February 2012 to the date the demanded accounting is furnished, including, but not limited to (1) ERI's exploitation and use of the Assets; (2) income, receipts and revenue received or accrued from the Assets; (3) expenses paid or incurred regarding the Assets; (4) distributions, dividends, salary, compensation or other monies taken by received by (a) OAKES (or by anyone at his direction), (b) OR BOOKS; and (c) Robinson; (5) any documents or records concerning any actual, constructive, or purported permission, consent, or approval to use or to exploit the Assets online or otherwise; (6) documents and records concerning ERI's purported ownership interest in, or purported rights to exploit and use of the mark "Evergreen Review"; (7) documents and records concerning any agreement between ERI, on the one hand, and Barney Rosset, Astrid Myers, or Foxrock Inc. (including but not limited to any affiliate of Foxrock Inc.) for the purchase, acquisition, assignment or any method of transfer for publication rights, copyrights,

contract rights, property rights, financial rights, and assets, in whole or in part, owned or controlled by either Barney Rosset, Astrid Myers, or Foxrock Inc. (including any of its affiliates) ("Foxrock Assets"); (8) documents and records concerning ERI's purported ownership interest in Foxrock Books, Inc. and any property and intellectual property assets of that entity or any affiliate; (9) financial records concerning income, receipts and revenue received or accrued by ERI from any Foxrock Assets; (10) financial records concerning income, receipts, and revenue received or accrued by Oakes, OR Books, or Robinson from any Foxrock Assets; (11) written communications 5 August 2024 between OAKES and members of ERI's board concerning the exploitation, use, or purported ownership of the Assets; (12) documents and records, including memoranda, notes, transcripts, minutes and draft minutes of board meetings regarding approval of actions by ERI concerning exploitation and use of the Assets, (13) communications by ERI to third parties regarding any purported rights of ownership, control, exploitation and use of the Assets, including but not limited to the preparation of documents filed with any federal and New York State governmental entity, the preparation of ERI's tax records and filings, and documents; (14) documents and records concerning communications between ERI and Fantographics, a Seattle-based publisher, regarding use and exploitation of certain rights in and to the cover art and any other content contained in the print publication Evergreen Review published between 1957 and 1984; and (15) documents and records of communications between ERI and the Estate of Barney Rosset.

  41. Upon information and belief, ongoing self-dealing conduct and activities by Defendant OAKES in the name of and on behalf of fictitious or nonexistent entities as to which Defendant OAKES knew that any such fictitious or nonexistent entities could not and did not provide ERI with any legitimate or proper claim to the Assets, including but limited to OAKES'S

activities and misrepresentations as to the Assets, purportedly on behalf of ERI, at the Brooklyn

Book Fair on or about September 30, 2024 and online at

https://brooklynbookfestival.org/vendor/evergreen-review/

## AS AND FOR A FIRST CAUSE OF
## ACTION FOR AN EQUITABLE ACCOUNTING

42.    ROSSET FAMILY LLC repeats and reasserts each of the preceding allegations as

if fully set forth herein.

43.    The relationship between Defendant OAKES, Defendant ERI and Plaintiff

ROSSET FAMILY LLC is fiduciary and confidential in nature and OAKES and ERI owe

fiduciary duties, including the duties of loyalty and due care to ROSSET FAMILY LLC.

44.    In reliance on the fiduciary and confidential nature of these relationships,

ROSSET FAMILY LLC and its predecessors-in-interest entrusted Assets to OAKES and to ERI.

45.    Defendants OAKES and ERI, have a legal obligation to account to ROSSET

FAMILY LLC for the payments, proceeds and all other consideration and assets received by

them and for the use and handling of such payments, proceeds, consideration, and assets.

46.    ROSSET FAMILY LLC demanded an accounting from ERI on August 5, 2024.

47.    Defendant ERI refused ROSSET FAMILY LCC's accounting demands.

48.    The financial information and records sought by ROSSET FAMILY LLC are

necessary to determine ERI's use and handling of the Assets entrusted to OAKES and to ERI.

49.    Defendant ERI has an ongoing duty to ROSSET FAMILY LLC to account for all

compensation and benefit, and financial remuneration received from transactions and services

undertaken by Defendant ERI, Defendant OAKES, and Defendant OR BOOKS arising during

the relevant time period.

12

50.     Upon information and belief, Defendant ERI, at the direction of Defendant OAKES, has willfully refused to provide ROSSET FAMILY LLC and its member and manager, Chantal Rosset, with access to information set forth in its Demand in order to conceal various related-party transactions, preferential disbursements, invalid, void, voidable, or otherwise improper transactions with the predecessors-in-interest of ROSSET FAMILY LLC, the perpetuation of such invalid, void, voidable, or otherwise improper transactions as to ROSSET FAMILY LLC that have impaired and continue to impair the rights and financial interests of ROSSET FAMILY LLC, and other acts of wrongdoing.

51.     ROSSET FAMILY LLC does not have an adequate remedy at law.

52.     As a result of defendant's wrongful refusal to provide ROSSET FAMILY LLC with access to the information and/or to otherwise account to ROSSET FAMILY LLC, ROSSET FAMILY LLC is entitled to an equitable accounting.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR CONSTRUCTIVE TRUST

53.     ROSSET FAMILY LLC repeats and reasserts each of the preceding allegations as if fully set forth herein.

54.     The relationship between Defendant ERI, Defendant OAKES, and ROSSET FAMILY LLC and its predecessors-in-interest was and is fiduciary and confidential in nature. Defendant ERI owed and owes fiduciary duties of loyalty and due to care to ROSSET FAMILY LEGACY LLC and its members, including Chantal Rosset, and to its predecessors-in-interest, including the Estate of Barney Rosset and to Astrid Myers Rosset.

