# **EXHIBIT D-2**

F971210000 712

# CERTIFICATE OF INCORPORATION

## OF

## EVERGREEN REVIEW, INC.

### UNDER SECTION 402 OF THE
### NOT-FOR-PROFIT CORPORATION LAW

The undersigned, being natural person of the age of eighteen or over and desiring to form a corporation pursuant to the provisions of the Not-For-Profit Corporation Law of New York State, do hereby certify:

1. The name of the corporation is EVERGREEN REVIEW, INC. (the "Corporation").

2. The Corporation is a corporation as defined in subparagraph (a)(5) of Section 102 of the New York Not-For-Profit Corporation Law, and shall be a Type B corporation under Section 201 of the Not-For-Profit Corporation Law.

3. The purposes for which the Corporation is formed are as follows: to operate on a not-for-profit basis for literary, cultural, social and historical purposes, including:

> a. To revive and publish, distribute and promote the Evergreen Review, America's premier avant-garde magazine, originally published from 1957-1972;
>
> b. To publish writings, papers, books, pamphlets, newspapers, periodicals, and other publications, in print, electronic, and multi-media formats in the bold, provocative and pioneering spirit of the original Evergreen Review, with the aim of fostering free transmission of ideas without restriction, and experimentation in the writing arts while maintaining high literary standards.
>
> c. To provide a forum and an outlet for writers outside mainstream commercial publishing, to encourage new writers beyond the magazine publishing stage into the area of full-length works by co-publishing with or editing volumes for other publishers under the aegis of Evergreen Review, and to engage readers in intellectual discourse encompassing cultural, moral, social, and political ideas.
>
> d. To maintain an archive of the voluminous materials associated with the original Evergreen Review, including correspondence with

3

Plaintiff002360

historical and literary figures of the time such as Henry Miller, Samuel Beckett, Jack Kerouac, William Burroughs, Pablo Neruda, Eugene Ionesco, Harold Pinter, and Hubert Selby, Jr. photographs, documents, books and magazines and to make them available to members of the public including writers, researchers, scholars, and other interested parties.

e. To encourage, foster and promote the interaction of the literary arts with allied arts including but not limited to film, video and theater.

f. To engage in any and all other activities that will reasonably result in the achievement of these objects, purposes and goals, which are not prohibited by law, this Certificate of Incorporation or the By-Laws of the Corporation.

4. In furtherance of the foregoing purposes, the Corporation shall have all of the general powers enumerated in Section 202 of the Not-For-Profit Corporation Law together with the power to solicit grants and contributions for any corporate purpose, to solicit funds from the public, and the power to maintain a fund or funds of real or personal property for any corporate purposes. The Corporation shall have the right to exercise such other powers as now are, or hereafter may be, conferred by law upon a corporation organized for the purposes hereinafter set forth or necessary or incidental to the powers so conferred, or conducive to the furtherance thereof.

5. The office of the Corporation shall be located in New York County, State of New York.

6. The names and addresses of the initial directors until the first annual meeting, each of whom is of full age, are as follows:

| Name | Address |
|---|---|
| Barney Rosset | 61 Fourth Avenue<br>New York, N.Y. 10003 |
| Astrid Myers | 48 Floyd Street<br>East Hampton, N.Y. 11937 |
| Joseph Strick | 29 Rue de Tournon<br>Paris, France 75006 |

7. Notwithstanding any other provision of these articles, the Corporation shall not carry on any other activities not permitted to be carried on (a) by a corporation

-2-

4

Plaintiff002361

exempt from Federal income tax under section 501(c)(3) of the Internal Revenue Code of 1986 (or the corresponding provision of any future United States Internal Revenue law) or (b) by a corporation contributions to which are deductible under section 170(c)(2) of the Internal Revenue Code of 1986 (or corresponding provision of any future United States Internal Revenue law). No part of the assets or net earnings of the Corporation shall ever be used, nor shall the Corporation ever be organized or operated, for purposes that do not exclusively promote social welfare within the meaning of §501(c)(3) of the Code.

8. The Corporation is not formed for pecuniary profit or for financial gain and no part of its assets, income or profit shall be distributed to or inure to the benefit of any private individual. Reasonable compensation, however, may be paid for services rendered to or for the Corporation in furtherance of one or more of its purposes.

9. Nothing contained herein shall authorize the Corporation to operate or maintain a library, museum or historical society, or directly or indirectly, to engage in or include among its purposes any of the activities mentioned in Section 404(b) through (v) of the Not-For-Profit Corporation Law, any approvals or consents required by law therefor will be endorsed upon or annexed to this Certificate.

10. No substantial part of its activities shall be the carrying on of propaganda, or otherwise attempting, to influence legislation (except as otherwise provided in Section 501(h) of the Internal Revenue Code of 1986, as now in effect or hereafter amended), and the corporation shall not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of (or in opposition to) any candidate for public office. Nor shall the corporation carry on any other activity not permitted to be carried on by a corporation exempt from taxation under Section 501(c)(3) of the Internal Revenue Code of 1986, as now in effect or hereafter amended, or a corporation contributions to which are deductible under Section 170(c)(2) of the Internal Revenue Code of 1986, as now in effect or hereafter amended.

11. The Secretary of State is hereby designated as agent of the Corporation upon whom process against it may be served. The post office address to which the Secretary shall mail a copy of any process served upon him is:

        Barney Rosset
        61 Fourth Avenue
        New York, N.Y. 10003

12. In the event of dissolution, all of the assets and property of the Corporation remaining after payment of expenses and the satisfaction of all liabilities shall be distributed as determined by the Board of Directors and as approved by a court of competent jurisdiction for the not-for-profit purposes of the Corporation and/or to such charitable, scientific and educational organizations as shall qualify under Section 501(c)(3)

-3-



Plaintiff002362

of the Internal Revenue Code of 1986 (or corresponding provision of any future tax code), or shall be distributed to the federal government, or to a state or local government, for a public purpose. Any of such assets not so distributed shall be disposed of for such purposes as approved by a Justice of the Supreme Court of the State of New York or such other court having jurisdiction over the Corporation.

13. Prior to delivery to the Department of State for filing, all approvals or consents required by law will be endorsed upon or annexed to this Certificate.

14. The incorporator is over the age of 18 years.

IN WITNESS WHEREOF this certificate has been signed and the statements made herein are affirmed as true under the penalties of perjury this 27 day of October, 1997.

Myung-sook Yun, Sole Incorporator
250 South End Avenue
New York, New York 10280

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF NEW YORK )

On this 27th day of October 1997, before me personally came Myung-sook Yun to me known and known to me to be one of the persons described in and who executed the foregoing certificate of incorporation and she duly acknowledged to me that she executed the same.

NOTARY PUBLIC

Charles Palella
Notary Public - State of New York
No. 91-4694943
Qualified in New York County
Commission Expires Jan. 31, 1998

-4-