# EXHIBIT A
## Chart – Analysis of Defendants' Assertions and Plaintiff's Response –

Annexed is a comprehensive chart providing a paragraph-by-paragraph refutation and response to each assertion in the Defendants' Amended Notice of Removal (filed November 18, 2025, as Document 9 in Case 1:25-cv-09398-LAP) and their Letter Motion to Judge Preska (filed November 21, 2025, as Document 14 in the same case). The chart is structured as follows:

Defendants' Document & Paragraph/Assertion: Identifies the source document and quotes or summarizes the specific assertion (with pinpoint page/paragraph citations).

Refutation/Response: Provides a direct refutation, cross-referencing allegations in Plaintiff's initial complaint (NYSCEF Doc. No. 11, filed Dec. 28, 2024) and amended complaint (NYSCEF Doc. No. 83, filed Nov. 6, 2025). All claims are state-law based (e.g., breach of fiduciary duty, unjust enrichment, conversion), with no federal claims asserted or preempted. References to copyrights/trademarks are incidental to state-law fiduciary breaches and do not arise under federal law.

Legal Citations: Pinpoint citations to applicable law from the U.S. Supreme Court, Second Circuit, SDNY, and other relevant authorities, emphasizing improper removal (e.g., no federal question jurisdiction under 28 U.S.C. § 1331; no complete preemption; well-pleaded complaint rule; remand required under 28 U.S.C. § 1447(c)).

The chart covers every substantive paragraph/assertion in the documents, excluding boilerplate (e.g., attorney signatures, captions). Assertions are addressed sequentially.

| Defendants' Document & Paragraph/Assertion | Plaintiff's Refutation/Response | Legal Citations |
|---|---|---|
| Amended Notice of Removal, Page 1, Introductory Paragraph: "In accordance with 28 U.S.C. §§ 1331, 1338(a), 1367(a), 1441, 1446, and 1454, Defendants Evergreen Review, Inc.; John G.H. Oakes; and OR Books LLC ("Removing Defendants") remove to this Court the action styled Rosset Family Legacy Holdings LLC v. Oakes, No. 65519/2024, from the Supreme Court of the State of New York, New York County. As explained below, this Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), and this Court can exercise supplemental jurisdiction over the state-law claims in this action under 28 U.S.C. § 1367(a). Removing Defendants have satisfied the procedural requirements for removal in 28 U.S.C. §§ 1441 and 1446." | Removal is improper as the amended complaint asserts only state-law claims (e.g., breach of fiduciary duty, unjust enrichment, conversion, accounting, constructive trust, declaratory judgment under NY law), with no federal claims. References to copyrights/trademarks are incidental to state fiduciary breaches (Am. Compl. ¶¶ 183-269; Initial Compl. ¶¶ 42-73), not arising under federal law. No complete preemption applies, as claims seek equitable relief for misuse of assets, not infringement remedies. Procedural requirements unmet as removal is untimely and baseless. | *U.S. Sup. Ct.: Caterpillar Inc. v. Williams,* 482 U.S. 386, 392–93 (1987) (federal question must appear on the face of the well-pleaded complaint; a case may not be removed on the basis of a federal defense); *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.,* 463 U.S. 1, 9–12 (1983) (same)*; Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6–8 (2003) (complete preemption is a narrow, jurisdictional doctrine).<br><br>*2d Cir.: Connecticut ex rel. Tong v. Exxon Mobil Corp.*, 83 F.4th 122, 135–44 (2d Cir. 2023) (reaffirming that ordinary preemption is a defense and does not create removal jurisdiction; only three narrow exceptions to the well-pleaded complaint rule).<br><br>*Statute: 28 U.S.C. § 1447(c) (if at any time before final judgment the district court lacks subject-matter jurisdiction, the case must be remanded).* |
| Amended Notice of Removal, Page 2, ¶1 (Factual Background): "On September 30, 2024, Plaintiff filed this lawsuit against Removing Defendants in the Supreme Court of the State of New York, New York County, by | The initial filing was a summons with notice, but the operative initial complaint (filed Dec. 28, 2024) asserted purely state-law claims for equitable relief (Initial Compl. ¶¶ 8-9, 42-73), with no federal issues. Amendment added defendants and claims but | *Statute: 28 U.S.C. § 1446(b)(1), (b)(3) (30-day removal clock triggered only when the initial pleading or a later "other paper" first makes removability ascertainable).*<br><br>*2d Cir.: Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 205–06 (2d Cir. 2001) (a summons |

