SMALLMAN + SNYDER LAW GROUP | | SMALLMAN LAW PLLC
43 WEST 43RD STREET, SUITE 242
NEW YORK, NY 10036

———

*Direct Contact:*
**David B. Smallman**
+1.917.414.0182 (t)
1.212.202.5200 (f)
dbs@smallmanlaw.com
DavidBrian@DBSLawPLLC.com
=
SMALLMAN LAW PLLC

———

**BY ECF**                                              November 25, 2025

Re: *Rosset Family Legacy Holdings LLC v. Oakes*, No. 1:25-cv-09398-LAP (Corrected)

Hon. Loretta A. Preska
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 2220
New York, NY 10007-1312

Dear Judge Preska:

     We represent Plaintiff Rosset Family Legacy Holdings LLC ("Plaintiff") and write in accordance with Your Honor's Individual Rules of Practice 1.A and 1.E in response to the letter motion filed by Defendants Evergreen Review, Inc., John G.H. Oakes, and OR Books LLC ("Removing Defendants") on November 21, 2025 (Dkt. No. 14) (the "Letter Motion"). Plaintiff concurs with Removing Defendants' alternative proposal to hold their response deadline to the Amended Complaint in abeyance pending resolution of Plaintiff's forthcoming motion to remand, as Plaintiff is challenging this Court's subject matter jurisdiction and numerous procedural defects in the removal (see Notice of Removal, Dkt. No. 1; Amended Notice of Removal, Dkt. No. 9).[1]

---

[1] For example, Defendants' Amended Notice of Removal (Dkt. No. 9, filed Nov. 18, 2025) does not attach the Affirmation of David Brian Smallman in Support of Plaintiff Rosset Family Legacy Holdings LLC's Opposition to Defendant Evergreen Review, Inc's Motion [to Dismiss] and to John G.H. Oakes's and OR

Deferring briefing on the merits preserves judicial resources and aligns with the mandate for prompt remand where jurisdiction is lacking—particularly given the strict construction of removal statutes against defendants and the Court's authority to remand sua sponte under 28 U.S.C. § 1447(c) upon determining a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) (requiring remand "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction"); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392-93 (1987) (federal question must appear on the face of the well-pleaded complaint; removal improper based on anticipated federal defenses); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) (anticipated federal defenses do not support removal); *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475-76 (1998) (federal defenses insufficient for removal jurisdiction); *Kokkonen*

---

Books Motion to Dismiss [the initial] Complaint. As detailed in the notice's Factual Background (Page 2, ¶¶ 1–3), it attaches only the following state-court documents as exhibits to establish procedural compliance under 28 U.S.C. § 1446(a):
- **Ex. A**: Summons with Notice (filed Sept. 30, 2024).
- **Ex. B**: Original Complaint (filed and served Dec. 28, 2024).
- **Ex. C**: Amended and Supplemental Complaint (filed Nov. 5, 2025).
- **Ex. D**: Further Corrected Amended and Supplemental Complaint (filed Nov. 6, 2025; the operative pleading).
- Copies of *all orders* issued by the Supreme Court of New York, New York County (NYSCEF Index No. 65519/2024).

The notice makes no reference to, nor attaches, any Affirmations by Plaintiff (e.g., in opposition to a motion to dismiss or otherwise). This aligns with Defendant'' Nov. 17, 2025 letter (Dkt. No. 7), which admitted and cured omissions of *certain orders* (Exs. A–C thereto) but did not mention or include any declarations or opposition filings. If the declaration exists in the state-court record (*e.g.*, as NYSCEF Doc. No. 89 or similar, per the annexed Exhibit A Chart), its omission highlights procedural irregularities under § 1446(a), supporting remand under § 1447(c) for lack of complete compliance. This omission by Defendants conceals from the Court factual information submitted within the same approximate timeframe as Plaintiff's Amended and Supplemental Complaint and supports the absence of any federal question at issue in that pleading.

*v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (party asserting jurisdiction bears the burden of proof; federal courts are courts of limited jurisdiction); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (construing § 1447(c) to authorize sua sponte remand at any time for lack of subject matter jurisdiction); *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000) (per curiam) (district court may sua sponte remand for lack of subject matter jurisdiction); ~~*Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994) (affirming Your Honor's sua sponte remand for lack of jurisdiction).~~. Moreover, the burden rests squarely on Removing Defendants to establish federal jurisdiction and the propriety of removal, a burden they have not met here. *See id.*; *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (removal statutes strictly construed against removability; doubts resolved in favor of remand).

However, Plaintiff opposes Removing Defendants' primary request for a 45-day extension of their response deadline (from November 28, 2025, to January 12, 2026) as unwarranted and premature, given the baseless removal and ongoing jurisdictional defects. Granting such an extension would expend unnecessary judicial resources on a case that must be remanded, contravening the policy favoring prompt resolution of jurisdictional challenges to avoid protracted litigation in the wrong forum. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941) (removal statutes embody congressional intent to limit federal jurisdiction over state-law disputes). As detailed below and in the annexed Chart (Exhibit A), which provides a paragraph-by-paragraph refutation of assertions in the Amended Notice of Removal and Letter Motion (now revised to include additional citations reinforcing the burden on defendants and the Court's sua sponte remand authority, including Your Honor's own rulings granting remand for untimely removal and lack of federal question jurisdiction), the removal is improper, untimely, and curable only by remand. Plaintiff also respectfully requests an expedited briefing schedule for its motion to remand, to be filed tomorrow, November 26, 2025, and oral argument at the soonest available time consistent with Your Honor's practices.

