November 21, 2025

**BY ECF**

Hon. Loretta A. Preska
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 2200
New York, NY 10007-1312

Re: *Rosset Family Legacy Holdings LLC v. Oakes*, No. 1:25-cv-9398

Dear Judge Preska:

We represent Defendant Evergreen Review, Inc., John Oakes, and O.R. Books LLC ("Removing Defendants") and write in accordance with Your Honor's Individual Rule of Practice 1.A and 1.E to ask for a 45-day extension to respond to the Amended Complaint filed by plaintiff Rosset Family Legacy Holdings LLC ("Plaintiff") in the underlying state-court action, from November 28, 2025, to January 12, 2026. This is Removing Defendants' first request for such an extension. Alternatively, if the Court would prefer to hear Plaintiff's forthcoming remand motion first, Removing Defendants would consent to hold their response deadline in abeyance, and ask that the Court order the parties to agree to a briefing schedule for such a motion.

On November 6, 2025, Plaintiff filed its operative Amended Complaint.[1] *See* Am. Notice of Removal, Ex. D, Dkt. No. 9-5. Plaintiff's Amended Complaint contains twelve counts, Am. Compl. ¶¶ 183–269—seven more than the original complaint, *see* Am. Notice of Removal, Ex. B, Dkt. No. 9-2, and adds twelve new defendants. And unlike the original complaint, the Amended Complaint asserts claims arising under federal law. *See* Am. Notice of Removal ¶¶ 4–15. Removing Defendants removed the case to this Court on November 10. Notice of Removal, Dkt. No. 1.

---

[1] As explained in Removing Defendants' Amended Notice of Removal, Plaintiff originally filed its amended and supplemental complaint on November 5, 2025, but it later filed a further corrected amended and supplemental complaint on November 6, 2025. Am. Notice of Removal at 2 n.1, Dkt. No. 9. Accordingly, the operative complaint in this action is the further corrected amended and supplemental complaint filed on November 6, 2025. *Id.*

Removing Defendants request an extension of their deadline to respond for two reasons. First, the Amended Complaint adds 104 new paragraphs of allegations and seven new claims, all of which Removing Defendants need time to assess. Second, the Amended Complaint names twelve new defendants, Am. Compl. ¶¶ 39–44, none of whom Plaintiff has served. Once the newly named defendants have been served, Removing Defendants anticipate that all Defendants will jointly move to dismiss and brief common issues, thus minimizing the briefing before the Court and preserving judicial resources.

Plaintiff's counsel does not consent to an extension. Plaintiff's counsel claims that Removing Defendants' answer deadline under Federal Rule of Civil Procedure 81(c) was seven days from the date of removal and that Removing Defendants are therefore in default. *See* Ex. A. Plaintiff's counsel also claims that it would be improper to consent to an extension because the Court lacks subject-matter jurisdiction. He is wrong on both scores.

First, as to the deadline, a removing defendant "who did not answer before removal" must respond to the operative complaint within "the longest of" (a) "21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief"; (b) "21 days after being served with the summons for an initial pleading on file at the time of service"; or (c) "7 days after the notice of removal." Fed. R. Civ. P. 81(c)(2). Here, the longest of those periods is the first: 21 days after the Amended Complaint—the first pleading that raises federal questions and is therefore removable to federal court—was filed in state court on November 6. Thus, without an extension, Removing Defendants have until November 28, 2025, to respond to this pleading. Plaintiff's counsel claims otherwise only by asserting that the "initial pleading" that Rule 81(c) refers to is the original complaint. But that is not the law. Indeed, another court in this District addressed the exact argument Plaintiff makes here. *See Delaney v. HC2, Inc.*, 749 F. Supp. 3d 439, 443–44 (S.D.N.Y. 2024). *Delaney* held that the phrase "initial pleading" in Rule 81(c)(2) means the first removable pleading filed in state court—even if that pleading is an amended complaint. *Id.*; *see* Mary Kay Kane and A. Benjamin Spencer, *Federal Practice and Procedure (Wright & Miller)* § 3738 (rev. 4th ed., Sept. 2025 update) (noting that 21 days runs from receipt "of a copy of the initial pleading setting forth the claim for relief *upon which the action is based*" (emphasis added)). Under Rule

81(c)(2)(A) and *Delaney*, then, Removing Defendants have 21 days from the filing of the Amended Complaint to respond to it.[2]

Second, as to subject-matter jurisdiction, Plaintiff would not be waiving its right to seek remand by agreeing to an extension. Because objections to "[s]ubject-matter jurisdiction can never be waived or forfeited," a party can "resurrect[]" them "at any point in the litigation." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). In fact, the Court, on its own, "must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *see* Fed. R. Civ. P. 12(h)(3). Subject-matter jurisdiction thus poses no obstacle to consenting to an extension.

Plaintiff's counsel has stated that he believes the Court should decide Plaintiff's anticipated motion to remand before any Defendant moves to dismiss. If the Court would prefer to hear the remand motion first, Removing Defendants would consent to hold their response deadline in abeyance, and ask that the Court order the parties to agree to a briefing schedule for such a motion.

Removing Defendants are available at Your Honor's convenience to answer any questions the Court may have.

---

[2] Plaintiff's counsel has yet to explain why, if he believed that Removing Defendants had only seven days from removal to respond to the Amended Complaint, he waited four days to respond at all to their extension request and waited until the day he believed the response was due to offer Plaintiff's position on that request.

The Court is in receipt of Removing Defendants' November 21, 2025 Letter (Dkt. 14), Plaintiff's Corrected Opposition (Dkt. 18), and Removing Defendants' Reply (Dkt. 17).

The Court GRANTS Removing Defendants' request to hold Removing Defendants' deadlines to respond to the Amended Complaint in abeyance pending resolution of Plaintiff's forthcoming remand motion.

The Court DENIES Plaintiff's request for expedited briefing on Plaintiff's remand motion. The parties shall confer and submit a mutually agreeable briefing schedule for the Court's endorsement no later than December 3, 2025.

**SO ORDERED.**

Loretta A. Preska
U.S. District Judge

November 28, 2025
New York, New York