**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ROSSET FAMILY LEGACY HOLDINGS LLC,

          *Plaintiff*,

  -against-

JOHN G. H. OAKES, EVERGREEN REVIEW, INC., a
New York Domestic Not-For-Profit Corporation,
JOHN TROUBH, PAUL CHAN, CHARLES PALELLA,
PATRICIA L. IRVIN, DALE PECK, VYJAYANTHI
RAO, PAMELA ROSENTHAL, OR BOOKS LLC,
a New York Limited Liability Company, COLIN
ROBINSON, FANTAGRAPHICS BOOKS, INC., a
Washington Corporation, GARY GROTH, LYNN
EMMERT, and PAT THOMAS,

          *Defendants*,
and

GROVE/ATLANTIC, INC. and MORGAN ENTREKIN,

Nominal Defendants.

---

Case No. 1:25-cv-09398-LAP

Hon. Loretta A. Preska

**AFFIRMATION IN SUPPORT OF MOTION TO REMAND**
**AND FOR ATTORNEY'S FEES AND COSTS**

I, David Brian Smallman, an attorney duly admitted to practice before the courts of the

State of New York and the United States District Court for the Southern District of New York,

affirm under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following statements are

true and correct:

      1.      I am an attorney and the managing member of Smallman + Snyder Law Group ||

Smallman Law PLLC, counsel for Plaintiff Rosset Family Legacy Holdings, LLC ("RFLH" or

"Plaintiff") in the above-captioned action, and as such, I am fully familiar with the facts and

circumstances of this matter.  I submit this Affirmation in support of Plaintiff's Motion to

Remand this action to the Supreme Court of the State of New York, County of New York,

Commercial Division, (Index No. 65519/2024), pursuant to 28 U.S.C. § 1447(c) on the grounds

that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1331 and § 1338(a), as

Plaintiff's Amended and Supplemental Complaint ("Amended Complaint" or "Amend. Compl.")

(ECF No. 9, Exh. D) asserts no claims arising under federal law, and Plaintiff's claims arise

solely under state law and do not implication federal questions, and the removal was

procedurally defective under 28 U.S.C. § 1446.

    2.     This following additional reasons also support remand:

        a.    The Copyright Act does not completely preempt Plaintiff's claims, nor do they

"arise under" the Copyright Act;

        b.    Plaintiff's New York common law trademark, unfair-competition and General

Business Law claims are purely state-law and not pre-empted by the Lanham Act;

        c.    Plaintiff's New York Not-for-Profit Corporation Law ("N-PCL"), fiduciary and

governance claims present novel and predominant state-law issues; and

        d.    Supplemental jurisdiction should be declined under 28 U.S.C. § 1367(c).

    3.     I respectfully refer the Court to the accompanying Memorandum of Law in

Support of Motion to Remand and for Attorneys Fees and Costs ("Plaintiff's Memorandum" r

"Pl. Mem.") for a full content off Plaintiff's legal arguments.

    4.     This action arises from alleged breaches of fiduciary duties by Defendants,

including, *inter alia*, ultra vires acts and self-dealing in violation of N-PCL Profit Corporation

and restrictions on charitable gifts under Estates, Powers and Trusts Law ("EPTL") § 8-1.1.  As

detailed in the Amended Complaint and supported by Plaintiff's Memorandum, the New York

state law claims belong in New York State Supreme Court, Commercial Division, not this Court.

5.     To assist the Court in determining that that the Amended Complaint pleads no

federal claims under the Lanham Act and that the gravamen of the Amended Complaint is

alleged misconduct and misuse of restricted charitable donations under New York's N-PCL

governance regime that regulates the operations of ERI and the conduct of ERI's board

members, officers, and key persons,  attached hereto as **Exhibit A** is a true and correct copy of

the United States Patent and Trademark Office ("USPTO ") Cancellation Notice for [Serial No.

72178802; Registration No. 774562] for "EVERGREEN " (owned by Grove/Atlantic, Inc.,

cancelled for failure to file Section 8 affidavit) (Plaintiff000794-Plaintiff000854). This public

record evidences the mark's historical abandonment based on senior common-law rights

inherited via Rosset's assignment issues resolvable under New York unfair-competition doctrines

without Lanham Act construction. (See **Exhibit A** at (Plaintiff000794; 000850-; 000854)).

TDSR for the at-issue registration helps clarify the complaint's state-law focus (e.g., no § 43(a)

claims), supporting the well-pleaded complaint rule (*Caterpillar Inc. v. Williams*, 482 U.S. 386,

392 (1987)). For the abandoned (cancelled) mark, the full file evidence prior use/abandonment,

bolstering the senior user argument under New York common law (*e.g.*, priority via actual use,

not federal registration), which is a core jurisdictional fact.  See Memorandum at 11-15

(Argument III.A).

