# EXHIBIT D

Case 1:25-cv-09398-LAP    Document 26-4    Filed 12/12/25    Page 2 of 22

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| ROSSET FAMILY LEGACY HOLDINGS LLC,<br><br>*Plaintiff,*<br><br>-against-<br><br>JOHN G. H. OAKES, EVERGREEN REVIEW, INC., a New York Domestic Not-For-Profit Corporation, OR BOOKS LLC, a New York Limited Liability Company,<br><br>*Defendants.* | Index No.: 655197/2024<br>Hon. Robert R. Reed<br><br>**PLAINTIFF ROSSET FAMILY LEGACY HOLDINGS LLC'S INITIAL DISCLOSURES** |

## PLAINTIFF ROSSET FAMILY LEGACY HOLDINGS LLC'S
## INITIAL DISCLOSUES

Pursuant to Rule 11-h of the Rules of the Commercial Division of the Supreme Court (22 NYCRR § 202.70(g), Rule 11-h), Part 43 Practices and Procedures Rule 5, and CPLR, 3101(f), Plaintiff Rosset Family Legacy Holdings LLC ("Rosset Family LLC") hereby provides the following initial  Initial Disclosures to Defendant Evergreen Review, Inc. ("ERI"), Defendant John G.H. Oakes, ("Oakes"), and Defendant OR Books LLC ("OR Books") in this proceeding ("Litigation"). Rosset Family LLC makes these initial disclosures based on information reasonably available to Rosset Family LLC at the current time.  These initial disclosures, comprising approximately 2311 pages, which include minutes of ERI Board Meetings and communications not disclosed by ERI in their Initial Disclosures, as well as documents known to ERI, Oakes, and OR Books through their counsel during January through May 2025,  are made without waiving any objections on the basis of relevance, materiality, or the admissibility of evidence in the Litigation.  Rosset Family LLC does not represent through these initial

discosures that it is identifying every document, tangible thing, or witness potentially relevant to this Litigation.

The inclusion of documents or information in these disclosures shall not be construed to waive any privilege, claim, or right, including the attorney-client privielge and/or the work-product doctrine, or the right to object to any discovery request, or objections to the admissibility of these documents in this case. Rosset Family LLC reserves the right to supplement or amend these disclosures as additional information becomes available during the course of discovery, pursuant to Commercial Division Rule 11-h(c).

## I.      INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

The following is a list of individuals who Plaintiff believes may have discoverable information that Plaintiff may use to support its claims or defenses, unless solely for impeachment. For each individual, Plaintiff provides the name, and if known, address and telephone number, along with a brief description of the subjects on which the individual is expected to have information.

| Name | Position | Contact Information | Information Expected  to be Elicited |
|------|----------|---------------------|--------------------------------------|
| John B. Troubh | ERI Board Member and Chairman | c/o Axinn, Veltrop & Harkrider, 45 Rockfeller Plaza, New York, NY 10111<br><br>(212) 728-2200 | The Role of ERI's Board; the responsibilities and obligations of service on ERI's Board; compliance with duty of care, duty of loyalty, and duty of obdedience; Oversight of Oakes by ERI's Board;  Conduct by ERI, its Board Members, and Key Persons and affliates regarding an application for the registation of the mark "Evergreen Review" with the USPTO; conduct by ERI, its Board Members, and Key Persons and affiliates in a transaction with Fantagraphics Books, Inc.; related party transactions by and between ERI, ERI Board Member Dale Peck, |

