# EXHIBIT F

SMALLMAN + SNYDER LAW GROUP | | SMALLMAN LAW PLLC
43 WEST 43RD STREET, SUITE 242
NEW YORK, NY 10036

———

*Direct Contact:*
**David B. Smallman**
+1.917.414.0182 (t)
1.212.202.5200 (f)
dbs@smallmanlaw.com
DavidBrian@DBSLawPLLC.com
=
SMALLMAN LAW PLLC

———

**VIA e-File on NYSCEF and E-Mail**     27  May 2025
SFC-Part43@nycourts.gov

Re:   *Rosset Family Legacy Holdings LLC v. John G.H. Oakes, et al.,* Index No. 655197/2024.

Hon. Robert R. Reed, Justice
Supreme Court of the State of New York
Commercial Division
60 Centre Street, Courtroom 222
New York, NY 10007

Dear Justice Reed:

Plaintiff Rosset Family Legacy Holdings LLC ("Rosset Family LLC") submits this letter in advance of today's scheduled Preliminary Conference in the above-captioned action pursuant to Part-43 Practices and Procedures ("Part Rule") 6(c) and Part Rule 6(h), which references Commercial Division Rule 14.

Counsel for all parties consulted on May 20, 2025 in accordance with Part Rule 8(a). Defendants' position regarding the items set forth in Part Rule 8(a) was as follows:

Defendants John G.H. Oakes ("Oakes"), Evergreen Review, Inc. ("ERI"), and OR Books LLC  (OR Books") filed motions to dismiss Plaintiff's Complaint on May 9, 2025 (NYSCEF Doc. Nos. 20, 28) including under New York State's Anti-SLAPP provisions, CPLR §§ 3211(a)(7), (g) and N.Y. Civil Rights Law §§ 70-a and 76-a. Pursuant to CPLR § 3211(g)(3), "[a]ll discovery, pending hearings, and motions in the action shall be stayed upon the filing of a motion made pursuant to this section[, and] [t]he stay shall remain in effect until notice of entry of the order ruling on the motion."

Plaintiff's position was as follows:

-2-
27 May 2025

      Plaintiff Rosset Family LLC intends to file an amended complaint as of right on or prior to 29 May 2025, pursuant to CPLR 3025, that, *inter alia*, asserts statutory claims under New York State Not-For-Profit Corporation Law ("N-PCL") in addition to the common law claims in the original Complaint, and which will also name additional defendants; and that pursuant to Part Rule 6(i), "The filing of a dispositive motion does not stay discovery"; that New York State's Anti-SLAPP provisions, N.Y. Civil Rights Law, and CPLR § 3211(g)(3) are inapposite to the claims at issue brought by Plaintiff as the successor-in-interest to the founding donors of Defendant ERI, which, as a charitable dual organization pursuant to Article 7-A of the Executive Law and Section 8-1.4 of the Estates Powers and Trusts Law ("EPTL"), is regulated by the New York State Department of Law (Office of the Attorney General) Charities Bureau.

      Because the parties could not agree on a discovery schedule given the dispute set forth above, and because the information required under Commercial Division Rule 8 will not be available until Plaintiff completes and files its amended complaint on or prior to May 29, 2025, it is Plaintiff's understanding that prior to filing a Commercial Division Rule 11(a) statement and accompanying letter pursuant to Part Rule 6(c), that pursuant to Part Rule 6(h), "the parties should proceed in accordance with Commercial Division Rule 14." Further pursuant to Part Rule 6(h), "the parties shall coordinate to make a single [Commercial Division" Rule 14 submission to chambers . . . containing both the initial letter and any responsive letter(s) . . . ."

      Respectfully submitted,

      Smallman + Snyder Law Group || Smallman Law PLLC

      By: *David Brian Smallman*
          David Brian Smallman
      Smallman & Snyder Law Group ||
        Smallman Law PLLC
      43 West 43rd Street, Suite 242
      New York, NY 10036
      dbs@smallmanlaw.com

      *Co-counsel to Plaintiff Rosset Family Legacy Holdings LLC*

cc: All Counsel