IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Rosset Family Legacy Holdings LLC,

Plaintiff,

v.

JOHN G. H. OAKES, EVERGREEN REVIEW, INC., a New York Domestic Not-For-Profit Corporation, JOHN TROUBH, PAUL CHAN, CHARLES PALELLA, PATRICIA L. IRVIN, DALE PECK, VYJAYANTHI RAO, PAMELA ROSENTHAL, OR BOOKS LLC, a New York Limited Liability Company, COLIN ROBINSON, FANTAGRAPHICS BOOKS, INC., a Washington Corporation, GARY GROTH, LYNN EMMERT, and PAT THOMAS,

Defendants.

Civil Action No. 1:25-cv-09398-LAP

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

## TABLE OF CONTENTS


Table of authorities ........ ii

Introduction ........ 1

Background ........ 3

Argument ........ 5

I. Plaintiff's copyright-related claims are removable to federal court. ........ 5

A. Plaintiff's unjust enrichment and declaratory-judgment claims are completely preempted by the Copyright Act. ........ 5

1. Plaintiff's claim for unjust enrichment is completely preempted by the Copyright Act. 6

2. Plaintiff's declaratory judgment claim is completely preempted by the Copyright Act. 9

B. Plaintiff's requested remedies concerning ownership of the Evergreen Review copyrights require construction of the Copyright Act. ........ 12

II. Plaintiff's trademark-related claims arise under federal law. ........ 13

III. The Court has supplemental jurisdiction over the remaining claims. ........ 16

IV. Removal was procedurally effective. ........ 19

V. Plaintiff is not entitled to attorneys' fees and costs. ........ 21

Conclusion ........ 21

## TABLE OF AUTHORITIES

**Page(s)**

***Cases***

*Adina's Jewels, Inc. v. Shashi, Inc.*,
442 F. Supp. 3d 766 (S.D.N.Y. 2020) ........ 8

*AMTAX Holdings 227, LLC v. CohnReznick LLP*,
136 F.4th 32 (2d Cir. 2025) ........ 6

*Asset Co IM Rest, LLC v. Katzoff*,
2025 WL 919489 (2025) ........ 17

*Bad Frog Brewery, Inc. v. N.Y. State Liquor Auth.*,
134 F.3d 87 (2d Cir. 1998) ........ 16

*Bassett v. Mashantucket Pequot Tribe*,
204 F.3d 343 (2d Cir. 2000) ........ 12

*Bastidas ex rel. JGAB, Inc. v. Garcia*,
2024 WL 273395 (N.Y. Sup. Ct. Jan. 23, 2024) ........ 17

*Beneficial Nat'l Bank v. Anderson*,
539 U.S. 1 (2003) ........ 5

*Bourne v. Walt Disney Co.*,
68 F.3d 621 (2d Cir. 1995) ........ 11

*Briarpatch Ltd., v. Phoenix Pictures, Inc.*,
373 F.3d 296 (2d Cir. 2004) ........ 5, 6, 7, 9, 10

*Broder v. Cablevision Sys. Corp.*,
418 F.3d 187 (2d Cir. 2005) ........ 8

*Castellano v. Bd. of Trs. of Police Officers' Variable Supplements Fund*,
937 F.2d 752 (2d Cir. 1991) ........ 16

*Champion v. Moda Operandi, Inc.*,
561 F. Supp. 3d 419 (S.D.N.Y. 2021) ........ 17

*City of Chicago v. Int'l Coll. of Surgeons*,
522 U.S. 156 (1997) ........ 16, 17

*D'Arezzo v. Appel*,
2023 WL 5020344 (S.D.NY. May 31, 2023) *report & recommendation adopted* 2023 WL 4362989 (S.D.NY. July 6, 2023) ........ 17

*Davis v. Blige*,
505 F.3d 90 (2d Cir. 2007)........ 11, 13

*El Paso Nat. Gas Co. v. Neztsosie*,
526 U.S. 473 (1999)........ 5

*Eric Adams 2025 v. N.Y.C. Campaign Fin. Bd.*,
790 F. Supp. 3d 170 (E.D.N.Y. 2025) ........ 14

*Eyal R.D. Corp. v. Jewelex N.Y. Ltd.*,
784 F. Supp. 2d 441 (S.D.N.Y. 2011)........ 8

*Graham v. James*,
144 F.3d 229 (2d Cir. 1998)........ 11

*ITC Ltd. v. Punchgini, Inc.*,
880 N.E.2d 852 (N.Y. 2007)........ 15

*Jackson v. Roberts (In re Jackson)*,
972 F.3d 47 (2d Cir. 2020)........ 6, 9

*Jasper v. Bovina Music, Inc.*,
314 F.3d 42 (2d Cir. 2002)........ 13

*Jones v. Ford Motor Credit Co.*,
358 F.3d 205 (2d Cir. 2004)........ 19

*Kleinman v. Elan Corp.*,
706 F.3d 145 (2d Cir. 2013)........ 12, 15

*Martin v. Franklin Cap. Corp.*,
546 U.S. 132 (2005)........ 21

*Merchant v. Levy*,
92 F.3d 51 (2d Cir. 1996) ........ 12

*Neurorepair, Inc. v. Nath Law Group*,
781 F.3d 1340 (Fed. Cir. 2015)........ 5

*POM Wonderful LLC v. Coca-Cola Co.*,
573 U.S. 102 (2014)........ 15

*Prod. Liab. Litig.*,
399 F. Supp. 2d 340 (S.D.N.Y. 2005) .......... 19

*RBCI Holdings, Inc. v. Drinks Ams. Holdings, Ltd.*,
2008 WL 759339 (2008) .......... 14

*Red Apple Media, Inc. v. Batchelor*,
636 F. Supp. 3d 468 (S.D.N.Y. 2022) .......... 5, 7

*Roberts v. BroadwayHD LLC*,
518 F. Supp. 3d 719 (S.D.N.Y. 2021) .......... 7

*Royal Canin U.S.A., Inc. v. Wullschleger*,
604 U.S. 22 (2025) .......... 6

*Ryan v. Volpone Stamp Co.*,
107 F. Supp. 2d 369 (S.D.N.Y. 2000) .......... 13, 14

*Silverstein v. Penguin Putnam, Inc.*,
522 F. Supp. 2d 579 (S.D.N.Y 2007) .......... 7

