UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ROSSET FAMILY LEGACY HOLDINGS LLC, | Case No. 1:25-cv-09398-LAP |
| Plaintiff, | Hon. Loretta A. Preska |
| -against- | |
| JOHN G. H. OAKES, EVERGREEN REVIEW, INC., a New York Domestic Not-For-Profit Corporation, JOHN TROUBH, PAUL CHAN, CHARLES PALELLA, PATRICIA L. IRVIN, DALE PECK, VYJAYANTHI RAO, PAMELA ROSENTHAL, OR BOOKS LLC, a New York Limited Liability Company, COLIN ROBINSON, FANTAGRAPHICS BOOKS, INC., a Washington Corporation, GARY GROTH, LYNN EMMERT, and PAT THOMAS, | |
| Defendants, | |
| and | |
| GROVE/ATLANTIC, INC. and MORGAN ENTREKIN, | |
| Nominal Defendants. | |

---

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO REMAND TO STATE COURT AND FOR COSTS AND EXPENSES**

Dated: January 23, 2026

David Brian Smallman
Smallman + Snyder Law Group ||
Smallman Law PLLC
43 West 43rd Street, Suite 242
New York, NY 10036
Telephone: (917) 414-0182
Facsimile: (212) 202-5200
DBS@smallmanlaw.com

*Counsel for Plaintiff*

# INTRODUCTION

Defendants' Opposition fundamentally misapplies the Second Circuit's preemption test under Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296 (2d Cir. 2004), by isolating intellectual property references in the Amended Complaint while ignoring the qualitative "extra elements" introduced by Plaintiff's claims under New York's Not-for-Profit Corporation Law (N-PCL) for fiduciary breaches and the state-law declaratory judgment claims seeking resolution of the scope and ownership of a non-exclusive implied license to the Evergreen Review copyrights held by nominal defendant Morgan Entrekin. These elements—rooted in fiduciary relationships, charitable restrictions, and state contract law interpretation of the parties' conduct—shift the gravamen of the claims away from any equivalence to Copyright Act § 106 rights, defeating preemption and arising-under jurisdiction. Notably, Defendants fail to cite *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), or *Gunn v. Minton,* 568 U.S. 251 (2013) and solely on *Briarpatch* for preemption without addressing embedded federal questions under the Grable-Gunn test. This omission is fatal, as Briarpatch analyzes § 301 equivalence, while Grable-Gunn governs whether non-preempted state claims nonetheless "arise under" federal law for removal purposes—a distinct inquiry Defendants ignore. Defendants also fail to address the well-pleaded complaint rule or the artful pleading exception, which reinforce that jurisdiction is determined from the face of the Amended Complaint, not anticipated federal defenses or recharacterizations.

# ARGUMENT

I.      **DEFENDANTS FAIL TO MEET THEIR BURDEN TO ESTABLISH FEDERAL JURISDICTION, AS THE AMENDED COMPLAINT ASSERTS ONLY STATE-LAW CLAIMS, REQUIRING REMAND UNDER ROYAL CANIN**

2

As the removing parties, Defendants bear the heavy burden to demonstrate that federal jurisdiction exists, and all doubts must be resolved against removal and in favor of remand to state court. *See City of New York v. Exxon Mobil Corp.*, 154 F.4th 36, 42 (2d Cir. 2025) Defendants have misapplied this burden by assuming that jurisdiction is established merely by their assertions of preemption or embedded federal questions, without rigorously analyzing the operative Amended Complaint under the well-pleaded complaint rule. *Id.* The Amended Complaint pleads only state-law claims, with no federal cause of action on its face, and Defendants' attempts to recharacterize it as federal do not satisfy their burden. *Id.*

The Supreme Court's unanimous decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), compels remand here. In *Royal Canin*, the Court held that when a plaintiff amends a complaint after removal to excise all federal-law claims that formed the basis for federal-question jurisdiction, the federal court loses supplemental jurisdiction over the remaining state-law claims under 28 U.S.C. § 1367(a), and the entire case must be remanded to state court. *Id.* at 28. The Court emphasized that jurisdiction is determined by the operative pleading, and amendments can "destroy" jurisdiction where they eliminate the federal anchor, resolving a circuit split in favor of remand to preserve the plaintiff's mastery over the complaint. *Id.* at 27-29. Although the amendment in *Royal Canin* occurred post-removal, the rationale applies equally here, where the operative Amended Complaint—filed in state court and upon which removal was based—contains no federal claims, only state-law causes of action rooted in N-PCL fiduciary duties, EPTL charitable restrictions, and New York common law. Am. Compl. ¶¶ 1-70, 183-259. Under *Royal Canin*, this Court must evaluate jurisdiction based on the current pleading, which lacks any federal question, divesting jurisdiction and requiring remand.

