axinn

**Scott A. Eisman**

Axinn, Veltrop & Harkrider LLP
630 5th Avenue
New York, NY 10111
212.261.5642
seisman@axinn.com

January 27, 2026

Hon. Loretta A. Preska
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 2200
New York, NY 10007-1312

Re: *Rosset Family Legacy Holdings LLC v. Oakes, No. 1:25-cv-9398*

Dear Judge Preska:

I represent Defendant Evergreen Review, Inc., and respectfully submit this letter to address a demonstrably false accusation contained in Plaintiff's reply brief in support of its remand motion. Defendants request permission to file either a motion to strike the accusation or a surreply on Plaintiff's remand motion.

Plaintiff asserts, without support, that Defendants' counsel engaged in "ex parte communications with the Trial Court resulting in orders this month." Dkt. No. 37 at 13. That allegation is incorrect.

For the Court's convenience, below is a brief summary of the relevant facts.

On Thursday, January 8, 2026, counsel for both Plaintiff and Defendants received a calendar invitation from the Part 43 Clerk of the New York Supreme Court, New York County, scheduling a status conference in the state-court action. Because Defendants had removed the case to federal court and because 28 U.S.C. § 1446(d) provides that the state-court action "shall proceed no further unless and until the case is remanded," Defendants' counsel believed the invitation was likely a clerical error.

I contacted the Part 43 Clerk solely to ask whether the calendar invitation had been sent inadvertently. The Clerk advised me to raise the question by email to chambers. The Clerk and I did not discuss the merits or substance of the case during this routine scheduling call. In fact, we did not discuss anything; I was told to email chambers.

Consistent with that instruction, I emailed chambers—copying Plaintiff's counsel—asking only whether the Court intended to proceed with the conference given that

Defendants had "removed this case to the United States District Court for the Southern District of New York." *See* Exhibit A. For the Court's convenience, I attached the Notice of Filing of Notice of Removal and the Notice of Filing of Amended Notice of Removal, both of which had been filed on the state-court docket. *See* Exhibits B and C. The Court then canceled the conference.

Defendants' counsel did not communicate with the Court ex parte. Plaintiff's counsel was copied on the relevant email to chambers, and the only issue raised was whether the status conference would be cancelled given removal of the case.

In response to our request that Plaintiff withdraw its allegation of ex parte communications, Plaintiff's counsel asked to confer by videoconference. *See* Exhibits D and E. During that videoconference, Plaintiff's counsel stated that he believed that it was improper for me to email chambers without disclosing to the Court that Plaintiff had moved to remand. But as my colleagues and I explained to Plaintiff's counsel during our videoconference, 28 U.S.C. § 1446(d) requires that the state-court action "proceed no further until the case is remanded." That statute does not say that a state court has discretion to proceed if a remand motion is pending. In fact, the statute affords the state court no discretion at all. We thus saw no need to notify the Court—in a simple communication about a calendar invitation we believed we had received in error from a court that no longer had jurisdiction over the case—about a motion that had no bearing on whether the state-court case could proceed further.

At any rate, Plaintiff's counsel was copied on the email. He was free to respond and note any additional facts that he believed were relevant. He did not do so.

We are available to answer any questions the Court has about this matter.

Respectfully,

/s/ Kyle R. Sherwood

Kyle R. Sherwood