# S<small>MALLMAN</small> + S<small>NYDER</small> L<small>AW</small> G<small>ROUP</small> | | S<small>MALLMAN</small> L<small>AW</small> PLLC
### 43 W<small>EST</small> 43<small>RD</small> S<small>TREET</small>, S<small>UITE</small> 242
### N<small>EW</small> Y<small>ORK</small>, NY  10036

———

*Direct Contact:*
**David B. Smallman**
+1.917.414.0182 (t)
1.212.202.5200 (f)
dbs@smallmanlaw.com
DavidBrian@DBSLawPLLC.com

S<small>MALLMAN</small> L<small>AW</small> PLLC

———

BY ECF                                                          January 30, 2026

Re:  <u>Rosset Family Legacy Holdings LLC v. Oakes, No. 1:25-cv-09398- LAP</u>

Dear Judge Preska:

    I represent Plaintiff Rosset Family Legacy Holdings LLC and respectfully submit this letter in response to the January 27, 2026 letter from Defendants' counsel Kyle R. Sherwood (on attorney Scott A. Eisman's letterhead) (Dkt. No. 38) requesting permission to file a motion to strike or a surreply regarding Plaintiff's reply brief in support of its motion to remand (Dkt. No. 37). Defendants' request should be denied because Plaintiff's statement that Defendants engaged in "ex parte communications with the Trial Court resulting in orders this month" is accurate and supported by the record. Defendants' communications with the New York Supreme Court (the "Trial Court") were ex parte in nature, lacked full disclosure of material facts as required under New York Rule of Professional Conduct 3.3(d), and resulted in the Trial Court issuing orders marking the state action as disposed without knowledge of Plaintiff's pending remand motion in this Court. For the Court's convenience, summarized herein are key facts, referencing the relevant exhibits attached to Mr. Sherwood's letter and the Declaration of Michael P. Clendenen filed January 16, 2026 (Dkt. No. 36) and Exhibits A-D attached to this letter.

    On January 8, 2026, after receiving a calendar invitation for a status conference in the state action, Mr. Sherwood initiated an ex parte telephone call to the Part 43 Clerk of the Trial Court. See Sherwood Letter to Judge Preska dated Jan. 27, 2026 (Dkt. No. 38) at 1. Mr. Sherwood did not contact Plaintiff's counsel prior to making his call to the Part 43 Clerk nor did he communicate with Plaintiff's counsel following his inquiry to the Part 43 Clerk about Defendants'

Hon. Loretta A. Preska
30 January 2026
Page 2

counsel's belief that the "calendar invitation had been sent inadvertantly," citing 28 U.S.C. § 1446(d). Id. Mr. Sherwood asserts that the Clerk "advised," "told," and "instructed" him to "raise the question by email to chambers. Because his call sought to influence court action without notice to the opposing party, by itself it constituted an impermissible ex parte communication.

Also on January 8, 2026, Mr. Sherwood sent an email to Trial Court chambers, copying Plaintiff's counsel, informing the Trial Court of the previously filed Notices of Removal (filed Nov. 10 and 17, 2025) and requesting confirmation that the conference would be canceled pursuant to § 1446(d). See Ex. A to Sherwood Letter (Dkt. No. 38-1), but without referencing (and thereby concealing from Plaintiff's counsel) his earlier call to the Part 43 Clerk. Critically, his email omitted any mention of Plaintiff's motion to remand, which was pending before this Court and directly relevant to whether the removal was proper and whether the state action should "proceed no further." That same day, the Trial Court (Hon. Robert R. Reed) signed two decisions + orders denying Defendants' pending motions to dismiss as moot and marking the state action as disposed, referencing the Notice of Removal. See Ex. B to Clendenen Decl. (Dkt. No. 36-2); Ex. C to Clendenen Decl. (Dkt. No. 36-3). These orders were received on NYSCEF on January 9, 2026 and filed on NYSCEF January 13, 2026 (Confirmation Notices attached as **Exhibit A**). Defendants then attached Justice Reed's orders to their opposition to Plaintiff's remand motion, filed January 16, 2026, without disclosing to this Court the circumstances of their procurement namely, the ex parte call and the misleading email message that apparently prompted the Trial Court's action. See Clendenen Decl. (Dkt. No. 36) ¶¶ 4-5.

Defendants' communications qualify as an "ex parte proceeding" under New York Rule of Professional Conduct 3.3(d), which requires lawyers to "inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse." As explained in Formal Opinion 2019-1 of the New York City Bar Association Committee on Professional Ethics (defining "ex parte proceeding" under Rule 3.3(d)), the duty applies to proceedings where, "for practical or legal reasons, only one side has an opportunity to present its case." Id. at 1. (Opinion 2019-1 attached as **Exhibit B**.) Examples include applications for temporary restraining orders without notice or proceedings like search warrants where adverse parties cannot participate. Id. Mr. Sherwood's January 8, 2026 email to Chambers does not refer to any "error" and goes beyond "scheduling or administrative purposes, *cf.* 22

Hon. Loretta A. Preska
30 January 2026
Page 3

NYCRR § 100.3(B)(6)(a), and Defendants' failure to disclose impaired the Trial Court's ability to ascertain a procedural or tactical advantage arising from Defendant's unilateral communications.  *See* id., § 100.3(B)(6).

The pending remand motion was a material adverse fact under Rule 3.3(d). Defendants argue § 1446(d) affords the state court "no discretion" to proceed (Sherwood Letter at 2), but this ignores that a remand motion challenges the validity of removal itself within a relatively short period of time. By withholding information that Plaintiff's remand motion was sub judice, Defendants conveyed to the Trial Court that the removal was uncontested. That omission is analagous to the "failure to make a disclosure [that] is the equivalent of an affirmative misrepresentation" noted in Comment [3] to Rule 3.3. Moreover, Defendants failed to inform this Court in their January 16 opposition of how these state court orders were obtained, further compounding the lack of transparency
.
On January 25, 2026, Mr. Sherwood emailed Plaintiff's counsel demanding withdrawal of the allegation See Ex. D to Sherwood Letter (Dkt. No. 38-4).  I requested a telephone call to confer, which occured late afternoon January 27th. Thereafter, Plaintiff's counsel delivered email messages regarding the matters discussed and Defendants' counsel responded. (Attached as **Exhibit C** are email communications between counsel leading up to and following the conference call).

Plaintiff's statment in its reply brief is neither false nor unsupported; it accurately reflects Defendants' improper communications. No motion to strike or surreply is warranted. If the Court permits a surreply, Plaintiff reserves the right to respond further. However, should the Court deem further consideration necessary, Plaintiff respectfully suggests that the issue could be more appropriately addressed in connection with any application for attorney's fees and costs under 28 U.S.C. § 1447(c) following remand. We are available to address any questions.

                                      Respectfully submitted,

                                      /s/ David Brian Smallman
                                      David Brian Smallman

                                      *Counsel for Plaintiff*