55.     In reliance on the fiduciary and confidential nature of the relationships and obligations of ERI and OAKES, ROSSET FAMILY LLC entrusted certain property, property interests, and intellectual property to ERI by and through, among other things, certain

13

permissions and consents, which such permissions and consents were acknowledged in writing as required from predecessors-in-interest of ROSSET FAMILY LLC by Defendant OAKES and Defendant ERI.

56.    As a result of the misuse of ROSSET FAMILY LLC Assets, ERI and OAKES have been unjustly enriched and the Assets wrongfully converted.

57.    Defendant OR BOOKS was aware of OAKES and ERI's fiduciary duties to Plaintiff ROSSET FAMILY LLC and aided and abetted their breach of such fiduciary duties.

### AS AND FOR A THIRD CAUSE OF ACTION
### FOR CONVERSION

58.    ROSSET FAMILY LLC repeats and reasserts each of the preceding allegations as if fully set forth herein.

59.    Defendants ERI, OAKES, and OR BOOKS inappropriately misappropriated ROSSET FAMILY LLC's royalties, revenues, and other financial benefits of the Assets for their own benefit.

60.    Defendants' willful misappropriation of ROSSET FAMILY LLC's revenues, royalties, and Assets constitutes conversion.

61.    Defendants' conversation has damaged ROSSET FAMILY LLC in an amount to be determined at trial, but believed to be no less than $500,000.

### AS AND FOR A FOURTH CAUSE OF ACTION
### FOR UNJUST ENRICHMENT

62.    ROSSET FAMILY LLC repeats and reasserts each of the preceding allegations as if fully set forth herein.

63.    Defendants ERI and OAKES inappropriately misappropriated cash, revenues and the goodwill of the Evergreen mark and certain other related marks that belong to ROSSET

FAMILY LLC by, among other things, (i) using ROSSET FAMILY LLC Assets for their own benefit; and (ii) misappropriating the goodwill and value of the Evergreen mark for their own benefit.

64.      As a result of Defendant OAKES' and Defendant ERI's misappropriation of ROSSET FAMILY LLC's resources, Defendants OAKES and ERI were enriched unjustly.

65.      ROSSET FAMILY LLC was harmed by Defendant OAKES' and Defendant ERI's misappropriation.

66.      It is against equity and good conscience to permit Defendant OAKES and Defendant ERI to retain the funds and the value of the Evergreen mark and certain other related marks.

67.      There is no license between ROSSET FAMILY LLC, on the one hand, and Defendant OAKES and Defendant ERI, on the other hand, regarding use of the Evergreen mark, and any permission or consent for use the Evergreen mark by Defendant ERI, to the extent not previously withdrawn or revoked, was expressly revoked in writing provided to ERI's former counsel by ROSSET FAMILY LLC on November 24, 2022.

68.      Defendant OAKES and Defendant ERI has thus been unjustly enriched and have damaged ROSSET FAMILY LLC in an amount to be determined at trial, but believed to be no less than $500,000.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

69.      ROSSET FAMILY LLC repeats and reasserts each of the preceding allegations as if fully set forth herein.

15

Case 1:25-cv-09398-LAP    Document 9-2    Filed 11/18/25    Page 17 of 18

70.     The relationship between Defendant ERI, Defendant OAKES, and ROSSET FAMILY LLC and its predecessors-in-interest was and is fiduciary and confidential in nature. Defendant ERI owed and owes fiduciary duties of loyalty and due to care to ROSSET FAMILY LEGACY LLC and its members, including Chantal Rosset, and to its predecessors-in-interest, including the Estate of Barney Rosset and to Astrid Myers Rosset, a former director of ERI and executor of the Estate of Barney Rosset.

71.     Upon information and belief, one or more attorneys who previously represented Barney Rosset and the Estate of Barney Rosset, are members of ERI's Board of Directors.

72.     Defendant OR BOOKS knowingly induced or participated in the breach of fiduciary duty to ROSSET FAMILY LLC by Defendant OAKES and Defendant ERI by and through, among other things, certain self-dealing transactions between Defendant OAKES and Defendant OR BOOKS LLC concerning the Assets, including but not limited to misappropriation of publication rights to assets of FoxRock Inc. that Defendant OAKES knew or should have known, as a director of ERI, were not, upon information and belief, conveyed to ERI as a matter of law or were otherwise defective as to transfer of right, title and interest to such print properties and intellectual property rights.

73.     ROSSET FAMILY LLC has suffered damages as a result thereof.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff ROSSET FAMILY LLC prays for relief and judgment that DEFENDANT ERI renders a full and complete equitable accounting to ROSSET FAMILY LEGACY HOLDING LLC and that a constructive trust be imposed, together with equitable relief for each of ROSSET FAMILY LEGACY HOLDINGS LLC's causes of action herein as to

16

Case 1:25-cv-09398-LAP    Document 9-2    Filed 11/18/25    Page 18 of 18

Defendant ERI, Defendant OAKES, and Defendant OR BOOKS LLC, respectively, along with

such other and further relief as the Court deems just and proper under the circumstances.

Dated:  New York, New York
         December 27, 2024

SMALLMAN + SNYDER LAW GROUP
|| SMALLMAN LAW PLLC

By: *David Brian Smallman*
David Brian Smallman, Esq.
*Attorney for Plaintiff Rosset Family*
*Legacy Holdings LLC*
43 West 43rd Street, Suite 242
New York, NY 10036-7424
Tel: (917) 414-0182

17