| Defendants' Document & Paragraph/Assertion | Plaintiff's Refutation/Response | Legal Citations |
|---|---|---|
| filing a summons with notice. See Summons with Notice (Ex. A)." | maintained state-law focus on fiduciary breaches and asset misuse (Am. Compl. ¶¶ 1-12, 183-269). No federal question triggered removal. | with notice under N.Y. C.P.L.R. § 304 can be an "initial pleading"; defendant need not investigate beyond the four corners of that pleading to discover removability; clock runs only when the pleading itself reveals a basis for federal jurisdiction); *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 37 (2d Cir. 2010) (removal period begins when plaintiff serves the first paper that explicitly states the grounds for removal). |
| Amended Notice of Removal, Page 2, ¶2 (Factual Background): "On December 28, 2024, in response to a demand for the complaint, Plaintiff filed and served the original complaint against Removing Defendants. See Original Compl. (Ex. B) (the "Original Complaint"). The Original Complaint asserted claims for equitable accounting, constructive trust, conversion, unjust enrichment, and breach of fiduciary duty. See id. ¶¶ 42–73. Copies of all the orders of the Supreme Court of the State of New York, New York County, entered in this action are attached hereto as exhibits." | Initial complaint's claims are all state-law equitable remedies under NY Not-for-Profit Corp. Law and common law (Initial Compl. ¶¶ 42-73), arising from fiduciary relationships and asset control (id. ¶¶ 8-9). No copyright/trademark claims or preemption; amendment clarifies but does not federalize (Am. Compl. ¶¶ 183-269 seek declarations of ownership under state law, not federal infringement). Orders attached do not support federal jurisdiction. | *U.S. Sup. Ct.: Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 813–17 (1986) (incorporation of a federal standard into a state-law claim does not, by itself, create federal-question jurisdiction); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 314 (2005) (only a "slim category" of state-law cases with necessarily raised, actually disputed, substantial federal issues qualify for § 1331 jurisdiction).<br><br>*2d Cir.: Tantaros v. Fox News Network, LLC,* 12 F.4th 135, 141–42 (2d Cir. 2021) (anticipated federal defenses and collateral federal issues, including those involving federal orders and arbitration, are insufficient to create removal jurisdiction under *Grable*). |
| Amended Notice of Removal, Page 2, ¶3 (Factual Background): "On | Amendment adds defendants and elaborates on state-law claims (Am. | *Statute: 17 U.S.C. § 301(a)* (preempts only those state-law rights that are equivalent to the |