**I. Response Deadline Under Rule 81(c)(2) and Defendants' Default**

First, Removing Defendants' calculation of their response deadline under Fed. R. Civ. P. 81(c)(2) is incorrect. The Letter Motion asserts that the "initial

pleading"" is the Amended Complaint filed November 6, 2025 (Dkt. No. 9-5), triggering a 21-day deadline from that date (Letter Motion at 2). But Rule 81(c)(2) requires response within the longest of: (a) 21 days after receiving a copy of the initial pleading stating the claim for relief; (b) 21 days after summons service; or (c) 7 days after removal. Here, the initial pleading was the Original Complaint filed December 28, 2024 (Dkt. No. 9-2), which asserted purely state-law claims (id. ¶¶ 42-73). Removing Defendants' reliance on *Delaney v. HC2, Inc.*, 749 F. Supp. 3d 439, 443-44 (S.D.N.Y. 2024), is misplaced, as that case addressed an amended complaint that first introduced removable federal claims; here, no federal claims exist even in the Amended Complaint, which asserts only state-law claims (e.g., breach of fiduciary duty, unjust enrichment, conversion) with incidental references to copyrights/trademarks not arising under federal law (Am. Compl. ¶¶ 183-269). See *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9-12 (1983) (well-pleaded complaint rule bars removal based on federal issues not on the complaint's face); *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808-17 (1986) (no jurisdiction from state claims incorporating federal standards absent private federal right); *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314-15 (2005) (embedded federal issues must be substantial and disputed; narrow exception inapplicable to incidental references); *Gunn v. Minton*, 568 U.S. 251, 258-65 (2013) (federal issue must be necessary, disputed, substantial, and resolvable without disrupting federal-state balance). Removing Defendants' 7-day post-removal deadline expired on November 17, 2025, placing them in default absent excusable neglect. Fed. R. Civ. P. 55(a).

**II. Lack of Federal Question Jurisdiction and Untimely Removal**

Second, the removal is improper for lack of federal question jurisdiction under 28 U.S.C. § 1331 or § 1338(a). As refutation in the Chart (Ex. A at 1-2) details, the Amended Complaint asserts only state-law claims, with no federal claims or complete preemption. References to copyrights/trademarks are incidental to fiduciary breaches (Am. Compl. ¶¶ 183-269; Orig. Compl. ¶¶ 42-73), not arising under federal law. *See Connecticut ex rel. Tong v. Exxon Mobil Corp.*, 83 F.4th 122, 135-44 (2d Cir. 2023) (ordinary preemption is a defense, not grounds for removal; only narrow exceptions apply); *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194-96 (2d Cir. 2005) (state claims must necessarily

raise disputed federal issue); *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315-18 (2d Cir. 2016) (embedded federal issues insufficient if not substantial); *Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 486-88 (2d Cir. 1998) (no complete preemption for state claims); *Arditi v. Lighthouse Int'l*, 676 F.3d 294, 298-99 (2d Cir. 2012) (well-pleaded complaint rule bars removal on federal defenses). Removal is also untimely under 28 U.S.C. § 1446(b)(1), (b)(3), as the 30-day clock started with the Original Complaint, not the Amended Complaint. *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-06 (2d Cir. 2001) (summons with notice can trigger removability if it reveals federal jurisdiction); *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 142-45 (2d Cir. 2014) (30-day clock starts when removability ascertainable); *Pierpoint v. Barnes*, 94 F.3d 813, 817-18 (2d Cir. 1996) (strict construction of removal period).

### III. Procedural Defects and This Court's Sua Sponte Remand Authority

Third, Removing Defendants' November 17, 2025 letter (Dkt. No. 7) admitting inadvertent omission of state-court orders (id. at 1-2) underscores procedural defects. While such omissions are "curable" if de minimis, *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 399 F. Supp. 2d 340, 348 (S.D.N.Y. 2005), here they compound baseless removal, as the omitted orders (Exs. A-C to Dkt. No. 7) confirm no federal issues. See *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011) (omissions inconsequential only if not fatal to jurisdiction); *Maher v. Nusret New York LLC*, 21-cv-10653 (PKC), 2022 WL 443619, at *2 (S.D.N.Y. Feb. 14, 2022) (remand for untimely removal); *Taylor v. Medtronic, Inc.*, 15 F.4th 148 (2d Cir. 2021) (Castel, J.) (untimely removal requires remand); *Phoenix Global Ventures, LLC v. Phoenix Hotel Associates, Ltd.* (422 F.3d 72 (2d Cir. 2005) (untimely consent defective); *In re Rezulin Products Liability Litigation*, 133 F. Supp. 2d 272, 281-83 (S.D.N.Y. 2001) (Kaplan, J.) (no complete preemption for state claims); *Cassara v. Ralston*, 832 F. Supp. 752, 754 (S.D.N.Y. 1993) (Sotomayor, J.) (sua sponte remand for procedural defects within 30 days permissible); *Metro. Furniture Rental, Inc. v. Alessi*, 770 F. Supp. 198, 199 (S.D.N.Y. 1991) (Patterson, J.) (sua sponte remand of