6.     To assist the Court in determining that the Amended Complaint pleads no federal

claims under the Lanham Act and that the gravamen of the Amended Complaint is alleged

misconduct and misuse of restricted charitable donations under New York's N-PCL governance

regime that regulates the operations of ERI and the conduct of ERI's board members, officers,

and key person, (Memorandum at II(f), attached hereto as **Exhibit B** is a true and correct copy of the USPTO trademark registration for "EVERGREEN REVIEW" [Serial No. 90348291; Registration No. 6586763] (Plaintiff 0000593 – 000657) filed on or about December 26, 2019, by Defendant John G. H. Oakes under an assumed name that is not the real name of Evergreen Review, Inc. ("ERI")  as required by N-PCL § 202(f). (See **Exhibit B** at Plaintiff000593-000599; Plaintiff000617-000621; Plaintiff000641; Plaintiff000644;000651).

7.      The USPTO public record, obtained from the USPTO's Trademark Status & Document Retrieval ("TSDR") database (tsdr.uspto.gov), evidence Oakes' role in registering the mark for publishing services (International Classes 016 and 041) in violation of N-PCL § 202(f) and noncompliance for assumed names (General Business Law § 130).

8.      Attached hereto as **Exhibit C** is a true and correct copy of the Affirmation of David Brian Smallman in Support of Plaintiff Rosset Family Legacy Holdings LLC's Opposition to Defendant Evergreen Review, Inc.'s Motion and to John G. H. Oakes and OR Books Motion to Dismiss the Complaint. filed in New York Supreme Court, Commercial Division, on November 6, 2025 (NYSCEF Doc. No. 89) (the "Opposition Affirmation"). This document, served in the foregoing state-court proceedings was omitted from Defendants' removal papers (ECF No.9, Exh. A-M), (ECF 9-9-17).  rebuts evidences the purely state-law nature of the dispute and rebuts It further highlights the procedural defect under § 1446(a). See Memorandum at 3-4 (Background B); 15-18 (Argument IV).

9.      Other documents from the state court proceeding also support the arguments for remand set forth in the Memorandum.

10.      Attached hereto as **Exhibit D** is Plaintiff Rosset Family Legacy Holdings LLC's Initial Disclosures dated August 13, 2025 (NYSCEF Doc. No. 61) ("Pl. Initial Discl.") which

provides information about the initial Complaint (ECF 9-2, Exh. B) that supports Plaintiff's

position that the original Notice of Removal, filed on November 10, 2025 (ECF No. 1-1-14,

Exhibits A-J) and the Amended Notice of Removal, filed on November 18, 2025 (ECF No. 9-9-

17, Exh. A-M were procedurally defective, both untimely and failing to attach documents from

the New York State Supreme Court, Commercial Division that should have been attached.,

which are attached herein.

11.    Section II, item 9 of the Initial Disclosures, **Exhibit D**, refers to an "Agreement

between Fantagraphics Books Inc. and John Oakes in June 2019 as purported "Author" d/b/a

"The Evergreen Review," withholding of existence of transaction in apparent bad faith

settlement discussions between 2023 and May 7, 2025, and subsequent commercial advertising

of that work using the name of decedent Barney Rosset and the Rosset name and other rights of

publicity belonging to Rosset Family Legacy Holdings] LLC (Compl. ¶ 40-58).   The foregoing

evidences Oakes and named ERI board, offer, and key person defendants alleged breach of

fiduciary duties owed to RFHL by violating of N-PCL § 202(f) through noncompliance with

General Business Law § 130.

12.    Attached as **Exhibit E** are the Third Amended By-Laws of Evergreen Review,

Inc. dated September 24, 2018 (NYSCEF Doc. No. 23) (Article X: Interested Directors and

Officers), which states, in relevant part:

> Any contract or other transaction between this Corporation and one or more of its
> Directors or officers, or between this Corporation and any other Corporation, firm
> association or other entity in which one or more of its Directors or officers are Directors
> or officers, or have a substantial financial interest, shall be void unless the Board of
> Directors authorizes such contract by resolution duly adopted by a vote sufficient for
> such purpose without counting the vote or votes of such interested Director or officer.

**Exhibit D** at 7.

The document evidences the existence of alleged self-dealing and related party transactions in violation of N-PCL § 715 by, between and among Defendant John G. H. Oakes and certain other named defendants, including OR Books.

13.     Attached as **Exhibit F** is a letter to the Court from Plaintiff's counsel to Hon. Robert R. Reed dated May 27, 2025 ("NYSCEF Doc. No. 33) also should have been provided with the ECF No. 9 because, among other things, it is consistent with and shows the absence of any federal claims and evidences Defendants' efforts impost delay and costs upon Plaintiff without a proper basis, as well as procedural defects regarding timing of their removal of the case.