Case 1:25-cv-09398-LAP    Document 26-4    Filed 12/12/25    Page 4 of 22

| Name | Position | Contact Information | Information Expected to be Elicited |
|------|----------|--------------------|------------------------------------|
| | | | and OR Books and its co-publisher Colin Robinson; fiduciary duties owed to Rosset Family LLC pursuant to, *inter alia*, New York's Not-for-Profit Corporation Law ("N-PCL") Section 717; conduct by ERI, its Board Members, Officers, and Key Persons and affiliates in connection with charitable donations to ERI; Rosset Family LLC's entitlement to an equitable accounting;, Rosset Family LLC's claims for conversion, and unjust enrichment, and a constructive trust; restricted charitable donations to ERI by Barney Rosset and Astrid Myers Rosset; knowledge of New York Not-for-Profit Corporation Law ("N-PCL") Sections 202, 713(f), 715, 715-A, 719, 720 and U.S. Treasury Regulation 1.501(c)(3) and IRC Section 4941; knowledge of the responsibilites and expectations of board members and officers of not-for-profit organizations through service as a member of the Colorado College Board of Trustees, as a former executive vice president and treasurer, P.E.N. American Center, and as a member of the Executive Committee, chairman of City Parks Foundation, and knowledge of the responsibilities and expectations of members, managers, partners, and corporate officers subject to governmental regulation in his roles at Troubh Partners L.P.,  Troubh Fund Management, L.L.C., and JBT Capital Inc.; settlement conduct by ERI and Oakes prior to and after the Litigation; the work entitled "Evergreen Review: Dispatches from the Literary Underground: Covers & Essays 1957-1973"; Pat Thomas; |

Case 1:25-cv-09398-LAP    Document 26-4    Filed 12/12/25    Page 5 of 22

| Name | Position | Contact Information | Information Expected to be Elicited |
|---|---|---|---|
| | | | disclosures to ERI in connection with his nomination and election to ERI's Board and any votes to elect him as ERI's Chairman including but not limited to any administrative actions taken by any federal government agency and any settlements of claims against entities in which he had a beneficial interest or management authority; ERI's use of Barney Rosset name, likeness, trade name or authorization, permission, or consent to allow third parties to use Barney Rosset's name and/or the Rosset name for commercial transactions and advertising by ERI, by Oakes, by OR Books, and /or by third parties; postmortem rights of publicity. |
| John G.H. Oakes | ERI Board Member; and "Publisher"; former ERI CEO/President; co-founder and At-large Editor, OR Books | c/o Cowan Debaets Abrahams & Sheppard LLP 41 Madison Avenue, 38th Floor New York, NY 10010 (212) 974-7474 | The Role of ERI's Board; the responsibilities and obligations of service on ERI's Board; compliance with duty of care, duty of loyalty, and duty of obdedience; Oversight of Oakes by ERI's Board Conduct by Oakes in his individual capacity, ERI, its Board Members, and Key Persons and affliates regardings an application for the registation of the mark "Evergreen Review" with the USPTO; conduct by Oakes in his individual capacity, ERI, its Board Members, and Key Persons and affiliates in a transaction with Fantagraphics Books, Inc.; ownership interest in OR Books and financial activities and operations of OR Books, including but not limited to transactions by between and among ERI, ERI board members, officers, and key persons and affiliates with OR Books; related party transactions by and between ERI, ERI Board Member Dale Peck, |

4

Case 1:25-cv-09398-LAP    Document 26-4    Filed 12/12/25    Page 6 of 22

| Name | Position | Contact Information | Information Expected to be Elicited |
|------|----------|---------------------|-------------------------------------|
|  |  |  | and OR Books and its co-publisher Colin Robinson; fiduciary duties owed to ERI and to Rosset Family LLC pursuant to, *inter alia*, New York's Not-for-Profit Corporation Law ("N-PCL") Section 717 and New York Common Law; conduct by ERI, its Board Members, Officers, and Key Persons and affiliates in connection with charitable donations to ERI; Rosset Family LLC's entitlement to an equitable accounting;, Rosset Family LLC's claims for conversion, and unjust enrichment, and a constructive trust; restricted charitable donations to ERI by Barney Rosset and Astrid Myers Rosset; knowledge of board duties and responsibilities; knowledge of New York Not-for-Profit Corporation Law ("N-PCL") Sections 202, 713(f), 715, 717, 715-A, 719, 720 and U.S. Treasury Regulation 1.501(c)(3) and IRC Section 4941; knowledge of the responsibilities and expectations of board members and officers of not-for-profit organizations as a member of P.E.N. America's board of trustees and foemr board member of Alfanar U.S., an Arab-run foundation from 2010-2018; disputes with Astrid Myers Rosset; WIPO Complaint; Dispatches from the Literary Underground: Evergreen Review Covers & Essays 1967-1973 (Fantagraphics Books, Inc. 2025); service on the ERI Board prior to 2017; public statements and interviews by Oakes about his duties as a member of ERI's Board and the performance of his duties as a Board Member of ERI and his simulataneous role as co-founder, |