*Sternklar v. Sternklar-Worenklein*,
2024 N.Y. Misc. LEXIS 22578 (N.Y. Sup. Ct. Nov. 25, 2024) .......... 17

*T.B. Harms Co. v. Eliscu,*
339 F.2d 823 (2d Cir. 1964) .......... 10, 12

*Vera v. Saks & Co.*,
335 F.3d 109 (2d Cir. 2003) .......... 12

*We Shall Overcome Found. v. Richmond Org., Inc. (TRO Inc.)*,
221 F. Supp. 3d 396 (S.D.N.Y. 2016) .......... 10

***Statutes***

15 U.S.C. § 1115 .......... 14

15 U.S.C. § 1127 .......... 14

17 U.S.C. § 102 .......... 5, 6

17 U.S.C. § 102(a) .......... 7, 9

17 U.S.C. § 102(a)(1) .......... 7

17 U.S.C. § 103 .......... 5, 6, 9

17 U.S.C. § 106 .......... 6, 7

17 U.S.C. § 106(3) .......... 7

17 U.S.C. § 106(5) .......... 7

17 U.S.C. § 204 .......... 11, 13

17 U.S.C. § 204(a) .......... 13

17 U.S.C. § 301 .......... *passim*

17 U.S.C. § 301(a) .......... 11

17 U.S.C. § 504(b) .......... 12

28 U.S.C. § 1338(a) .......... 13

28 U.S.C. § 1367(c)(1) .......... 16

28 U.S.C. § 1367(c)(2) .......... 17

28 U.S.C. § 1441(c)(2) .......... 18

28 U.S.C. § 1446(a) .......... 19

28 U.S.C. § 1446(b)(3) .......... 20

28 U.S.C. § 1447(c) .......... 21

28 U.S.C. § 1454 .......... 5

N.Y. C.P.L.R. § 3001 .......... 14

## INTRODUCTION

In November of last year, almost a full year into this litigation, Plaintiff amended its complaint to include, for the first time, claims that Defendants violated Plaintiff's copyrights and that Defendants hold and registered invalid federal trademarks. Although Plaintiff styled those claims as contract, quasi-contract, and declaratory judgment claims under state law, case law from within this Circuit makes plain that they are federal claims. The copyright claims arise under, and are thus completely preempted by, the Copyright Act, and the trademark claims arise under the Lanham Act. Plaintiff now seeks remand, relying almost entirely on the fact that it did not style its claims under the Copyright or Lanham Act. But that does not matter. What matters is the claims' essence. And here, the essence of the operative complaint's copyright claims is that Defendants should pay Plaintiff money for infringing its federally protected intellectual property rights. Likewise, its federal trademark claims seek to invalidate federally protected trademarks. Those claims cannot be asserted in state court. This Court should accordingly deny Plaintiff's motion.

First, Plaintiff's copyright-related claims are removable because they are completely preempted by the Copyright Act and, independently, because they seek to vindicate rights that the Copyright Act protects. Plaintiff's unjust enrichment claim seeks disgorgement of profits derived from Defendants' allegedly unauthorized use and exploitation of copyrighted works—rights protected exclusively by the Copyright Act. That claim satisfies both prongs of the Second Circuit's *Briarpatch* test and is therefore transformed, as a matter of law, into a federal copyright claim. Plaintiff's declaratory judgment claim fares no better. Plaintiff asks the Court to declare that it owns the copyrights in the Evergreen Review by virtue of an implied license and that Defendants lack competing rights. Claims seeking declarations of copyright ownership and scope fall squarely within the Copyright Act's heartland and are likewise completely preempted.

Second, Plaintiff's trademark-related claims arise under federal law. The Amended Complaint seeks declarations that a federally registered trademark is invalid and that it is subject to cancellation for fraud on the USPTO. These are federal trademark remedies. Plaintiff's invocation of New York's declaratory-judgment statute is immaterial; that statute merely provides a procedural vehicle for the claim. The substance of the relief sought is what matters, and here Plaintiff asks the Court to adjudicate the validity of a federal trademark registration. Federal courts have original jurisdiction over such claims as Plaintiff itself recognizes.

Third, the Court has supplemental jurisdiction over the remaining state-law claims because they arise from a common nucleus of operative fact: Defendants' alleged use and exploitation of intellectual property that Plaintiff claims to own. These claims do not raise novel or complex issues of state law; federal courts routinely resolve such claims. Nor do the state claims substantially predominate over the federal claims. To the contrary, resolving Plaintiff's alleged federal intellectual-property rights will necessarily inform the adjudication of the related state-law claims.

Fourth, removal was procedurally proper and timely. Defendants attached all required documents to their operative notice of removal. Defendants also removed the action within days of Plaintiff's filing of its Amended Complaint, which was the first pleading to make the case removable.

Finally, because Defendants had an objectively reasonable basis for removal grounded in binding precedent, Plaintiff is not entitled to attorneys' fees or costs. Defendants removed this case promptly and in good faith after Plaintiff amended its complaint to include federal copyright and trademark claims.

## BACKGROUND

In September 2024, Plaintiff sued Defendants[1] in the Supreme Court of the State of New York, New York County. *See* Dkt. No. 9-1. Plaintiff's original complaint asserted claims for equitable accounting, constructive trust, conversion, unjust enrichment, and breach of fiduciary duty. *See* Dkt. No. 9-2 ¶¶ 42-73.

When Defendants moved to dismiss the original complaint in May 2025, Plaintiff claimed that it would soon be amending the complaint. *See* Dkt. No. 17-1. Yet Plaintiff did not do so. Despite repeated promises over the next five months (*see, e.g.*, Dkt. No. 17-2), Plaintiff did not amend until November 5, shortly *after* the court-ordered deadline to do so. *See* Dkt No. 9-13 (state court ordering Plaintiff to amend its complaint by November 4, 2025); Dkt. No. 9-3 (Amended Complaint filed on November 5, 2025).

Plaintiff's Amended Complaint adds new claims, including, for the first time, claims that Defendants violated Plaintiff's federally protected copyrights and claims that seek to invalidate Defendants' federal trademarks.[2] *See* Ex. A. The Amended Complaint alleges defendant Fantagraphics Books published a book about the Evergreen Review under the title *Evergreen Review: Dispatches from the Literary Underground: Covers & Essays 1957-1973* ("Fantagraphics

---

[1] "Defendants" in this Opposition to Plaintiff's Motion to Remand refer to all properly joined and served Defendants: Evergreen Review, Inc.; John G.H. Oakes; and OR Books LLC.