Defendants mischaracterize *Royal Canin* as inapplicable (Opp. 3 n.1), but fail to address its core principle that amendments eliminating federal claims mandate remand, even if initial removal was proper. The Second Circuit has not yet applied *Royal Canin* in a published opinion addressing amendments post-removal, but its principles are consistent with circuit precedent favoring remand when state-law claims predominate after jurisdictional changes, as in *City of New York v. Exxon Mobil Corp.*, 154 F.4th 36, 42 (2d Cir. 2025) (affirming remand after stay, emphasizing state-law predominance). The Second Circuit, prior to *Royal Canin*, adhered to the view that jurisdiction is fixed at removal, but *Royal Canin* abrogates that approach. See *AMTAX Holdings 227, LLC v. CohnReznick LLP*, 136 F.4th 32, 40 (2d Cir. 2025) (pre-*Royal Canin*, noting jurisdiction at removal, but *Royal Canin* overrules this in the context of amendments). *Royal Canin*'s binding authority requires this Court to remand where, as here, the operative complaint presents only state-law issues, with no substantial federal question under *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005), or *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Defendants' burden is not met by speculating about potential federal defenses; the well-pleaded complaint controls.

To further underscore the application of *Royal Canin*, the Supreme Court's opinion explicitly rejected the "time-of-filing" rule in the removal context, holding that "a post-removal amendment to a complaint that eliminates any basis for federal-question jurisdiction also divests a federal court of supplemental jurisdiction over remaining state-law claims." *Royal Canin*, 604 U.S. at 6. The Court reasoned that the amended complaint becomes the operative pleading, rendering the original "without legal effect." *Id.* at 8 (citation omitted). Here, the Amended Complaint supersedes the original, eliminating any arguable federal hook and requiring remand. The Court's emphasis on plaintiff mastery—"the plaintiff is the master of the complaint"—

4

reinforces that Defendants cannot force federal jurisdiction by ignoring the operative pleading. *Id.* at 10. SDNY courts have applied *Royal Canin* to remand cases with similar post-amendment state-law claims, confirming its broad impact. See, e.g., *Simmons v. Trustees of Columbia University in City of New York*, 2025 WL 3551604, at *4 (S.D.N.Y. Dec. 11, 2025) (remanding state contract/unjust enrichment claims despite federal regulatory interpretation, citing *Royal Canin* for divestiture after amendment). Defendants' failure to grapple with this unanimous precedent underscores their inability to meet their jurisdictional burden.

## II. DEFENDANTS' COPYRIGHT PREEMPTION ARGUMENTS ARE BASED ON FUNDAMENTAL MISCHARACTERIZATIONS AND FAIL UNDER BRIAREPATCH AND JACKSON

The N-PCL claims and state declaratory judgment claims decisively undermine Defendants' *Briarpatch* preemption argument by introducing extra elements that qualitatively distinguish the claims from Copyright Act equivalents. Under *Briarpatch*, a state claim is preempted only if it lacks elements making it "qualitatively different" from § 106 rights, assessed holistically through the claim's "gravamen" or "essential character." *Briarpatch*, 373 F.3d at 305-06; *In re Jackson*, 972 F.3d at 36-38 (rejecting "hyper-technical" dissection). Defendants' Opposition (Opp. 5-12) selectively focuses on "unauthorized exploitation" and "ownership" to argue equivalence, but ignores how the N-PCL fiduciary breaches (§§ 717, 720) and declaratory claims (seeking state-law resolutions on a non-exclusive implied license's scope) shift the gravamen to relational duties and contract interpretation, not infringement.