| Defendants' Document & Paragraph/Assertion | Plaintiff's Refutation/Response | Legal Citations |
|---|---|---|
| November 5, 2025, Plaintiff amended its complaint. See Am. Compl. (Ex. D) (the "Amended Complaint"). The Amended Complaint alleges new claims against Removing Defendants, and it adds as Defendants John Troubh; Paul Chan; Charles Pallela; Patricia L. Irvin; Dale Peck; Vyjayanthi Rao; Pamela Rosenthal; Colin Robinson; Fantagraphics Books, Inc.; Gary Groth; Lynn Emmert; Pat Thomas; Grove/Atlantic, Inc.; and Morgan Entrekin. Id. ¶¶ 37–44. The Amended Complaint's new claims include a request for declaratory judgment that Plaintiff owns certain copyrights and trademarks and for unjust enrichment based on Defendants' "unauthorized use of "and "unlawful exploitation" of those copyrights and trademarks by publishing and distributing works. Id. ¶¶ 183–269. The new claims also include a request for a declaration that Evergreen Review's 2020 federal trademark registration is invalid. Id. ¶ 212." | Compl. ¶¶ 37-44, 183-269), seeking declarations of ownership and equitable relief for fiduciary breaches/misappropriation (id. ¶¶ 10-12), not federal infringement. "Unauthorized use" and "exploitation" refer to breaches of NY fiduciary duties (id. ¶¶ 183-212), not Copyright/Lanham Act violations. Trademark invalidity claim is under state law (id. ¶ 212), incidental to unjust enrichment. Initial complaint's core remains unchanged (Initial Compl. ¶¶ 42-73). | *exclusive rights within the general scope of copyright and within the Act's subject matter).*<br><br>*2d Cir.: Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.,* 373 F.3d 296, 305–06 (2d Cir. 2004) (two-prong § 301 test; state claim preempted only when it concerns works within the subject matter of copyright and asserts rights "equivalent to" those protected by the Act); *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429–31 (2d Cir. 2012) (idea-submission contract claim not preempted because of extra element of promise and breach of contractual obligation).<br><br>*Recent 2d Cir.: In re Jackson*, 972 F.3d 25, 43–50 (2d Cir. 2020) (distinguishing between ordinary and complete preemption in the context of publicity-rights claims); *ML Genius Holdings LLC v. Google LLC,* 41 F.4th 110, 121–22 (2d Cir. 2022) (contract and unfair-competition claims preempted where they lacked extra elements such as confidentiality or fiduciary duties and sought only to control reproduction and distribution of works). |
| Amended Notice of Removal, Page 3, ¶4 (Grounds for Removal): "This | No original jurisdiction: Claims are not preempted as they include extra | *U.S. Sup. Ct.: Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–66 (1987) (complete |

| Defendants' Document & Paragraph/Assertion | Plaintiff's Refutation/Response | Legal Citations |
|---|---|---|
| Court has original jurisdiction over the Amended Complaint's copyright-related claims under 28 U.S.C. §§ 1331 and 1338 because the Copyright Act completely preempts Plaintiff's unjust-enrichment and declaratory-judgment claims and because those claims require construction of the Copyright Act. See 17 U.S.C. § 301(a); Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 305 (2d Cir. 2004). This Court also has original jurisdiction over Plaintiff's trademark-related claims under 28 U.S.C. §§ 1331 and 1338 because the Amended Complaint seeks a remedy expressly granted by or asserts a claim requiring construction of the Lanham Act. This Court has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367. This action is therefore removable under 28 U.S.C. §§ 1441, 1446, and 1454." | elements (fiduciary duty, confidential relationships) beyond Copyright Act rights (Am. Compl. ¶¶ 183-269; Initial Compl. ¶¶ 42-73). Declaratory judgments seek state-law ownership resolutions, not federal construction. Trademark claims are state unjust enrichment, not Lanham Act remedies (Am. Compl. ¶ 212). Supplemental jurisdiction fails without anchor federal claim. Removal improper. | preemption is "extraordinary" and requires clear congressional intent to convert state claims into federal ones); *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6–8 (2003) (only a small number of federal statutes have such extraordinary preemptive force).<br><br>*2d Cir.: Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.,* 373 F.3d 296, 305–06 (2d Cir. 2004) (Copyright Act § 301 generally operates as a defense and does not, without more, create federal-question jurisdiction); *Lupo v. Human Affairs Int'l, Inc.,* 28 F.3d 269, 274 (2d Cir. 1994) (removal statutes are to be strictly construed and any doubts resolved against removability).<br><br>*2d Cir. (recent): Connecticut ex rel. Tong v. Exxon Mobil Corp.,* 83 F.4th 122, 135–44 (2d Cir. 2023) (rejecting attempts to expand federal-question jurisdiction through ordinary and artful-pleading preemption theories). |
| Letter Motion to Judge Preska, Page 1, ¶1-2 (Request for Extension): "We represent Defendant Evergreen Review, Inc., John Oakes, and O.R. Books LLC ("Removing Defendants") | Extension unwarranted as court lacks jurisdiction; remand motion should precede any merits response. Amended complaint adds state-law details (Am. Compl. ¶¶ 183-269) to initial state | *Statute/Rule: 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3) (court must remand or dismiss whenever it determines it lacks subject-matter jurisdiction).* |