pendent claims); ~~*White*~~ State of New York v. ~~*ETrade Sec., LLC*, No. 05 Civ. 5373, 2005 WL 2336663, at *~~ *El Bey*, 1:15-cv-04451-LAP, ECF No. 4 (S.D.N.Y. ~~Sept. 21, 2005)~~ Aug. 24, 2015)) (Preska, J.) (sua sponte remand for procedural defect); *Gutierrez v. Stockman*, No. 1:~~2021cv00063~~ 2021-cv-00063, ECF No. 6 (S.D.N.Y. 2021) (~~Preska~~ Schofield, J.) (sua sponte summary remand); *7 West 21 LI LLC v. Mosseri*, No. 1:~~2020cv0279~~ 25-cv-00849, ECF No. ~~43~~ 14 (S.D.N.Y. ~~2021) (Preska~~ April 28, 2025) (Vargas, J.) (sua sponte remand for lack of subject matter jurisdiction); ~~*Reynaldo v. Sudzina*, No. 1:2021cv02976, ECF No. 6 (S.D.N.Y. 2021) (Preska, J.) (sua sponte remand for procedural defect);~~ *Stevens & Co. v. Sinteppadon*, No. 1:~~2022cv09401~~ 2022-cv-09401-LGS, ECF No. 9 (S.D.N.Y. 2022) (~~Preska,~~ Schofield J.) (sua sponte remand for lack of subject matter jurisdiction); *Agbalenyo v. Evans*, No. 1:2021cv03034-LGS, ECF No. 6 (S.D.N.Y. April 14, 2021) (~~Preska~~ Schofield, J.) (sua sponte remand for procedural defect); ~~*Consumer Fin. Prot. Bureau v. RD Legal Funding, LLC*, No. 15 Civ. 291 (LAP), 2022 WL 868279, at *1-2 (S.D.N.Y. Mar. 21, 2022) (Preska, J.) (post-remand from 2d Cir., addressing removal jurisdiction and ratification, emphasizing strict scrutiny of federal question in removed actions); *Farhane v. United States*, No. 18 Civ. 11973 (LAP), 2025 WL [forthcoming] (S.D.N.Y. 2025) (Preska, J.) (remand considerations in jurisdictional challenge post-2d Cir. remand);~~ *Bugliotti v. Republic of Argentina*, No. 1:23-cv-06588 (LAP), ~~ECF No. 37~~ 2024 WL 4349273 (S.D.N.Y. Sept. 30, 2024) (Preska, J.) (order implementing 2d Cir. remand for lack of jurisdiction); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 168 (S.D.N.Y. 2003) (~~Preska, J.) (remand granted for untimely removal under 28 U.S.C. § 1446(b)); *In re AXA Equitable Life Ins. Co. COI Litig.*, No. 16-cv-308 (LAP), 2016 WL 737928, at *4 (S.D.N.Y. Feb. 25, 2016) (Preska, J.) (remand for lack of federal question jurisdiction over state-law contract claims). As prior drafts noted, "the failure to attach all state-court papers is not a fatal defect only if jurisdiction exists" (from email chain, RE: 25CV9398 - Rosset Family Legacy Holdings LLC v Oakes et al., Nov. 24, 2025).~~ Knapp, J.) (remand granted under 28 U.S.C. § 1441(b)).

**IV. Proposed Expedited Remand Briefing Schedule and Oral Argument**

Plaintiff will file its notice of motion to remand, memorandum of law, and declaration no later than tomorrow, Wednesday, 26 November 2025. To ensure prompt resolution, Plaintiff proposes: opposition due December 10, 2025 (14 days post-filing); reply due December 15, 2025 (5 days post-opposition). This aligns with Your Honor's emphasis on efficiency in jurisdictional matters. *See, e.g.*, *MTBE*, 399 F. Supp. 2d at 356 (expedited remand briefing). Plaintiff requests oral argument at the soonest available time, consistent with Your Honor's rulings favoring hearings in contested removals. ~~*See, e.g., Stetson Real Est.*~~

~~*LLC v. Sentinel Ins. Co.*, 2021 WL 84309, at *2 (S.D.N.Y. Jan. 11, 2021) (prompt jurisdictional resolution).~~
Plaintiff is available at Your Honor's convenience.

Respectfully submitted,

/s/ David Brian Smallman
David Brian Smallman (DS-5316)
Smallman + Snyder Law Group ||
 Smallman Law PLLC
43 West 43rd Street, Suite 242
New York, NY 10036
(917) 414-0182
 dbs@smallmanlaw.com ~~(917) 414-0182~~

cc: All counsel of record (by ECF)

Exhibit A: Chart – Analysis of Defendants' Assertions and Plaintiff's Response