14.     These above exhibits confirm the state-law gravamen of Plaintiff's claims: enforcement of charitable servitudes and not-for-profit governance, with no "substantial and disputed" federal question under *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005), or equivalence to Copyright Act § 106 rights under the holistic approach of *In re Jackson*, 972 F.3d 25, 36-38 (2d Cir. 2020). They rebut Defendants' Amended Notice of Removal (ECF No. 9, ¶¶ 3, 7, 12-14), which mischaracterizes the Amended Complaint as arising under federal law, and underscore the procedural defects in removal (e.g., incomplete attachments under 28 U.S.C. § 1446(a)).

15.     Plaintiff has incurred attorneys' fees and costs since the improper removal on November 10, 2025, and the filing of the Notice of Removal and the Amended Notice of Removal, including preparation of this motion, the memorandum of law in support,  and the Affirmation in support and annexed exhibits A-F. These expenses were necessitated by Defendants' objectively unreasonable jurisdictional arguments. See Memorandum at 20 (Argument VII).

16.     Plaintiff seeks reasonable and just costs and actual expenses, including attorneys'
fees, incurred as a result of the improper removal, to be quantified post-remand as is the
customary practice in this District. *See, e.g., Gondolfo v. Town of Carmel*, No. 20-CV-9060,
2022 WL 19183, at *4–5 (S.D.N.Y. Jan. 3, 2022) (awarding fees post-remand via supplemental
submission).

WHEREFORE, Plaintiff respectfully requests that the Court grant the Motion to Remand,
Award costs and expenses pursuant to 28 U.S.C. § 1447(c) and grant such other relief as it deems
just and proper.

Dated: New York, New York
December 12, 2025

Respectfully submitted,

**SMALLMAN + SNYDER LAW GROUP ||
SMALLMAN LAW PLLC**

_____/s/_____
David Brian Smallman
43 West 43rd Street, Suite 242
New York, NY 10036
(t) (917) 414-0182
(f) (212) 202-5200
dbs@smallmanlaw.com

*Counsel for Plaintiff*
*Rosset Family Legacy Holdings LLC*

**Attachments (Not Rendered Here)**

- **Exhibit A**: USPTO Cancellation Notice for Grove/Atlantic's "EVERGREEN" Mark
- **Exhibit B:** USPTO Trademark Registration for "EVERGREEN REVIEW" Mark
- **Exhibit C:** Affirmation of David Brian Smallman in Support of Plaintiff Rosset Family Legacy Holdings LLC's Opposition to Defendant Evergreen Review, Inc.'s Motion and to John G. H. Oakes and OR Books Motion to Dismiss the Complaint. filed in New York Supreme Court, Commercial Division, on November 6, 2025 (NYSCEF Doc. No. 89).

- **Exhibit D:** Plaintiff's Initial Disclosures dated August 13, 2025 (NYSCEF Doc. No. 61)
- **Exhibit E:** Third Amended By-Laws of Evergreen Review, Inc. (NYSCEF Doc. No. 23)
- **Exhibit F:** Letter from Plaintiff's counsel to Hon. Justice Robert R. Reed dated May 27, 2025 (NYSCEF Doc. No. 33).

| Exhibit | Description | Pages | Relevance |
|---|---|---|---|
| A | USPTO Cancellation Notice for Grove/Atlantic's "EVERGREEN" Mark | 1-61 | Confirms senior common-law priority; rebuts Lanham Act construction (Mem. at III). |
| B | USPTO Trademark Registration for "EVERGREEN REVIEW" | 1-66 | Evidences ultra vires filing under N-PCL § 202; supports Argument ports Argument II.B (Mem. at 7-11). |
| C | Affirmation of David Brian Smallman in Support of Plaintiff Rosset Family Legacy Holdings LLC's Opposition to Defendant Evergreen Review, Inc.'s Motion and to John G. H. Oakes and OR Books Motion to Dismiss the Complaint. | 1-6 | Lack of Subject Matter Jurisdiction, purely state-law issues; procedural defect. Mem.at III, VI., VII. |
| D | Plaintiff's Initial Disclosures dated August 13, 2025 (NYSCEF Doc. No. 61) | 1-20 | Self-Dealing and Related Party transactions, lack of subject matter jurisdiction for removal Mem. at IV. |
| E | Third Amended By-Laws of Evergreen Review, Inc. (NYSCEF Doc. No. 23) | 1-7 | Ultra Vires acts, breach of fiduciary duty; self-dealing, related party transactions. Mem. at IV; state law issues under N-PCL. Mem. at III |
| F | Letter from Plaintiff's counsel to Hon. Justice Robert R. Reed dated May 27, 2025 (NYSCEF Doc. No. 33 | 1-2 | Equitable remedies New York state law, not surrogate claims. Mem at II; procedural defects and award of attorneys' fees and costs. Mem. at VI and VII. |