| Name | Position | Contact Information | Information Expected to be Elicited |
|------|----------|---------------------|-------------------------------------|
| | | | owner, and editor at OR Books; settlement conduct by ERI and Oakes prior to and after the Litigation. the work entitled "Evergreen Review: Dispatches from the Literary Underground: Covers & Essays 1957-1973"; Pat Thomas; approval rights and control of the foregoing Fantagraphicstitle; purported copyright claimant; the "Author" of the work communicated to the public and the "Author" listed in the foregoingf Fantagraphic title; approval of advertising for the foregoing Fantagraphic title; statement made by Oakes, inter alia, of and concerning Barney Rosset and Astrid Rosset, and regarding Oakes duties and obligations as a board member and "Publisher" at ERI in an interview with Ethan Persoff during April 2021; ERI's use of Barney Rosset name, likeness, trade name or authorization, permission, or consent to allow third parties to use Barney Rosset's name and/or the Rosset name for commercial transactions and advertising by ERI, by Oakes, by OR Books, and /or by third parties; retailiation tagainst Astrid Myers Rosset by Oakes or other ERI board members, officers, key persons, or others arising from disputes with Oakes concerning restrictions upon the use of property and intellectual property donated to ERI by Barney Rosset or by the Estate of Barney Rosset, or by Astrid Rosset and use of such property and intellectual property by ERI, OR Books, Oakes, or third parties; postmortem rights of publicity; personal animosity towards Barney Rosset and Astrid Myers Rosset; |

6

Case 1:25-cv-09398-LAP    Document 26-4    Filed 12/12/25    Page 8 of 22

| Name | Position | Contact Information | Information Expected to be Elicited |
|---|---|---|---|
| | | | issues concerning the treatment his father received at the New York Times affecting his conduct towards Barney Rosset, Astrid Myers Rosset, or the children and /or heirs of Barney Rosset; third party interest in, development of, or offers to license or sell film, television, stage, internet or other media and entertainment rights relating to the life of Barney Rosset, Grove Press, and Evergreen Review . |
| Charles Palella | ERI Board Member and Secretary | c/o Axinn, Veltrop & Harkrider, 45 Rockfeller Plaza, New York, NY 10111 (212) 728-2200 | The Role of ERI's Board; the responsibilities and obligations of service on ERI's Board; compliance with duty of care, duty of loyalty, and duty of obdedience; Oversight of Oakes by ERI's Board Conduct by ERI, its Board Members, and Key Persons and affliates regarding an application for the registation of the mark "Evergreen Review" with the USPTO; conduct by ERI, its Board Members, and Key Persons and affiliates in a transaction with Fantagraphics Books, Inc.; related party transactions by and between ERI, ERI Board Member Dale Peck, and OR Books and its co-publisher Colin Robinson; fiduciary duties owed to Rosset Family LLC pursuant to, *inter alia*, New York's Not-for-Profit Corporation Law ("N-PCL") Section 717; conduct by ERI, its Board Members, Officers, and Key Persons and affiliates in connection with charitable donations to ERI; Rosset Family LLC's entitlement to an equitable accounting;, Rosset Family LLC's claims for conversion, and unjust enrichment, and a constructive trust; restricted charitable donations to ERI by Barney Rosset and Astrid Myers |

7

Case 1:25-cv-09398-LAP    Document 26-4    Filed 12/12/25    Page 9 of 22

| Name | Position | Contact Information | Information Expected to be Elicited |
|------|----------|---------------------|-------------------------------------|
| | | | Rosset; knowledge of New York Not-for-Profit Corporation Law ("N-PCL") Sections 202, 713(f), 715, 715-A, 719, 720 and U.S. Treasury Regulation 1.501(c)(3) and IRC Section 4941; Palella's role as counsel to Barney Rosset, the Estate of Barney Rosset, and Astrid Myers Rosset; the "Evergreen Review" mark; copyrights in and to Issues 1-98 of the "Evergreen Review"; settlement conduct by ERI and Oakes prior to and after the commencement of the Litigation; the work entitled "Evergreen Review: The work entitled: "Dispatches from the Literary Underground: Covers & Essays 1957-1973"; Pat Thomas; postmortem rights of publiicity. |
| Vyjayanthi Roa | ERI Board Member and Treasurer | c/o Axinn, Veltrop & Harkrider, 45 Rockfeller Plaza, New York, NY 10111  (212) 728-2200 | Role as treasurer; the Role of ERI's Board; the responsibilities and obligations of service on ERI's Board; compliance with duty of care, duty of loyalty, and duty of obdedience; Oversight of Oakes by ERI's Board Conduct by ERI, its Board Members, and Key Persons and affliates regarding an application for the registation of the mark "Evergreen Review" with the USPTO; conduct by ERI, its Board Members, and Key Persons and affiliates in a transaction with Fantagraphics Books, Inc.; related party transactions by and between ERI, ERI Board Member Dale Peck, and OR Books and its co-publisher Colin Robinson; fiduciary duties owed to Rosset Family LLC pursuant to, *inter alia*, New York's Not-for-Profit Corporation Law ("N-PCL") Section 717; conduct by ERI, its Board Members, Officers, and Key Persons and affiliates in |