[2] Plaintiff originally filed its amended and supplemental complaint on November 5, 2025. Am. Notice of Removal, Ex. C, Dkt. No. 9-3. Plaintiff then filed a further corrected amended and supplemental complaint on November 6, 2025. Am. Notice of Removal, Ex. D, Dkt. No. 9-5. On November 25, 2025, Plaintiff refiled its further corrected amended and supplemental complaint. Ex. A ("Amended Complaint" or "Am. Compl."). The only change from the further corrected amended and supplemental complaint filed on November 6, 2025, to the Amended Complaint filed on November 25, 2025, appears to be the docket number listed in the caption. *Compare* Corrected Am. & Suppl. Compl. at 1, *with* Am. Compl. at 1. References in this Opposition to the Amended Complaint refer to the version Plaintiff filed on November 25, 2025.

book"), supposedly in violation of Plaintiff's copyright rights. *Id.* ¶¶ 12, 20, 93, 176. Plaintiff also alleges Mr. Oakes filed a 2020 federal trademark registration application with the United States Patent and Trademark Office for the mark "Evergreen Review" in violation of Plaintiff's trademark rights. *Id.* ¶¶ 15, 20, 142. Based on these allegations, the Amended Complaint brings new claims that include a request for declaratory judgment that Plaintiff owns certain copyrights and trademarks and for unjust enrichment based on Defendants' "unauthorized use of" and "unauthorized exploitation" of those copyrights and trademarks by publishing and distributing the Fantagraphics book, new online Evergreen Review content, and other promotional materials. *Id.* ¶¶ 183-269. The new claims also request a declaration that the 2020 federal trademark registration is invalid. *Id.* ¶ 211.

Defendants removed this action five days after Plaintiff amended its complaint.[3] The notice of removal explained this case was removable because the copyright and trademark claims fall within this Court's original jurisdiction (and, in the case of the copyright-related claims, this Court's *exclusive* original jurisdiction), and the Court can exercise supplemental jurisdiction over the state-law claims because they share a common nucleus of fact with the federal claims. Am. Notice of Removal ¶¶ 4-16.

---

[3] Defendants amended their notice of removal to correct the inadvertent omission of three state court orders from the Notice of Removal. Letter, Dkt. No. 7; Am. Notice of Removal, Dkt. No. 8; Am. Notice of Removal, Dkt. No. 9. Defendants cite the Amended Notice of Removal filed on November 18, 2025, throughout this brief as "Am. Notice of Removal."

## ARGUMENT

### I. Plaintiff's copyright-related claims are removable to federal court.

#### A. Plaintiff's unjust enrichment and declaratory-judgment claims are completely preempted by the Copyright Act.

The Copyright Act completely preempts the Amended Complaint's two copyright-related claims: the unjust enrichment claim and the declaratory-judgment claim. It does not matter that the Amended Complaint couches these claims as arising under New York state law. A state-law claim, the Supreme Court has explained, "is in reality based on federal law"—and thus "may be removed to federal court"—"when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). In other words, complete federal preemption "transforms" a state-law action "into a federal action" removable to federal court. *El Paso Nat. Gas Co. v. Neztsosie*, 526 U.S. 473, 484 (1999). And "copyright is one of a handful of areas where . . . Congress is considered to have 'completely preempted' analogous state-law claims." *Red Apple Media, Inc. v. Batchelor*, 636 F.Supp.3d 468, 471 (S.D.N.Y. 2022) (quoting *Briarpatch*, 373 F.3d at 305).[4]

To determine whether the "[t]he Copyright Act exclusively governs a claim," a court asks whether "(1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103, and (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights

[4] Plaintiff's argument (Mot. 15) that 28 U.S.C. § 1454 does not create jurisdiction where none exists is besides the point. Defendants do not rely on § 1454 to expand what it means for a claim to "arise under" federal law, but as a removal mechanism once that standard is met. *See* Am. Notice of Removal ¶ 4. Plaintiff's citation to *Neurorepair, Inc. v. Nath Law Group*, 781 F.3d 1340 (Fed. Cir. 2015), is inapposite: the court there found "federal jurisdiction is lacking" over state law legal malpractice claims involving patent attorneys. *Id.* at 1348. Here, Plaintiff asserts copyright and trademark claims that arise under federal law, including because they seek to vindicate rights protected under the Copyright and Lanham Acts. Section 1454 thus permits their removal to this Court.

already protected by copyright law under 17 U.S.C. § 106." *Briarpatch*, 373 F.3d at 305; *accord Red Apple Media*, 636 F.Supp.3d at 472-73. Put another way, in evaluating preemption, a court asks whether "the gravamen of the claim and the allegations supporting it" seeks to "vindicate" the rights that the Copyright Act protects. *Jackson v. Roberts (In re Jackson)*, 972 F.3d 47-48 (2d Cir. 2020) (quotation marks omitted), *cited in* Mot. 15. For both the unjust enrichment claim and the declaratory-judgment claim, the answer to these questions is yes.[5]

1. **Plaintiff's claim for unjust enrichment is completely preempted by the Copyright Act.**

The first prong of the *Briarpatch* test is satisfied because the "particular work[s] to which the claim is being applied fall[] within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103." 373 F.3d at 305. The unjust enrichment claim seeks "restitution/disgorgement of all profits derived from [the] unlawful exploitation" and "unauthorized use of . . . intellectual property retained and owned by Plaintiff," namely the copyrights associated with the "the print versions of the Evergreen Review issues 1 through 98,"

[5] Plaintiff asserts (Mot. 9) that *Royal Canin* and *AMTAX* confirm that plaintiffs may confine their claims to state law. But Plaintiff has not confined its claims to state law, so neither case supports Plaintiff's motion. In *Royal Canin*, the plaintiff amended its complaint after removal to "eliminate[] the federal-law claims that enabled removal" and the Court held that "[w]hen a plaintiff amends her complaint *following* her suit's removal, a federal court's jurisdiction depends on what the new complaint says." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025) (emphasis added). Here, however, Plaintiff has not amended its complaint *after* removal. In *AMTAX*, the Second Circuit reviewed whether the plaintiff's state-law claims raised a "significant federal issue" to warrant federal jurisdiction because those claims implicated provisions of the federal Tax Reform Act of 1986. *AMTAX Holdings 227, LLC v. CohnReznick LLP*, 136 F.4th 32, 35, 38 (2d Cir. 2025). Here, the grounds for removal are *complete preemption* under the Copyright Act and the assertion of claims that arise under the Copyright and Lanham Acts. Those claims are thus properly characterized as federal claims, even though Plaintiff purports to assert them under state law. The *AMTAX* test, which considers whether a *state-law* claim can nevertheless be grounds for removal, does not apply. And even if *AMTAX* applied, the claims here *would* implicate significant federal issues because the Copyright Act completely preempts them and because they require the Court to interpret federal copyright and trademark law such that federal jurisdiction is appropriate under *T.B. Harms* and similar cases. *See supra* Points I.B, II.