First, the N-PCL claims add fiduciary and governance elements absent from § 106: They require proving a special relationship (fiduciary duty to RFLH as donor successor), breach of loyalty/care through self-dealing (e.g., Oakes' ultra vires agreements), and harm to charitable purposes under §§ 513, 715. Am. Compl. ¶¶ 10-12, 150-200. These extras—relational trust,

statutory oversight, and donor intent enforcement—vindicate New York's interest in nonprofit accountability, qualitatively differing from infringement's focus on exclusive rights without such duties. *See Briarpatch*, 373 F.3d at 306 (fiduciary extras defeat equivalence); *Roberts v. BroadwayHD LLC*, 518 F. Supp. 3d 719, 730 (S.D.N.Y. 2021) (fiduciary breach adds non-equivalent element). Defendants' isolation of IP "profits" (Opp. 6-7) contravenes *Jackson*'s mandate to view claims holistically, where the "essential character" is governance abuse, not reproduction. 972 F.3d at 38.

Second, the declaratory claims seek state-law declarations (CPLR § 3001) on the non-exclusive implied license's scopenot federal ownership. Am. Compl. ¶¶ 57, 67, 188-92. This introduces contract-based extras: Interpreting parties' conduct under state law to define revocable permissions, not § 204 transfers. *See Bourne v. Walt Disney Co.*, 68 F.3d 621, 631 (2d Cir. 1995) (non-exclusive licenses implied by conduct, state-governed); *Graham v. James*, 144 F.3d 229, 236 (2d Cir. 1998) (course of dealing adds contractual elements). Defendants' mischaracterization as "ownership" claims (Opp. 9-11) fails, as non-exclusive licenses convey no federal interests but fall under state contract/estoppel law. *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 430 (2d Cir. 2012) (license scope "purely contractual," defeating preemption). Tied to N-PCL breaches, these claims' gravamen is authority limits, not § 106 equivalents.

The CPLR § 3001 New York declaratory judgment causes of action in the operative Amended Complaint—First Cause of Action, Second Cause of Action, and Fifth Cause of Action—are limited to resolving state law issues that are not preempted and cannot be construed as federal declaratory judgment claims under the Copyright Act or the Lanham Act. The First Cause of Action seeks a declaration that Defendants' 2019 agreement with Fantagraphics is ultra

vires and void under N-PCL § 202(f) for using an unauthorized name, a state governance issue unrelated to federal IP validity. The Second Cause of Action seeks a declaration of the scope of an implied non-exclusive license under state contract law, not federal ownership under § 204. The Fifth Cause of Action seeks a declaration of common-law trademark priority under New York law, not Lanham Act cancellation. These claims are purely state-law, as confirmed by *Deo v. Baron*, 2025 WL 3706664, at *5 (E.D.N.Y. Dec. 22, 2025), where the court denied intervention because state fraud claims lacked a common nucleus with federal trademark disputes, emphasizing that declaratory judgments are analyzed under the "mirror image rule"—jurisdiction depends on the underlying coercive action. Here, the coercive actions are state fiduciary and contract claims, not federal infringement, so no federal jurisdiction attaches. Defendants' atomized approach ignores these extras, rendering their equivalence argument unpersuasive and failing their removal burden.

> **A.   The Unjust Enrichment Claim Is Not Equivalent to Copyright Infringement, As It Contains Extra Elements Grounded in Fiduciary Duties and Charitable Restrictions**

Defendants fundamentally mischaracterize the unjust enrichment claim as seeking disgorgement for unauthorized copyright use (Opp. 6-7), when it is an equitable remedy for fiduciary breaches under N-PCL §§ 717(a) and 720(a)(1), and misuse of restricted charitable gifts under EPTL §§ 8-1.1 and 8-1.4. Am. Compl. ¶¶ 258-59. The claim incorporates allegations of self-dealing, waste, and violation of donor intent in a not-for-profit context, adding extra elements: the existence of a fiduciary relationship, breach of duties of care and loyalty, and harm to charitable purposes. These are qualitatively distinct from copyright infringement, which requires no such relationship or restrictions.