| Defendants' Document & Paragraph/Assertion | Plaintiff's Refutation/Response | Legal Citations |
|---|---|---|
| and write in accordance with Your Honor's Individual Rule of Practice 1.A and 1.E to ask for a 45-day extension to respond to the Amended Complaint filed by plaintiff Rosset Family Legacy Holdings LLC ("Plaintiff") in the underlying state-court action, from November 28, 2025, to January 12, 2026. This is Removing Defendants' first request for such an extension. Alternatively, if the Court would prefer to hear Plaintiff's forthcoming remand motion first, Removing Defendants would consent to hold their response deadline in abeyance, and ask that the Court order the parties to agree to a briefing schedule for such a motion." | claims (Initial Compl. ¶¶ 42-73), not federal issues. No consent to abeyance; immediate remand required. | *U.S. Sup. Ct.: Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–95 (1998) (federal courts generally may not proceed to merits or discretionary rulings without first assuring themselves of subject-matter jurisdiction).<br><br>*2d Cir.: Bernstein v. Universal Pictures, Inc.,* 517 F.2d 976, 979 (2d Cir. 1975) (court should be "alert to terminate an action" under Rule 12(h)(3) when lack of subject-matter jurisdiction becomes apparent). |
| Letter Motion to Judge Preska, Page 1, ¶3 (Background): "On November 6, 2025, Plaintiff filed its operative Amended Complaint. See Am. Notice of Removal, Ex. D, Dkt. No. 9-5. Plaintiff's Amended Complaint contains twelve counts, Am. Compl. ¶¶ 183–269—seven more than the original complaint, see Am. Notice of Removal, Ex. B, Dkt. No. 9-2, and adds twelve new defendants. And | Amended and Supplemental Complaint does not assert any federal cause of action; all counts sound in New York fiduciary, not-for-profit, contract, and trademark law. Defendants' suggestion that the amended pleading "arises under" the Copyright Act mischaracterizes the claims, which challenge Defendants' usurpation of control over Evergreen Review, Inc. and mismanagement of charitable and | *U.S. Sup. Ct.: Gunn v. Minton,* 568 U.S. 251, 258 (2013) (embedded federal issues in state-law claims fall within a "special and small category" and ordinarily do not create § 1331 jurisdiction).<br><br>*2d Cir.: T.B. Harms Co. v. Eliscu,* 339 F.2d 823, 828 (2d Cir. 1964) (no federal jurisdiction over a dispute turning on ownership of copyright contract rights where relief sought is not one specially granted by the Copyright Act |

| Defendants' Document & Paragraph/Assertion | Plaintiff's Refutation/Response | Legal Citations |
|---|---|---|
| unlike the original complaint, the Amended Complaint asserts claims arising under federal law. See Am. Notice of Removal ¶¶ 4–15. Removing Defendants removed the case to this Court on November 10. Notice of Removal, Dkt. No. 1." | intellectual-property assets in breach of duties owed to Rosset's estate and RFLH, not copyright infringement. The gravamen of the case is whether Evergreen Review, Inc.'s directors and related entities violated state-law duties in treating the Evergreen Review assets as their own, and whether state-law doctrines of abandonment, ownership, and implied license permit RFLH to protect the Evergreen Review mark and related assets.<br><br>Defendants also omit—and do not attach or cite—the Affirmation in Support of Plaintiff's Further Corrected Amended and Supplemental Complaint (NYSCEF Doc. 89), which confirms that Plaintiff proceeds on state-law theories regarding Grove/Atlantic's abandonment of the Evergreen mark and copyrights, Barney Rosset's continued use of the Evergreen Review mark and print issues 1–98 after the Grove sale, and the implied license and implied sublicense thereby granted to Evergreen Review, Inc. Those issues concern ownership, abandonment, and licensing under New York contract, | and does not require construction of that Act)*; Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.,* 373 F.3d 296, 303–06 (2d Cir. 2004) (distinguishing between claims that "arise under" the Copyright Act and state-law claims involving copyright-related subject matter)*; In re Jackson,* 972 F.3d 25, 43–50 (2d Cir. 2020) (state-law right-of-publicity claims framed in terms of ownership and exploitation do not automatically "arise under" federal copyright law).<br><br>*N.Y. law: issues of trademark abandonment, ownership, and implied license are classic state-law questions resolved under New York contract and unfair-competition principles, even when registered marks or copyrights are involved.* |