| Name | Position | Contact Information | Information Expected to be Elicited |
|---|---|---|---|
| | | | connection with charitable donations to ERI; Rosset Family LLC's entitlement to an equitable accounting;, Rosset Family LLC's claims for conversion, and unjust enrichment, and a constructive trust; restricted charitable donations to ERI by Barney Rosset and Astrid Myers Rosset; knowledge of New York Not-for-Profit Corporation Law ("N-PCL") Sections 202, 713(f), 715, 715-A, 719, 720 and U.S. Treasury Regulation 1.501(c)(3) and IRC Section 4941; settlement conduct by ERI and Oakes prior to and after commencement of the Litigation; the work entitled "Evergreen Review: Dispatches from the Literary Underground: Covers & Essays 1957-1973"; Pat Thomas.; postmortem rights of publicity. |
| Patricia L. Irvin | Board Member ERI | c/o Axinn, Veltrop & Harkrider, 45 Rockefeller Plaza, New York, NY 10111 (212) 728-2200 | The Role of ERI's Board; the responsibilities and obligations of service on ERI's Board; compliance with duty of care, duty of loyalty, and duty of obdedience; Oversight of Oakes by ERI's Board Conduct by ERI, its Board Members, and Key Persons and affliates regarding an application for the registation of the mark "Evergreen Review" with the USPTO; conduct by ERI, its Board Members, and Key Persons and affiliates in a transaction with Fantagraphics Books, Inc.; related party transactions by and between ERI, ERI Board Member Dale Peck, and OR Books and its co-publisher Colin Robinson; fiduciary duties owed to Rosset Family LLC pursuant to, *inter alia*, New York's Not-for-Profit Corporation Law ("N-PCL") Section 717; conduct by ERI, its Board Members, Officers, and |

| Name | Position | Contact Information | Information Expected to be Elicited |
|---|---|---|---|
| | | | Key Persons and affiliates in connection with charitable donations to ERI; Rosset Family LLC's entitlement to an equitable accounting;, Rosset Family LLC's claims for conversion, and unjust enrichment, and a constructive trust; restricted charitable donations to ERI by Barney Rosset and Astrid Myers Rosset; knowledge of New York Not-for-Profit Corporation Law ("N-PCL") Sections 202, 713(f), 715, 715-A, 719, 720 and U.S. Treasury Regulation 1.501(c)(3) and IRC Section 4941 settlement conduct by ERI and Oakes prior to and after commencement of the Litigation; the work entitled "Evergreen Review: Dispatches from the Literary Underground: Covers & Essays 1957-1973"; Pat Thomas; postmortem rights of publicity. |
| Dale Peck | ERI Board Member and "Editor-in-Chief Evergreen Review" | c/o Axinn, Veltrop & Harkrider, 45 Rockfeller Plaza, New York, NY 10111<br><br>(212) 728-2200 | The Role of ERI's Board; the responsibilities and obligations of service on ERI's Board; compliance with duty of care, duty of loyalty, and duty of obdedience; Oversight of Oakes by ERI's Board Conduct by ERI, its Board Members, and Key Persons and affliates regarding an application for the registation of the mark "Evergreen Review" with the USPTO; conduct by ERI, its Board Members, and Key Persons and affiliates in a transaction with Fantagraphics Books, Inc.; payments received from ERI; related party transactions by and between ERI, ERI Board Member Dale Peck, and OR Books and its co-publisher Colin Robinson; fiduciary duties owed to Rosset Family LLC pursuant to, *inter alia*, New York's Not-for-Profit Corporation Law ("N-PCL") Section |