Am. Compl. ¶ 28, which Plaintiff claims are used in the Fantagraphics book. These print versions of the Evergreen Review and the Fantagraphics book fall within the type of works protected by 17 U.S.C. §§ 102(a) and 103 as "literary works" and "compilations" of "literary works." *See* 17 U.S.C. § 102(a)(1) (protecting literary works); § 103 (protecting compilations); *see also*, *e.g.*, *Silverstein v. Penguin Putnam, Inc.*, 522 F. Supp. 2d 579, 608 (S.D.N.Y 2007) (holding that compilation of poems satisfied the first *Briarpatch* prong).

The second *Briarpatch* prong is likewise satisfied. Plaintiff's unjust enrichment claim "seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights protected by copyright law under 17 U.S.C. § 106." *Briarpatch*, 373 F.3d at 305. Plaintiff concedes that it is seeking to vindicate its rights to "publish or plan[] to publish materials, such as the [Fantagraphics book], which uses the Copyrights without authorization." Am. Compl. ¶ 93. Those "exclusive rights" to "reproduce the copyrighted work in copies," and "distribute copies . . . of the copyrighted work" are ones that the Copyright Act protects. 17 U.S.C. § 106(3), (5). And Plaintiff "seeks to vindicate [Plaintiff's] right to control the copying [and] distribution" of the allegedly copyrighted works by suing to recover the money that Defendants allegedly made from reproducing and distributing those works. *Roberts v. BroadwayHD LLC*, 518 F.Supp.3d 719, 734 (S.D.N.Y. 2021).

The Second Circuit has thus held that when a plaintiff asserts an unjust enrichment claim to recover funds earned through conduct that "would, in and of itself, infringe" rights protected under the Copyright Act, the claim seeks to vindicate an "equivalent right" to one that can be vindicated under the Act. *Briarpatch*, 373 F.3d at 306-07 (quotation marks omitted); *see also Red Apple Media*, 636 F. Supp. 3d at 474 (concluding that unjust enrichment claim was completely preempted because it "relates to [defendants'] profiting from their use of content they allegedly

had no right to use because of [plaintiff's] exclusive ownership"). Accordingly, such a claim "falls squarely within the ambit of 17 U.S.C. § 106 of the Copyright Act, because it is simply alleging harms arising from alleged [unauthorized use]." *Adina's Jewels, Inc. v. Shashi, Inc.*, 442 F. Supp. 3d 766, 773 (S.D.N.Y. 2020) (cleaned up) (quoting *Eyal R.D. Corp. v. Jewelex N.Y. Ltd.*, 784 F.Supp.2d 441, 448 (S.D.N.Y. 2011)).

Plaintiff's argument in its motion only underscores that removal is proper. Plaintiff says (Mot. 2) that Defendants "attempt to isolate the portion of Plaintiff's unjust enrichment count that seeks restitution of 'profits derived from exploitation of intellectual property retained and owned by Plaintiff' and to treat that strand as a disguised copyright claim." Plaintiff is mostly correct. Although the Amended Complaint presents a single unjust enrichment "count"—styled as its "Tenth Cause of Action"—context makes clear that this single count "may be understood to encompass more than one 'claim.'" *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005). Indeed, this count seeks to make Plaintiff whole for Defendants alleged "unauthorized use" of (1) "Barney Rosset's identity," (2) "charitable donations," (3) "charitable gifts," (4) "all other property . . . retained and owned by [Plaintiff]," and (5) "intellectual property retained and owned by [Plaintiff]." Am. Compl. ¶ 258. These are not "multiple theories that could support a particular claim." *Broder*, 418 F.3d at 194. They are instead statements of distinct "benefits" that Defendants allegedly improperly "retain[ed]" through distinct, allegedly wrongful acts (of which the unauthorized use of copyrighted materials is just one), Am. Compl. ¶ 258, each of which Plaintiff seeks to recover for, *see id.* ¶ 259. They are therefore properly viewed as distinct standalone claims based on different theories. The unjust enrichment claim that the Copyright Act completely preempts is only the claim that Defendants allegedly retained unlawful benefits from the copyrights that Plaintiff claims to own. Am. Notice of Removal ¶ 7.

Plaintiff's fallback argument is even farther off the mark. Plaintiff claims (Mot. 12) that its fiduciary duty, charitable gift, and governance claims are "not preempted" because they contain a "duty element" that copyright infringement claims lack. But Defendants have never asserted that any of those claims is completely preempted. They assert instead that these claims are subject to supplemental jurisdiction. *See* Am. Notice of Removal ¶¶ 15-17. Plaintiff's argument that those claims arise under state law thus takes aim at a strawman.

Finally, Plaintiff is wrong in contending (Mot. 15-17) that because its unjust enrichment claim seeks to restore a benefit to a New York not-for-profit corporation, *Briarpatch* does not apply. To be sure, when a claim seeks to vindicate a right that the Copyright Act does not protect—such as the right not to have "the plaintiff's identity" invoked in a copyrighted work—then there is no preemption. *Jackson*, 972 F.3d at 47. But here, the right Plaintiff's unjust enrichment claim seeks to vindicate is the right against "unauthorized exploitation," Am. Compl. ¶ 197, and "unauthorized use" of Plaintiff's *copyrights*, *id.* ¶ 182. *See supra* pp. 7–8. It does not matter that the disgorgement Plaintiff seeks might ultimately benefit New York. And Plaintiff cites no case saying that it does.