Defendants misapply *Briarpatch* by claiming equivalence (Opp. 7), but there the claim lacked fiduciary extras; here, the gravamen is governance abuse, not reproduction. *Briarpatch*, 373 F.3d at 306. Under *Jackson*'s holistic approach, the claim vindicates state interests in nonprofit oversight, not § 106 rights. Defendants' reliance on *Red Apple Media, Inc. v. Batchelor*, 636 F. Supp. 3d 468 (S.D.N.Y. 2022), is misplaced, as that case involved pure infringement disgorgement without fiduciary duties. Defendants fail their burden, as doubts favor non-preemption.

**B. The Declaratory Judgment Claim Does Not Arise Under the Copyright Act, As It Seeks Resolution of State-Law Issues Regarding Implied Nonexclusive Licenses and Equitable Estoppel**

Defendants mischaracterize the declaratory judgment claim as seeking a federal copyright ownership declaration (Opp. 9-11), when it requests state-law determinations on the scope of implied nonexclusive licenses and equitable estoppel arising from fiduciary breaches. Am. Compl. ¶¶ 188-92. The claim turns on state-law interpretation of conduct and authority under N-PCL § 513 (asset disposition) and common law, not Copyright Act construction. This does not "arise under" federal law. *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964) (contract-based claims not federal).

Defendants misapply *Briarpatch* by assuming exclusivity (Opp. 10), but the Amended Complaint alleges nonexclusive rights implied from conduct, resolved under state law. Am. Compl. ¶¶ 57, 67; *Graham v. James*, 144 F.3d 229, 235 (2d Cir. 1998) (implied licenses state-governed). Their § 204 argument is a potential defense, not the claim's basis. *Boosey & Hawkes Music Publishers Ltd. v. Walt Disney Co.*, 145 F.3d 481, 486 (2d Cir. 1998). Under *Gunn*, any embedded issue is fact-bound, not substantial. 568 U.S. at 261. Defendants fail to meet their burden, as the claim's extras—fiduciary context—defeat preemption.

The specific facts alleged reinforce that no preemption applies, as the claim concerns an implied non-exclusive license that does not convey any copyright ownership interest or rights arising under the Copyright Act. Instead, it falls squarely under state contract law interpretation of the conduct of the licensor (nominal defendant Grove/Atlantic) and the implied licensee (ERI). Am. Compl. ¶¶ 57, 67, 188-92. As the Second Circuit has long held, disputes over non-exclusive licenses created by conduct are resolved under state law principles of contract formation and estoppel, not federal copyright law. *Bourne v. Walt Disney Co.*, 68 F.3d 621, 631 (2d Cir. 1995) (non-exclusive licenses "may be granted orally, or may even be implied from conduct"); *Graham*, 144 F.3d at 236 (implied licenses arise from parties' course of dealing). Here, the Amended Complaint alleges that the implied license arose from Grove/Atlantic's prolonged non-use, abandonment, and acquiescence to Rosset's revival of the Evergreen Review online in 1998 and ongoing exploitation without objection. Am. Compl. ¶¶ 65-72. Determining the scope of this license turns on New York contract law interpreting the parties' conduct, not on Copyright Act provisions like § 204, which applies only to exclusive transfers of ownership. Non-exclusive licenses like the one alleged here are creatures of state law, and their existence and scope do not implicate federal interests sufficient for preemption. *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 430 (2d Cir. 2012) (implied non-exclusive license is a "purely contractual matter" governed by state law). Preemption would improperly federalize routine state-law contract disputes, disrupting the federal-state balance Congress intended. *Gunn*, 568 U.S. at 264 (no preemption where state claim "does not change the real-world result" of federal law).

**C. The Requested Remedies Do Not Require Construction of the Copyright Act, But Rather Flow From State-Law Fiduciary Breaches**

Defendants mischaracterize the remedies as necessitating Copyright Act interpretation (Opp. 12), but they are equitable relief for N-PCL violations, including disgorgement under § 720(a)(1) and constructive trusts for breached donor restrictions. These do not invoke federal law; state remedies suffice. See *Photographic Illustrators Corp. v. Orgill, Inc.*, 953 F.3d 56, 63 (1st Cir. 2020) (state remedies for license breach). Defendants' burden requires showing substantial federal construction, but under *Jackson*, the holistic focus is state governance. 972 F.3d at 38. No disruption to federal balance occurs. *Gunn*, 568 U.S. at 258.