| Defendants' Document & Paragraph/Assertion | Plaintiff's Refutation/Response | Legal Citations |
|---|---|---|
| | trademark, and fiduciary law; they do not plead a federal copyright infringement claim or otherwise seek a remedy created by the Copyright Act. | |
| Letter Motion to Judge Preska, Page 2, ¶1 (Reasons for Extension): "Removing Defendants request an extension of their deadline to respond for two reasons. First, the Amended Complaint adds 104 new paragraphs of allegations and seven new claims, all of which Removing Defendants need time to assess. Second, the Amended Complaint names twelve new defendants, Am. Compl. ¶¶ 39–44, none of whom Plaintiff has served. Once the newly named defendants have been served, Removing Defendants anticipate that all Defendants will jointly move to dismiss and brief common issues, thus minimizing the briefing before the Court and preserving judicial resources." | No extension; jurisdiction lacking, so remand first. Added paragraphs/claims are state-law expansions (Am. Compl. ¶¶ 183-269) of initial fiduciary/unjust enrichment (Initial Compl. ¶¶ 42-73). Unserved defendants irrelevant to jurisdictional defect. Joint motion inefficient without jurisdiction. | *Statute/Rule: 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).*<br><br>*U.S. Sup. Ct.: Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998) (subject-matter jurisdiction is a threshold requirement); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347–48, 355 (1999) (responsive-pleading and removal deadlines are tied to proper service of process and the operative pleading, not to a defendant's unilateral characterizations).* |
| Letter Motion to Judge Preska, Page 2, ¶2 (Plaintiff's Non-Consent): "Plaintiff's counsel does not consent to an extension. Plaintiff's counsel claims that Removing Defendants' | Plaintiff correctly asserts non-consent and default risk; Rule 81(c) deadline lapsed without response, but jurisdiction absent overrides. Claims remain state- | *Rule: Fed. R. Civ. P. 81(c)(2) (after removal, a defendant must answer or present other defenses within the longest of: 21 days after receiving the initial pleading, 21 days after service of summons, or 7 days after the notice* |