| Name | Position | Contact Information | Information Expected  to be Elicited |
|---|---|---|---|
|  |  |  | 717; conduct by ERI, its Board Members, Officers, and Key Persons and affiliates in connection with charitable donations to ERI; Rosset Family LLC's entitlement to an equitable accounting;, Rosset Family LLC's claims for conversion, and unjust enrichment, and a constructive trust; restricted charitable donations to ERI by Barney Rosset and Astrid Myers Rosset; knowledge of New York Not-for-Profit Corporation Law ("N-PCL") Sections 202, 713(f), 715, 715-A, 719, 720 and U.S. Treasury Regulation 1.501(c)(3) and IRC Section 4941; services provided to ERI; settlement conduct by ERI and Oakes prior to and after commencement of the Litigation; the work entitled "Evergreen Review: Dispatches from the Literary Underground: Covers & Essays 1957-1973"; Pat Thomas.; postmortem rights of publicity. |
| Pamela Rosenthal | ERI Board Member | c/o Axinn, Veltrop & Harkrider, 45 Rockfeller Plaza, New York, NY 10111  (212) 728-2200 | The Role of ERI's Board; the responsibilities and obligations of service on ERI's Board; compliance with duty of care, duty of loyalty, and duty of obdedience; Oversight of Oakes by ERI's Board Conduct by ERI, its Board Members, and Key Persons and affliates regarding an application for the registation of the mark "Evergreen Review" with the USPTO; conduct by ERI, its Board Members, and Key Persons and affiliates in a transaction with Fantagraphics Books, Inc.; related party transactions by and between ERI, ERI Board Member Dale Peck, and OR Books and its co-publisher Colin Robinson; fiduciary duties owed to Rosset Family LLC pursuant to, *inter alia*, New York's |

| Name | Position | Contact Information | Information Expected to be Elicited |
|------|----------|---------------------|-------------------------------------|
| | | | Not-for-Profit Corporation Law ("N-PCL") Section 717; conduct by ERI, its Board Members, Officers, and Key Persons and affiliates in connection with charitable donations to ERI; Rosset Family LLC's entitlement to an equitable accounting;, Rosset Family LLC's claims for conversion, and unjust enrichment, and a constructive trust; restricted charitable donations to ERI by Barney Rosset and Astrid Myers Rosset; knowledge of New York Not-for-Profit Corporation Law ("N-PCL") Sections 202, 713(f), 715, 715-A, 719, 720 and U.S. Treasury Regulation 1.501(c)(3) and IRC Section 4941; settlement conduct by ERI and Oakes prior to and after commencement of the Litigation; the work entitled "Evergreen Review: Dispatches from the Literary Underground: Covers & Essays 1957-1973"; Pat Thomas. |
| Paul Chan | ERI Board Member | c/o Axinn, Veltrop & Harkrider, 45 Rockfeller Plaza, New York, NY 10111 (212) 728-2200 | The Role of ERI's Board; the responsibilities and obligations of service on ERI's Board; compliance with duty of care, duty of loyalty, and duty of obdedience; Oversight of Oakes by ERI's Board Conduct by ERI, its Board Members, and Key Persons and affliates regarding an application for the registation of the mark "Evergreen Review" with the USPTO; conduct by ERI, its Board Members, and Key Persons and affiliates in a transaction with Fantagraphics Books, Inc.; related party transactions by and between ERI, ERI Board Member Dale Peck, and OR Books and its co-publisher Colin Robinson; fiduciary duties owed to Rosset Family LLC pursuant to, *inter alia*, New York's |