### 2. Plaintiff's declaratory judgment claim is completely preempted by the Copyright Act.

Plaintiff's declaratory judgment claim is likewise completely preempted. That claim "seeks a declaration that [Plaintiff] is the owner, by implied license, of the copyrights in the print versions of the Evergreen Review issues 1 through 98." Am. Compl. ¶ 28. As explained above, the first prong of the *Briarpatch* test is met because the Evergreen Review issues fall within the purview of 17 U.S.C. §§ 102(a) and 103.

The second prong is met too because this claim "simply seeks a declaration that [Defendants] ha[ve] no rights in" the copyrighted works. *Briarpatch*, 373 F.3d at 307. Plaintiff

asks the Court to rebuff Defendants' "assert[ion]" of "competing ownership or rights over the . . . Copyrights," Am. Compl. ¶ 94, by declaring that Plaintiff has the right to "use, sublicense, and donate the[m]," *id.* ¶ 190. Such a claim regarding allegedly disputed ownership of copyrights falls within the Copyright Act's heartland and is thus completely preempted. *See Briarpatch*, 373 F.3d at 307 (calling complete preemption analysis for a similar declaratory judgment claim "straightforward" and concluding that the claim "is preempted"); *see also We Shall Overcome Found. v. Richmond Org., Inc. (TRO Inc.)*, 221 F.Supp.3d 396, 410 (S.D.N.Y. 2016) ("[A] claim for declaratory judgment regarding exclusive rights within the scope of copyright is equivalent to a copyright claim, and thus is preempted" (citing *Briarpatch*, 373 F.3d at 307)).

Plaintiff cannot sidestep this conclusion by asserting (Mot. 13) that it is seeking "a state-law declaration" that Plaintiff "holds certain rights in the *Evergreen* literary and trademark legacy." As the Amended Complaint makes clear, the "certain rights" include Plaintiff's "owner[ship], by implied license, of the copyrights in the print versions of the Evergreen Review issues 1 through 98." Am. Compl. ¶ 28. And under *Briarpatch*, the Copyright Act completely preempts a claim for a "state-law declaration" that the plaintiff owns a copyright. *See* 373 F.3d at 307.

Nor does the case law Plaintiff cites (Mot. 14) support its assertion that the declaratory-judgment claim arises under state law. In Plaintiff's lead case, *T.B. Harms Co. v. Eliscu,* the Second Circuit concluded that it lacked subject-matter jurisdiction over a claim that turned on the "crucial" question whether the defendant had signed the contract purporting to transfer a copyright to the plaintiff. 339 F.2d 823, 827 (2d Cir. 1964). Because that factual question was purely contractual and did not "require[] an interpretation of the Copyright Act," the case presented no federal

question.[6] *Id.* Here, in contrast, Plaintiff's claims require construction of the Copyright Act because, at a minimum, they require the Court to interpret Copyright Act § 204, which lays out the requirements under federal law for assigning a copyright. *See* Am. Notice of Removal ¶¶ 9-12. Plaintiff even acknowledges that, to determine whether its license is valid, the Court must construe the Act's provision on assignment. *Id.* (citing 17 U.S.C. § 204); *see also infra* Point I.B.

Were there any doubt over whether Plaintiff's declaratory-judgment claim presents an issue of federal law, Plaintiff's remand motion dispels it. In that motion, Plaintiff contends that Copyright Act § 204(a) does not apply to the license Plaintiff alleges, because that license is nonexclusive. *See* Mot. 14 (citing, e.g., *Graham v. James*, 144 F.3d 229, 236 (2d Cir. 1998)). Yet in so arguing, Plaintiff only underscores that its declaratory judgment claim requires the Court to interpret the Copyright Act to determine whether the license Plaintiff alleges is valid under § 204(a)—just as the Second Circuit did in the cases Plaintiff cites. *See, e.g.*, *Davis v. Blige*, 505 F.3d 90, 107 (2d Cir. 2007) (interpreting § 204(a) in holding that an oral agreement assigning a copyright could not be ratified retroactively), *cited in* Mot. 14. At any rate, it is hardly clear that Plaintiff actually alleges a nonexclusive license, let alone that the license at issue is, in fact, nonexclusive. Although the Amended Complaint at times refers to the license as nonexclusive, at other times it calls the license "exclusive." Am. Compl. ¶¶ 57, 67, 79, 86, 91, 100. Plaintiff cannot scrub those references from its pleading by claiming in its brief that it meant something else. Indeed, courts reject efforts by plaintiffs to "disavow or at least minimize" allegations in the

---

[6] Plaintiff's other cited case, *Bourne v. Walt Disney Co.*, 68 F.3d 621 (2d Cir. 1995), is even farther afield. There, the Second Circuit noted—while discussing the applicable burden of proof in a copyright infringement action—that "[c]opyright disputes involving only the scope of the alleged infringer's license present the court with a question that essentially is one of contract . . . [and] the party claiming a breach carries the burden of persuasion." *Id.* at 631. The court did not indicate that it lacked federal-question jurisdiction over such contract-law-type copyright claims. Rather, the court exercised jurisdiction over the case and resolved the underlying dispute.

complaint that give rise to federal jurisdiction, *Vera v. Saks & Co.*, 335 F.3d 109, 116 n.2 (2d Cir. 2003), and more generally forbid parties to "amend pleadings through a brief," *Kleinman v. Elan Corp.*, 706 F.3d 145, 153 (2d Cir. 2013).

In short, the question whether the alleged license (which may or may not be exclusive) gave the licensee the right to publish the works is a federal one, hinging on an interpretation of the Copyright Act—not a factual question about who signed a contractual assignment, as was the case in *T.B. Harms*. That is all the more reason the claim belongs in this Court.

### B. Plaintiff's requested remedies concerning ownership of the Evergreen Review copyrights require construction of the Copyright Act.

Preemption aside, this Court has original jurisdiction over this action because Plaintiff's claims seek a remedy that the Copyright Act grants and requires the Court to construe the Copyright Act. As the Second Circuit has long recognized, "[e]ven though [a] claim is created by state law, a case may 'arise under' a law of the United States if the complaint discloses a need for determining the meaning or application of such a law." *T.B. Harms*, 339 F.2d at 827. So if a complaint seeks "a remedy expressly granted by the [Copyright] Act" or "asserts a claim requiring construction of the Act," then the claim arises under federal law. *Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 349 (2d Cir. 2000) (quoting *T.B. Harms*, 339 F.2d at 828); *accord Merchant v. Levy*, 92 F.3d 51, 55-56 (2d Cir. 1996). The Amended Complaint does both.