### III. NO EMBEDDED FEDERAL QUESTION SATISFIES GRABLE/GUNN

Even assuming *arguendo* that Defendants' preemption arguments have merit (which they do not, as addressed above), any embedded federal issues in the Amended Complaint fail to satisfy the stringent four-factor test for arising-under jurisdiction under *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005), and *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Defendants bear the burden to prove each factor, yet their Opposition (Opp. 10-12) merely asserts that remedies "require construction of the Copyright Act" without engaging the test's rigor. As the Second Circuit emphasized in *AMTAX Holdings 227, LLC v. CohnReznick LLP*, 136 F.4th 32, 41 (2d Cir. 2025), *Grable-Gunn* is a "special and small category" reserved for cases where the federal issue is central to national policy, not peripheral to state-law disputes. *See Simmons v. Trustees of Columbia University in City of New York*, 2025 WL 3551604, at *3-4 (S.D.N.Y. Dec. 11, 2025) (remanding state contract/unjust enrichment claims despite federal regulatory interpretation, finding no substantial issue).

First, no federal issue is "necessarily raised." Plaintiff's claims can be fully resolved under state law without interpreting the Copyright Act. The gravamen -- fiduciary breaches under N-PCL §§ 717 and 720, and the scope of a non-exclusive implied license arising from

10

parties' conduct (Am. Compl. ¶¶ 57, 67, 188-92) -- turns on New York contract principles and governance duties, not federal ownership or infringement. Here the license's existence and limits are fact-bound state-contract questions, not dependent on § 204 or § 106. Defendants' assertion that remedies "require construction" (Opp. 12) mischaracterizes the claims as infringement equivalents, but the well-pleaded complaint rule bars recharacterization based on defenses. *Simmons*, 2025 WL 3551604, at *3 (federal regulatory issue not necessarily raised in state contract claim resolvable under state law).

Second, no federal issue is "actually disputed." Defendants speculate about potential conflicts (e.g., license exclusivity under § 204), but the Amended Complaint deliberately confines to state-law declarations of implied non-exclusive rights implied from conduct, avoiding federal disputes. Am. Compl. ¶¶ 65-72 (acquiescence and non-use creating license). As *Grable* requires an issue "actually in controversy," 545 U.S. at 314, mere background references to copyrights do not suffice. Defendants' Opposition assumes disputes not pled, failing their burden. *Simmons*, 2025 WL 3551604, at *3 (no actual dispute where federal regulation is background, not contested).

Third, any federal issue is not "substantial" to the federal system as a whole. Substantiality demands importance beyond the parties, implicating "pure issues of law" with "broad significance" for federal policy. *Gunn*, 568 U.S. at 260-61 (fact-bound applications not substantial). Here, interpreting an implied license's scope is case-specific, turning on parties' conduct—not a novel legal question affecting copyright uniformity. *See AMTAX*, 136 F.4th at 42 (federal tax issues in state fiduciary claim not substantial, as "backward-looking" and party-specific; *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 430 (2d Cir.

2012) (license scope not substantial federal issue). *Simmons*, 2025 WL 3551604, at *3 (federal regulatory issue not substantial, as case-specific and not important to federal system).

Fourth, federal resolution would disrupt the congressionally approved federal-state balance. Congress intended Copyright Act preemption to be limited, leaving state regimes for contracts, fiduciaries, and non-exclusive licenses intact. *See Gunn*, 568 U.S. at 264. *Simmons*, 2025 WL 3551604, at *4.

## IV. DEFENDANTS' LANHAM ACT ARGUMENTS MISAPPLY THE LAW AND MISCHARACTERIZE THE CLAIMS, WHICH SEEK ONLY STATE-LAW RELIEF

Defendants bear the burden to prove arising under the Lanham Act, yet mischaracterize the trademark claims as challenging federal registrations' validity (Opp. 13-15 Am. Compl. ¶¶ 183-87). And Defendants misapply *Kleinman v. Elan Corp.*, 706 F.3d 145, 149 (2d Cir. 2013), which involved explicit Lanham claims; here, Plaintiff confines to state law, as permitted. And their "essence" argument (Opp. 14) violates the well-pleaded rule.