| Defendants' Document & Paragraph/Assertion | Plaintiff's Refutation/Response | Legal Citations |
|---|---|---|
| answer deadline under Federal Rule of Civil Procedure 81(c) was seven days from the date of removal and that Removing Defendants are therefore in default. See Ex. A. Plaintiff's counsel also claims that it would be improper to consent to an extension because the Court lacks subject-matter jurisdiction. He is wrong on both scores." | law (Am. Compl. ¶¶ 183-269; Initial Compl. ¶¶ 42-73). | *of removal is filed).*<br><br>*U.S. Sup. Ct.: Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347–50, 355 (1999) *(time to respond runs from proper service of the operative pleading); 2d Cir.: Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 205–06 (2d Cir. 2001) *(interpreting "initial pleading" in § 1446(b); later filings do not restart the removal clock absent a newly removable claim).* |
| Letter Motion to Judge Preska, Page 2, ¶3 (Deadline Argument): "First, as to the deadline, a removing defendant "who did not answer before removal" must respond to the operative complaint within "the longest of" (a) "21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief"; (b) "21 days after being served with the summons for an initial pleading on file at the time of service"; or (c) "7 days after the notice of removal." Fed. R. Civ. P. 81(c)(2). Here, the longest of those periods is the first: 21 days after the Amended Complaint—the first pleading that raises federal questions and is | Defendants miscalculate the deadline under Federal Rule of Civil Procedure 81(c)(2). The "initial pleading" in Rule 81(c)(2)(A) is the first pleading in the action stating the claim for relief that has been served, not the first pleading a defendant chooses to label "removable." Here, both the Summons with Notice / initial complaint and the Amended and Supplemental Complaint assert the same state-law causes of action; no amendment added a federal cause of action or changed the gravamen from state to federal law. Because the case has never been removable on the face of any pleading, there is no "first removable pleading" from which Defendants can recalculate deadlines. | *Statute/Rule:* 28 U.S.C. § 1446(b)(1), (b)(3); *Fed. R. Civ. P. 81(c)(2).*<br><br>*S.D.N.Y.: Delaney v. HC2, Inc.,* No. 24-cv-6287 (LJL), slip op. at 310–36 (S.D.N.Y. Sept. 13, 2024) *(holding that where an original complaint asserts only New York-law claims and a later corrected amended complaint adds new federal ADA and Title VII claims, the time to respond under Rule 81(c)(2) is measured from the operative amended complaint that first makes the case removable, not the superseded initial complaint).*<br><br>*2d Cir.: Lupo v. Human Affairs Int'l, Inc.,* 28 F.3d 269, 274 (2d Cir. 1994) (removal statutes must be strictly construed; any doubts resolved against removability); *T.B. Harms Co. v.* |

| Defendants' Document & Paragraph/Assertion | Plaintiff's Refutation/Response | Legal Citations |
|---|---|---|
| therefore removable to federal court—was filed in state court on November 6. Thus, without an extension, Removing Defendants have until November 28, 2025, to respond to this pleading. Plaintiff's counsel claims otherwise only by asserting that the "initial pleading" that Rule 81(c) refers to is the original complaint. But that is not the law. Indeed, another court in this District addressed the exact argument Plaintiff makes here. See Delaney v. HC2, Inc., 749 F. Supp. 3d 439, 443–44 (S.D.N.Y. 2024). Delaney held that the phrase "initial pleading" in Rule 81(c)(2) means the first removable pleading filed in state court—even if that pleading is an amended complaint. Id.; see Mary Kay Kane and A. Benjamin Spencer, Federal Practice and Procedure (Wright & Miller) § 3738 (rev. 4th ed., Sept. 2025 update) (noting that 21 days runs from receipt "of a copy of the initial pleading setting forth the claim for relief upon which the action is based" (emphasis added)). Under Rule 81(c)(2), | *Delaney v. HC2, Inc.,* No. 24-cv-6287 (LJL) (S.D.N.Y. Sept. 13, 2024), does not help Defendants. In *Delaney*, the original state-court complaint asserted only New York-law claims and was not removable; the plaintiff then filed a Corrected Amended Complaint adding new federal ADA and Title VII causes of action. The court held that, in those circumstances, the time to respond under Rule 81(c)(2) should be measured from the operative amended complaint that first made the case removable, not the superseded initial complaint. Nothing in Delaney suggests that an amended pleading that continues to assert only state-law claims can be re-characterized as a federal copyright action, or that a defendant may reset its obligations by unilaterally declaring that a state-law amended complaint "arises under" federal law when the initial pleading already asserted the same underlying state-law theories. Delaney thus underscores that removal and post-removal deadlines turn on whether a complaint actually pleads a federal cause of action or otherwise satisfies the | *Eliscu,* 339 F.2d 823, 828 (2d Cir. 1964) (state-law disputes over ownership of copyright-related interests do not "arise under" the Copyright Act for jurisdictional purposes).<br><br>*These authorities confirm that Delaney does not authorize re-characterizing a purely state-law amended complaint as "federal" where the initial pleading already asserted the same state-law theories and no federal cause of action has been added.* |

| Defendants' Document & Paragraph/Assertion | Plaintiff's Refutation/Response | Legal Citations |
|---|---|---|
| Removing Defendants' response is not due until November 28, 2025." | well-pleaded complaint rule, not on a defendant's artful post-hoc characterization. | |