12

| Name | Position | Contact Information | Information Expected to be Elicited |
|---|---|---|---|
|  |  |  | Not-for-Profit Corporation Law ("N-PCL") Section 717; conduct by ERI, its Board Members, Officers, and Key Persons and affiliates in connection with charitable donations to ERI; Rosset Family LLC's entitlement to an equitable accounting;, Rosset Family LLC's claims for conversion, and unjust enrichment, and a constructive trust; restricted charitable donations to ERI by Barney Rosset and Astrid Myers Rosset; knowledge of New York Not-for-Profit Corporation Law ("N-PCL") Sections 202, 713(f), 715, 715-A, 719, 720 and U.S. Treasury Regulation 1.501(c)(3) and IRC Section 4941 settlement conduct by ERI and Oakes prior to and after commencement of the Litigation; the work entitled "Evergreen Review: Dispatches from the Literary Underground: Covers & Essays 1957-1973"; Pat Thomas. |
| Tansey Rosset | ERI Board Member and former Treasurer | c/o Axinn, Veltrop & Harkrider, 45 Rockfeller Plaza, New York, NY 10111 (212) 728-2200 | The Role of ERI's Board; the responsibilities and obligations of service on ERI's Board; compliance with duty of care, duty of loyalty, and duty of obdedience; Oakes role as "Publisher" at ERI; Oakes business interests and activities on behalf of OR Books in connection with his role as Board Member and former CEO and Executive Director of ERIervice on the ERI Board during 2011 and beginning again in 2015;Oakes personal and professional relationship with Barney Rosett and Astrid Myers Rosset; instructions from Oakes regarding duties as Treasurer; requests for permission to sign documents on her behalf filed with the New York Charities Bureau; any |

| Name | Position | Contact Information | Information Expected to be Elicited |
|---|---|---|---|
| | | | relataliatory, harrassing, or other similar conduct directed at her by any other Board member, officer, or key person at ERI; knowlege of any ERI conflict of interest policy; knowledge of any ERI whistleblower policy; the existence and composition of ERI Board Committees; exclusion from any ERI Board Committees; training received by ERI board members regarding their obligations and duties as Board members or officer. |
| Colin Robinson | Co-Publisher and Co-founder, OR Books | c/o Cowan Debaets Abrahams & Sheppard LLP 41 Madison Avenue, 38th Floor New York, NY 10010 (212) 974-7474 | Relationship between OR Books, Oakes, ande ERI; transactions and publication agreements with ERI; payments received from ERI; publication agreements with Barney Rosset, the Estate of Barney Rosset, and with Astrid Myers Rosset; role of Oakes at OR Books; ownership of OR Books; duties and obligations to Astrid Myers Rosset regarding certain works previously published or distributed by Foxrock, Inc. and other publishers; agreements between OR Books and ERI, and any ERI Board Member, Officer, or Key Person; use of Barney Rosset name, likeness, trade name or authorization, permission, or consent to allow third parties to use Barney Rosset's name and/or the Rosset name for commercial transactions and advertising by ERI, by Oakes, by OR Books, and /or by third parties. |
| Chantal E. Hyde, née Rosset | Manager/Member, Rosset Family Legacy Holdings LLC | c/o Smallman + Snyder Law Group || Smallman Law PLLC, 43 West 43rd Street, Suite 242, New | Knowledge of the Assets of Rosset Family Legacy Holdings LLC at issue in the Litigation; history of the relationship between and among ERI, Oakes, OR Books, and her father, Barney Rosset and her step-mother Astrid Myers Rosset, and |

Case 1:25-cv-09398-LAP    Document 26-4    Filed 12/12/25    Page 16 of 22

| Name | Position | Contact Information | Information Expected to be Elicited |
|------|----------|---------------------|-----------------------------------|
|  |  | York, NY 10036 | communications by ERI and by Oakes regarding the claims in the Litigation. |
|  |  |  |  |

In addition to the known individuals identified above, there are likely to be other individuals who possess information and/or documents that Plaintiff might rely upon to support its claims in the above captioned action. Plaintiff expressly reserves the right to seek such information and/or documents under the CPLR, Commercial Division Rules, and Part 43 Practices & Procedures, New York Common Law, the N-PCL, New York's FAIR Business Practices Act, applicable rights of publicity statutes in state that recognize postmortem rights of publicity and other applicable law, and reserves the right to identify additional witnesses as discovery progresses.

## II.     DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS

Based upon the information reasonably available to Plaintiff at this time, Rosset Family LLC has attached copies of documents referred to in Plaintiff's Complaint ("Complaint" or "Compl.") (NYSCEF Doc. No. 11) and including the following examples of categories of documents referenced in Plaintiff's Complaint ("Compl.") (NYSCEF Doc. No. 11) within the Bates Nos. range: Plaintiff00001 – Plaintiff002311 (Compl. ¶¶ 1-73):

1.   Standing; Rosset Family LLC as Successor-in-Interest to Barney Rosset Myers Rosset Estate of Barney Rosset ("Estate"), widow of decedent, Astrid Myers Rosset and executor of Estate and beneficiary of as Charitable Donors; Right to Enforce Charitable Donation Restrictions. (Compl. ¶¶ 1-9, 40-72):