First, the Amended Complaint seeks a remedy granted by the Copyright Act: "all profits derived from" Defendants' allegedly "unlawful exploitation" of the works to which Plaintiff purports to own copyrights. Am. Compl. ¶ 259; *see supra* Point I.A. That is a remedy granted by the Act, which allows a copyright holder to recover "any profits of the infringer that are attributable to the infringement." 17 U.S.C. § 504(b).

Second, Plaintiff's claims require the Court to construe the Copyright Act. Plaintiff's theory is that it rightfully owns the copyrights at issue because the copyrights were transferred to it. *See* Am. Compl. ¶ 99. Plaintiff acknowledges that, to determine whether that transfer was valid, a court must construe the Act's provision on assignment. *Id.* (citing 17 U.S.C. § 204). That provision specifies the conditions for "[a] transfer of copyright ownership, other than by operation of law," to be "valid." 17 U.S.C. § 204(a). By Plaintiff's own pleading, then, the Court will have to "interpret[]" the Copyright Act, meaning that the claim arises under federal law. *Jasper v. Bovina Music, Inc.*, 314 F.3d 42, 46 (2d Cir. 2002) (finding federal jurisdiction over a "contract interpretation case that does present a substantial issue as to whether the contract qualifies as a section 204(a) writing"); *see also Davis*, 505 F.3d at 107-08 (exercising jurisdiction over a case analyzing whether purported transfers were valid under § 204(a)).

Plaintiff's only response (Mot. 14) is that the license at issue is nonexclusive, and thus § 204 does not require a writing—an argument that itself requires the Court to interpret the Copyright Act. *See supra* Point I.A.2. And as explained above (pp. 10-11), the Amended Complaint itself alleges that the license is "exclusive," further undercutting Plaintiff's argument on this score.

## II. Plaintiff's trademark-related claims arise under federal law.

The Court also has subject-matter jurisdiction over the Amended Complaint's trademark-related claims. Federal courts have original—but not exclusive—jurisdiction over "any civil action arising under any act of Congress relating to . . . trademarks." 28 U.S.C. § 1338(a); *see Ryan v. Volpone Stamp Co.*, 107 F. Supp. 2d 369, 375 & n.3 (S.D.N.Y. 2000). In determining whether trademark-related claims arise under federal law, "a court must look to the face of the complaint: federal question jurisdiction exists if the complaint seeks a remedy expressly granted by . . . the

Lanham Act." *RBCI Holdings, Inc. v. Drinks Ams. Holdings, Ltd.*, 2008 WL 759339, at *3 (S.D.N.Y. Mar. 20, 2008) (citing *Volpone*, 107 F.Supp.2d at 376-77).

The Amended Complaint seeks relief granted under the Lanham Act: a declaration that "Grove/Atlantic abandoned the [Evergreen] Mark through nonuse exceeding the three-year presumption under 15 U.S.C. § 1127," Am. Compl. ¶ 187, and a declaration that "the 2020 USPTO trademark application/registration is invalid and subject to cancellation," at least in part due to alleged "fraud on the USPTO (15 U.S.C. § 1115)," Am. Compl. ¶¶ 209, 211. While Plaintiff purports to seek these declarations under New York declaratory judgment law, Am. Compl. ¶¶ 184, 211, that cited rule merely grants the New York courts the authority to "render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy." N.Y. C.P.L.R. § 3001. Where federal rights are involved, federal courts will construe such state-law declaratory judgment claims as though they were pleaded under the federal Declaratory Judgment Act. *See, e.g.*, *Eric Adams 2025 v. N.Y.C. Campaign Fin. Bd.*, 790 F. Supp. 3d 170, 190 (E.D.N.Y. 2025) ("[W]hen plaintiffs bring a claim under § 3001, New York's equivalent to the federal Declaratory Judgment Act, federal courts can charitably construe the claim as one for declaratory judgment pursuant to the Declaratory Judgment Act." (cleaned up)). Accordingly, the statutory vehicle for seeking declaratory relief is beside the point. The key question is what rights the Plaintiff seeks to vindicate. And here, Plaintiff is vindicating its federal trademark rights. Am. Compl. ¶¶ 184-87, 211.

Plaintiff itself acknowledges that its claims are federal. Plaintiff observes (Mot. 18) that "[c]laims to cancel or modify federal registrations are within the exclusive domain of federal courts and the USPTO." While Plaintiff argues such claims are not part of this action, its Amended Complaint says otherwise: it seeks a declaration that the 2020 federal trademark registration is

invalid. *See* Am. Compl. ¶ 211. Plaintiff is wrong to wave away (Mot. 19) its invalidity allegations as mere "background." On the contrary, the very point of the declaratory judgment claim, as it pertains to trademarks, is to declare the 2020 federally registered mark invalid. Am. Compl. ¶ 211. Once again, Plaintiff cannot amend its pleading through briefing. *See Kleinman*, 706 F.3d at 153. Plaintiff pleads a claim challenging the validity of a federal trademark under the federal trademark statute, and that claim gives this Court jurisdiction.

Plaintiff's alleged common-law trademark rights do not remove this Court's jurisdiction over the federal trademark claims it alleges in its Amended Complaint. To the extent Plaintiff holds common-law trademark rights and can seek relief for such rights, such claims fall within this Court's supplemental jurisdiction. *See* Am. Notice of Removal ¶ 16; *see also infra* Point III. Plaintiff's federal trademark claims—those claims seeking declarations regarding the status of federal trademarks, Am. Compl. ¶¶ 187, 209, 211—remain within this Court's original jurisdiction.

The cases Plaintiff cites do not alter the above conclusions. *See* Mot. 19 (citing *ITC Ltd. v. Punchgini, Inc.*, 880 N.E.2d 852 (N.Y. 2007), and *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102 (2014)). *ITC* stands for the unremarkable proposition that a plaintiff may assert federal and state trademark claims in "parallel."[7] 880 N.E.2d at 856. Defendants do not dispute that fact. Defendants instead contend only that Plaintiff's federal trademark claims fall within this Court's original jurisdiction, and that the state trademark claims (meritorious or not) are subject to this Court's supplemental jurisdiction. *See* Am. Notice of Removal ¶ 12.

[7] Plaintiff also cites *POM Wonderful* to support this argument. *See* Mot. 19. That case reviewed "the alleged preclusion of a cause of action under one federal statute by the provisions of another federal statute." *POM Wonderful*, 573 U.S. at 111. Thus, *POM Wonderful* does not inform the relationship between federal and state trademark actions here. Regardless, Defendants do not contest that federal and state trademark claims may coexist in the same action.