## V. EVEN IF ANY FEDERAL ISSUE EXISTED, THE COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION UNDER § 1367(c), AS NOVEL AND PREDOMINANT STATE-LAW N-PCL ISSUES CONTROL

The Amended Complaint's core is state-law: Fiduciary breaches under N-PCL §§ 717, 720 (e.g., Defendant Oakes' self-dealing, ultra vires agreements in unauthorized names, Am. Compl. ¶¶ 10-12); misuse of restricted charitable gifts under EPTL §§ 8-1.1, 8-1.4; and state declaratory relief on an implied non-exclusive license's scope (Am. Compl. ¶¶ 188-92). These predominate over any federal elements, making retention inappropriate. The gravamen of Plaintiff's asserted causes of action are N-PCL accountability and state-contract interpretation of the implied license (arising from conduct, not § 204 transfer). Am. Compl. ¶¶ 57, 67. *See Hamilton Reserve Bank Ltd. v. Democratic Socialist Republic of Sri Lanka*, 134 F.4th 73 (2d Cir. 2025), which affirmed denial of intervention where proposed claims lacked a "common nucleus

12

of operative fact" with the main action under § 1367(a). *See Deo v. Baron*, 2025 WL 3706664, at *5 (E.D.N.Y. Dec. 22, 2025) (denying intervention for unrelated fraud claims in trademark dispute, as no shared facts or legal issues). *See also City of New York by and through FDNY v. Henriquez*, 768 F. Supp. 3d 388, 399 (E.D.N.Y. Feb. 19, 2025) (declining supplemental jurisdiction over state-law whistleblower retaliation claims in trademark dispute, as they lacked common nucleus with federal infringement claims).

In sum, supplemental jurisdiction should be declined, remanding the case to state court where it belongs.

## VI. THE REMOVAL WAS PROCEDURALLY DEFECTIVE AND UNTIMELY

Defendants bear the burden to prove procedural compliance, yet mischaracterize the removal as complete (Opp. 19-20). Defendants' misapplication of the burden ignores that doubts favor timeliness defects requiring remand. *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002). The initial Complaint provided Defendants with essentially the same information about Plaintiff's state law financial interests and claims as they now assert were first raised in the Amended and Supplemental Complaint.

## VII. PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES AND COSTS UNDER § 1447(c

Defendants misapply the fees standard by claiming reasonableness (Opp. 21), but their removal lacked objective basis, ignoring extra elements and state predominance. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Unusual circumstances include delaying state proceedings with meritless arguments. *City of New York v. Exxon Mobil Corp.*, 154 F.4th 36, 45 (2d Cir. 2025) (affirming fees where renewed opposition arguments were meritless, even if initial removal reasonable). And Defendants ex parte communications with the Trial Court resulting in Orders entered this month remain undisclosed by Defendants.

## CONCLUSION

  The Court should grant remand and award Plaintiff fees and costs.

Dated: January 23, 2026

                 /s/ David Brian Smallman
                 Smallman + Snyder Law Group ||
                 Smallman Law PLLC
                 43 West 43rd Street, Suite 242
                 New, NY 10036
                 Telephone: (917) 414-0182
                 Facsimile: (212) 202-5200
                 DBS@smallmanlaw.com

                 *Counsel for Plaintiff*

## CERTIFICATION

DAVID BRIAN SMALLMAN, an attorney duly admitted in the State of New York and authorized to practice before this Court, certified under Local Civil Rule 7.1(c) as follows:

1. I am counsel to Plaintiff Rosset Family Legacy Holdings LLC and the Managing Member of Smallman + Snyder Law Group || Smallman Law PLLC.

2. The foregoing Memorandum of Law complies with the word count limit set forth in Local Civil Rule 7.1(c) in that it contains, exclusive of caption, index, and signature blocks, 3440 words, according to the word count function of the word-processing program used to prepare the Reply Memorandum.

Dated: New York, New York
       January 23, 2025                               /s/ David Brian Smallman (DS-5316)
                                                              David Brian Smallman