2. Formation and Purpose of Evergreen Review Inc. as Foundation and Application of Oakes and ERI of intent to terminate private foundation status under IRC Section 507(b)(1)(B) and become a public charity on July 16, 2018 and IRS notification to "The Evergreen Review" on August 22, 2023 of reclassifcation as of January 1, 2018 as a public charity under IRC Section 170(b)(1(A)(vi) and requirement to comply with recordkeeping, reporting and disclosure requirements as a tax-exempt organization; ERI IRS Form 1023 Activities and Operational Information (1997); CHAR410 and ERI Rider to CHAR410 Charities Registration Statement; ERI CHAR500. (Compl ¶ 4, 8, 9, 14, 34, 39, 40, 42-73).

3. The Last Will and Testament of Barney Rosset and the Estate of Barney Rosset. (Compl. ¶ 10-11).

4. Organization of Rosset Family Legacy Holdings LLC. (Compl. ¶ 1).

5. Fiduciary Duties of Oakes and ERI regarding charitable donations to ERI, agreements entered into with Barney Rosset regarding publication or distribution of works owned or rights controlled by Barney Rosset, Astrid Myers Rosset or the Estate of Barney Rosset, tangible property entrusted to and deliverd to Oakes and to ERI by Barney Rosset, the Estate of Barney, and by Astrid Myers Rosset. (Compl ¶ 24-37)

6. Foxrock, Inc., Foxrock, Inc. book titles, and erroneous information in 2012 and later Board Minutes regarding Foxrock, Inc. and purported donations .(Compl. ¶ 22-26).

7. USPTO filings by Oakes and prior USPTO filings by Grove Press, Inc. for the mark "Evergreen," federal registration of the Evergreen mark in use by Barney Rosset prior to 1964, and subsequently renewed by Grove/Atlantic in 1984, 2005, and subsequently

allowed to lapse in 2016 following implied license of Evergreen and Evergreen Review marks and goodwill on or about 1997 by Grove/Atlantic. (Compl. (¶40-42)

8. U.S. Copyright Office filings regarding Evergreen Review and works containing content from Evergreen Review issues 1-98 (Compl. (¶40-42)

9. Agreement between FantagraphicsBooks Inc. and John Oakes in June 2019 as purported "Author" d/b/a "The Evergreen Review," withholding of existence of transaction in apparent bad faith settlement discussions between 2023 and May 7, 2025,and subsequent commercial advertising of that work using the name of decedent Barney Rosset and the Rosset name and other rights of publicity belonging to Rosset Family LLC. (Compl. ¶ 40-58);

10. Evergreen Review, Inc. Rider to CHAR 410 CHARITIES REGISTRATION STATEMENT (Compl. ¶ 8, 9).

11. Implied License; Common. Law Copyright and Common Law Trademark and seniority of use by Barney Rosset and his successors-in-interest. (Compl. ¶. 15-19.);

12. Agreements entered into by Oakes using an assumed name rather than the name required by N-PCL Section 202 and GBL Section 130.  (Compl. ¶ 19, 40-73).

13. Communications: Emails, letters, and memos between Rosset family representatives and Defendants regarding licensing, authorization, or disputes regarding charitable donations by Barney Rosset and Astrid Myers Rosset, permissions, consents, and restrictions upon ERI's use of charitable donations (from 1997 onward). (Compl. ¶ 8, 36, 40).

14. Oakes acquisition of domain names for "Barney Rosset" and efforts to trade them back to Rosset Family LLC, see WIPO filings and 2018 communcations with Astrid Myers Rosset, in return for an EvergreenReview.org domain name expressly not part of the

Case 1:25-cv-09398-LAP     Document 26-4     Filed 12/12/25     Page 19 of 22

purpose of Evergreen Review when it was formed, and which Oakes used to orchestrate Astrid Myers Rosset's removal from the ERI Board in 2018-19.   (Compl. ¶ 8, 16, 36, 40).

Additional documents concerning the above referenced categories and other categories, including specific assignment documents by Astrid Myers Rosset to Rosset Family LLC will be provided following entry of the Stipulation and Order for Production and Exchange of Confidential Information in the above captioned action.