## III. The Court has supplemental jurisdiction over the remaining claims.

This Court has supplemental jurisdiction over Plaintiff's remaining state-law claims.[8] Plaintiff's copyright and trademark claims fall within this Court's original jurisdiction as explained above, so "the relevant inquiry respecting the accompanying state claims is whether they fall within [this Court's] supplemental jurisdiction, not its original jurisdiction." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 167 (1997). Plaintiff does not dispute that its state-law claims stem from the same set of facts as its copyright and trademark claims. *See* Am. Notice of Removal ¶ 16. Plaintiff argues instead that exceptions to supplemental jurisdiction apply. Mot. at 20-21. Plaintiff is wrong.

First, the state-law claims do not raise any "novel or complex issue of State law." 28 U.S.C. § 1367(c)(1). Plaintiff argues (Mot. 19-21) its not-for-profit corporate governance claims raise novel and complex issues, but it does not cite any authority that supports its argument. Novel state-law claims are those that involve issues of first impression under state constitutional and statutory law. *See, e.g.*, *Castellano v. Bd. of Trs. of Police Officers' Variable Supplements Fund*, 937 F.2d 752, 758 (2d Cir. 1991) ("It would be, at the very least, imprudent for us to determine a state constitutional claim of first impression."); *Bad Frog Brewery, Inc. v. N.Y. State Liquor Auth.*, 134 F.3d 87, 102 (2d Cir. 1998) (deciding it was appropriate to decline to exercise supplemental jurisdiction over claims involving "difficult issues such as whether the pertinent state constitutional and statutory provisions imply a private right of action for damages, and whether the commissioners might be entitled to state law immunity for their actions"). Not so here. Indeed, courts in this District have repeatedly exercised supplemental jurisdiction over similar claims to

[8] Plaintiff's argument that its purported claim for a "constructive trust . . . seek[s] equitable relief for abuse of nonprofit governance powers and violation of donor restrictions, which the Copyright Act does not regulate," Mot. 13, is irrelevant because the Amended Complaint does not contain a claim for a constructive trust.

those in the Amended Complaint. *See, e.g.*, *Asset Co IM Rest, LLC v. Katzoff*, 2025 WL 919489, at *12, *14 (S.D.N.Y. Mar. 26, 2025) (exercising supplemental jurisdiction over unjust enrichment, fiduciary duty, faithless servant, and breach of promissory note claims); *D'Arezzo v. Appel*, 2023 WL 5020344, at *6 (S.D.N.Y. May 31, 2023) (recommending the court exercise supplemental jurisdiction over state-law claims including for breach of fiduciary duty and for an accounting), *report & recommendation adopted,* 2023 WL 4362989 (S.D.N.Y. July 6, 2023); *Champion v. Moda Operandi, Inc.*, 561 F.Supp.3d 419, 446 (S.D.N.Y. 2021) (exercising supplemental jurisdiction over New York state-law right-of-publicity claims). These cases suggest nothing novel or complex that would preclude this Court's review.

Plaintiff cannot transform its state-law claims into novel or complex ones by observing (Mot. 20) that state courts "play a central role in adjudicating" such claims. The "whole point of supplemental jurisdiction" is to allow federal courts to decide claims that would ordinarily be heard in state court, *Int'l Coll. of Surgeons*, 522 U.S. at 167, and nothing about the state-law claims Plaintiff brings here makes them inappropriate for federal-court resolution—and Plaintiff cites nothing to say so.[9]

Second, the state-law claims do not substantially predominate over the federal claims that give this Court jurisdiction. *See* 28 U.S.C. § 1367(c)(2). Plaintiff states (Mot. 20), without citing any authority, that its claims "are not the kinds of issues Congress, or the Supreme Court has entrusted to federal courts as a matter of exclusive or predominant federal interest." Yet Plaintiff is tilting at strawmen again. Defendants have never argued that Plaintiff's claims are exclusively

---

[9] Plaintiff relies on *Bastidas ex rel. JGAB, Inc. v. Garcia*, 2024 WL 273395 (N.Y. Sup. Ct. Jan. 23, 2024), and *Sternklar v. Sternklar-Worenklein*, 2024 N.Y. Misc. LEXIS 22578 (N.Y. Sup. Ct. Nov. 25, 2024), but those cases show only that state courts *can* adjudicate some of the state-law claims at issue. Nothing in those cases so much as suggests that state court is the only appropriate forum for such claims.

or predominantly federal. They are instead state-law claims that share a common nucleus of operative facts with the federal claims giving rise to this Court's jurisdiction. In fact, the state-law claims hinge largely on the federal claims. For instance, whether Plaintiff holds any intellectual property will inform its ability to recover on its "Breach of Fiduciary Duty/Faithless Servant Doctrine" claim, which seeks relief in the form of "all revenues obtained from the mark, misappropriation of corporate opportunities of RFLH's ownership of the common law mark in NY (Evergreen Review) and copyright ownership of Evergreen Review printed magazines." Am. Compl. ¶¶ 212–13. Plaintiff is thus incorrect in asserting (Mot. 21) that "the case will turn on New York statutory and common law, and any federal issue would be peripheral."[10] The opposite is true. Plaintiff's claims arise from disputes about alleged intellectual property rights. Such claims provide a "good reason" for this Court's involvement—the impact of federal intellectual property law rights on Plaintiff's other claims. And those federal issues do not result from a "strained reading" of the Amended Complaint, *see* Mot. 21; the Amended Complaint, on its face, states new copyright and trademark claims for relief, Am. Compl. ¶¶ 183-192. As a result, this Court can retain supplemental jurisdiction over Plaintiff's state-law claims.

Finally, even if Plaintiff is right that the Court should decline supplemental jurisdiction, that would not be a basis to remand the entire case. The proper result would instead be to sever and remand the state-law claims, *see* 28 U.S.C. § 1441(c)(2), and retain jurisdiction over the federal intellectual-property claims. As a practical matter, Plaintiff would then have to litigate this case in two courts: (1) the federal claims in this Court and (2) the state-law claims in state court. The resulting duplicative proceedings are unnecessary and further support this Court's exercise of

[10] Defendants do not contest that "once federal claims are out of the case," this Court will lack jurisdiction over any remaining state-law claims. Mot. 21. But those claims are not out of the case; they have just been asserted.

supplemental jurisdiction over the state-law claims. *See Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004) ("[A] district court should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote . . . economy, convenience, fairness, and comity.").