Further in addition, ESI will be produced in a reasonably usable form, consistent with the Commercial Division's Guidelines for Discovery of Electronically Stored Information.

### III.     COMPUTATION OF DAMAGES

Rosset Family LLC claims the following categories of damages, with computations based on information currently available. These computations are preliminary and subject to supplementation as discovery proceeds and expert opinions are obtained.

1. Compensatory Damages for Conversion/Unauthorized Use/Misappropriation/Unjust Enrichment/Bad Faith Breach of the Implied Covenant of Good Faith and Fair Dealing; deceptive trade practices and unfair competition claims, violoation of postmortem publicity rights owned and controlled by Rosset Family LLC under applicable Virginia law and California law; breach of fiducary duties.  Computation:  Measured by the value of the object of the action based upon the request for judicial intervention's Commercial Division addendum and the allegations contained in the operative pleadings at the time Commercial Division assignment is sought, which means the value of the intended benefit in the above captioned action,  the value of the rights being protected, and the value of the injury being averted, whichever is greatest,  based on unpaid royalties or licensing fees for use and exploitation of the Evergreen Review mark and exploitation of other Assets as set

forth in the Complaint in the Litigation from the time that Oakes first became a member of the Board of Directors of ERI in 2011 and was entrusted with property and intellectual property, and related rights currently owned or controlled by Rosset Family LLC and enforceable by Rosset Family LLC against Oakes and OR Books, ERI and its Board Members, Officers, Key Persons, and their Affiliates pursuant to New York Common Law and N-PCL § 715 and § 720; Postmortem rights of publicity pursuant to, inter alia, Va. Code § 8.01-40 Unauthorized use of name or picture of any person; punitive damages; statute of limitations. *See generally* Sharon L. Klein and Jenna M. Cohen, The Post-Mortem Right of Publicity: Defining It, Valuing It, Defending It and Planning for It, ACTEC Law Journal. Vo. 48: No. 1, Article 8.; Loren Cheri Shokes, Life Aafter Death: How to Protect Artists' Post-Mortem Rights, 27 Harv. J. of Sports & Entertainment, Vol 9 (2018).

Damages: $10 Million.

2. Additional categories: lost Profits; reasonable royalty; market value analysis.

3. Damages for Common Law Trademark Infringement/Unfair Competition, unauthorizedd use and appropropriation of the trade name Barney Rosset and Rosset: Estimated as the value of Defendants' profits attributable to unauthorized use and dilution of Plaintiff's marks and arising from the sale or licencing of motion picture, televvision, radio, dramatic, musical, video, electornic, and/or merchandising adaptations based substantially on . Computation: Defendants' reported revenues from Evergreen Review publications and events adjusted for infringing portion: Damages: Exceeding $1 Million.

4. Faithless Servant damages arisindg from breach of fiduciary duties owed to Rosset Family LLC arising from unauthorized use of property and intellectual property entrusted to Oakes, to ERI, and to OR Books, requiring disgorgement. Damages: Subject to equitable accounting.

5. Punitive Damages: To be determined, but sought where applicable for willful infringement, and based upon recent judgments for analagous conduct in cases in the Supreme Court of New York, New York Court, Commercial Division, not less than $1,000,000.

6. Attorneys' Fees and Costs: Ongoing; currently estimated to exceed $100,000 through trial and any appeals, pursuant to applicable statutes or contract provisions.

Estimated Damages: at least $500,000 (exclusive of interest, costs, and punitive damages). Supporting documents include financial statements, expert valuations, and market analyses, which will be produced in discovery.

## IV.    INSURANCE AGREEMENTS (PURSUANT TO CPLR § 3101(F))

Defendant ERI has denied that is has any insurance coverage but has disclosed whether its Board Members, Officers, Key Persons, or Affiliates have any insurance coverage      . Plaintiff reserves the right to supplement this disclosure if any such agreements are identified.

Plaintiff does not have insurance coverage applciable to the Litigation.

Dated: August 13, 2025
New York, New York


By: *David Brian Smallman*
David Brian Smallman, Esq.
43 West 43rd Street, Suite 242
New York, NY 10036-7424

20

Case 1:25-cv-09398-LAP    Document 26-4    Filed 12/12/25    Page 22 of 22

Tel. 1.917.414.0182
dbs@smallmanlaw.com

*Counsel for Plaintiff Rosset Family
Legacy Holdings LLC*