## IV. Removal was procedurally effective.

Plaintiff is incorrect (Mot. 21–22) that the Court should remand because Defendants supposedly failed to attach all process, pleadings, and orders required by 28 U.S.C. § 1446(a). While in the original notice of removal, Defendants inadvertently failed to attach several orders in the state court action, Defendants filed a corrected notice of removal that included those orders less than a week after filing the original notice of removal. *See* Am. Notice of Removal. This correction was proper and cured any prior procedural defect. *See In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 399 F. Supp. 2d 340, 348 (S.D.N.Y. 2005) ("the failure to file all state-court papers [with a notice of removal] is curable in the federal court" even if the plaintiff moves to remand); Dkt. No. 7.[11]

Plaintiff's Affirmation in Support of its Remand Motion attaches its initial disclosures and a letter from Plaintiff to the state court, claiming that these should have also been provided with the notice of removal. Dkt. No. 26 ¶¶ 8, 10, 13. But these documents do not constitute "process, pleadings, and orders" that are required to be included under 28 U.S.C. § 1446(a). *See* Dkt. No. 17 at 2 (explaining that neither state nor federal law treats affirmations as process, pleadings, or orders). Plaintiff also does not explain how it was prejudiced in any way by Defendants' failure to include these documents in its Notice of Removal. In any event, these documents have now been

[11] Since Defendants filed the corrected notice of removal on November 18, 2025, the state court entered two more orders. Defendants attach these orders to the accompanying declaration to ensure the Court has access to all the state-court orders in this action.

provided to the Court as exhibits to Plaintiff's affirmation in support of its Remand Motion, so any perceived prejudice (and there is none) is now remedied.

Plaintiff's argument that Defendants' removal was untimely is also incorrect. The Amended Complaint added copyright and trademark claims, so Defendants had thirty days to remove after receiving the Amended Complaint from which Defendants could "first . . . ascertain[] that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The Amended Complaint, which is the first pleading that raises federal questions and is therefore removable to federal court, was filed in state court on November 5, 2025. Defendants removed this action five days later. Removal was thus timely.

Plaintiff is wrong in contending (Mot. 22) that "the factual and legal predicates" for removal were apparent from the original complaint. The original complaint asserted no federal trademark claims. While the original complaint's unjust enrichment claim referred to the "inappropriately misappropriated . . . Evergreen mark," *id.* ¶ 63, it did not allege that the claim rested on federal trademark law. The Amended Complaint, by contrast, refers specifically to the Lanham Act and, for the first time, asserts a claim based on Defendants' alleged misleading of the U.S. Patent and Trademark Office. *See* Am. Compl. ¶¶ 185, 187, 209, 211. Thus, the federal trademark claims appear for the first time in the Amended Complaint. Nor did the original complaint assert any claims based on the Copyright Act. The original complaint did not "seek[] a declaration that [Plaintiff] is the owner, by implied license, of the copyrights in the print versions of the Evergreen Review issues 1 through 98." Am. Compl. ¶ 28. And unlike the Amended Complaint, the original complaint did not include a claim for unjust enrichment based on the "unlawful exploitation" or "unauthorized use" of Plaintiff's purported copyrights. Am. Compl. ¶¶ 258-59.

## V. Plaintiff is not entitled to attorneys' fees and costs.

There is no basis to award Plaintiff attorneys' fees and costs under 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The initial reasonableness inquiry exists to discourage only egregiously meritless removals: "[i]f fee shifting were automatic, defendants might choose to exercise this right only in cases where the right to remove was obvious." *Id.*

Defendants' arguments for removal are objectively reasonable: they are grounded in binding cases, such as *Briarpatch* and *T.B. Harms*. Nor do any unusual circumstances exist that suggest that Defendants removed the case in bad faith. Defendants removed this case to federal court at the earliest opportunity—less than a week after Plaintiff amended its complaint to add seven new claims (including ones arising under federal law for the first time), and multiple citations to federal law.

Plaintiff's claim (Mot. 23) that Defendants "engage[d] in procedural maneuvers" to delay litigation and impose costs is also incorrect; any additional cost or delay incurred is incidental to Defendants' exercise of their right to removal under 28 U.S.C. § 1447(c). Further, Plaintiff's own conduct has delayed this litigation. Before the state court, Plaintiff delayed amending its complaint for months. *See* Dkt. No. 17-1; Dkt. No. 17-2; Dkt. No. 9-3. Before this Court, Plaintiff delayed the resolution of this motion by filing its memorandum of law after the agreed-upon deadline and then by filing a corrected memorandum of law weeks later. Plaintiff should not be rewarded for its bad-faith litigation conduct.

## CONCLUSION

The Court should deny Plaintiff's motion.

Dated: January 16, 2026

Respectfully submitted,

/s/ Michael Clendenen
Michael Clendenen
Scott Eisman
Kyle Sherwood
Axinn, Veltrop & Harkrider LLP
630 5th Avenue
33rd Floor
New York, NY 10111
Phone: 212.728.2200
Email: mclendenen@axinn.com

Counsel for Defendant Evergreen Review, Inc.

/s/ Scott J. Sholder
Scott J. Sholder
Cowan, DeBaets, Abrahams & Sheppard LLP
60 Broad Street
30th Floor
New York, NY 10004
Phone: 212.974.7474
Email: ssholder@cdas.com

Counsel for Defendants John G.H. Oakes and OR Books LLC

## LOCAL RULE 7.1(c) WORD COUNT CERTIFICATION

Pursuant to Rule 7.1(c) of the Joint Local Rules for the Southern District of New York and Eastern District of New York, the undersigned hereby certified that its Opposition was prepared with a computer; contains 6,979 words (excluding the caption, table of contents, table of authorities, signature blocks, and this certification), including footnotes; and complied with the word count limitation set forth in Rule 2.B of the Court's Individual Practices.

Dated: January 16, 2026

/s/ Michael Clendenen
Michael Clendenen
Axinn, Veltrop & Harkrider LLP
630 5th Avenue
33rd Floor
New York, NY 10111
Phone: 212.728.2200
Email: mclendenen@axinn.com

*Attorney for Defendant Evergreen Review, Inc.*