**EXHIBIT B**

THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK
COMMITTEE ON PROFESSIONAL ETHICS

**Formal Opinion 2019-1: Defining "Ex Parte Proceeding" Under Rule 3.3(d)**

**TOPIC:** Lawyer's duty to disclose material adverse facts in ex parte proceedings

**DIGEST:** In an "ex parte proceeding," a lawyer has a duty under Rule 3.3(d) of the New York Rules of Professional Conduct (the "Rules") to disclose to the tribunal material facts, including adverse facts, "that will enable the tribunal to make an informed decision." However, the rule does not define "ex parte proceeding." Given that the disclosure obligation marks a significant departure from the advocate's ordinary role, the obligation applies in limited circumstances. It does not apply to proceedings in which an opposing party appearing *pro se* is absent by choice. It applies to proceedings in which, for practical or legal reasons, only one side has an opportunity to present its case. These proceedings include an application for a temporary restraining order where the adverse party has not been provided with notice, an opportunity to be heard on the application and time to appear, as well as to proceedings, such as search warrant applications, in which interested parties are not permitted to receive notice and to participate.

**RULE:** 3.3(d)

**QUESTION:** What is an "ex parte proceeding" in which, under Rule 3.3(d), a lawyer must disclose all material facts to the tribunal, including facts that are adverse to the position of the lawyer's client?

**OPINION:**

**Background**

In an adversarial proceeding, within limits, lawyers ordinarily may offer only the evidence that is most helpful to their clients' cause, leaving it to the opposing party to present the other side. Although lawyers may not make false or misleading factual submissions (including those that mislead the court by omission[1]), and lawyers have some disclosure obligations under professional conduct rules and other law,[2] they are not required generally to introduce evidence that is contrary to the client's position. The requirement is different in ex parte proceedings, however. Rule 3.3(d) provides: "In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse."[3] Under the rule, in addition to any disclosures that must be

---

[1] Comment 3 to Rule 3.3 recognizes: "There are circumstances where failure to make a disclosure is the equivalent of an affirmative misrepresentation." Rule 3.3cmt. [3].

[2] Among these disclosure obligations is a duty to disclose "controlling legal authority known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." Rule 3.3(a)(2). This obligation applies to all proceedings, regardless of whether they are ex parte.

[3] This disclosure obligation extends to material information that might otherwise be confidential under Rule 1.6. *See* Rule 1.6(b)(6) (authorizing disclosures of confidential information "when permitted or required under these Rules").

1

made under other law, a lawyer appearing, or making an application, on behalf of a party in an "ex parte proceeding" must disclose material facts known to the lawyer if the lawyer knows that the facts are significant to the tribunal's decision – i.e., that the facts will facilitate an "informed decision."[4]

The disclosure obligation under Rule 3.3(d) protects the interests of absent parties and promotes the public interest in enabling the tribunal to render an informed and just decision.[5] Comment [14] to Rule 3.3(d) explains:

> [14] Ordinarily, an advocate has the limited responsibility of presenting one side of the matters that a tribunal should consider in reaching a decision; the opposing position is expected to be presented by the adverse party. However, in any ex parte proceeding, such as an application for a temporary restraining order, there may be no presentation by opposing advocates. The object of an ex parte proceeding is nevertheless to yield a substantially just result. The judge has an affirmative responsibility to accord the opposing party, if absent, just consideration. The lawyer for the represented party has the correlative duty to make disclosures of material facts known to the lawyer that the lawyer reasonably believes are necessary to an informed decision.

While specifying the responsibilities of a lawyer under Rule 3.3(d), the Rules do not define the term "ex parte proceeding." The Rules therefore leave uncertainty about the type of proceedings in which a lawyer is required to carry out the duty under Rule 3.3(d) to inform the tribunal of all material facts – both favorable and unfavorable to the lawyer's client – that are known to the lawyer. This opinion addresses that question.[6]

**Definition of "ex parte proceedings" and history of Rule 3.3(d)**

Black's Law Dictionary provides the following definitions for "ex parte" and "ex parte proceeding":

> ex parte, . . . "Done or made at the instance and for the benefit of one party only, and without notice to, or argument by, anyone having an adverse interest; of,

---

The permissible extent of disclosures, and any implications for the attorney-client privilege, are beyond the scope of this Opinion.

[4] This Opinion does not address whether Rule 3.3(d) applies to a lawyer who "ghostwrites" a party's application, but whose involvement is undisclosed, insofar as permitted by Rule 1.2(c).

[5] The ex parte proceedings contemplated by Rule 3.3(d) are authorized by law, and are therefore an exception to the general prohibition against ex parte communications between a lawyer and a judge set out in Rule 3.5(a)(2). *See also* Rule 3.5 cmt. [2] ("Unless authorized to do so by law or court order, a lawyer is prohibited from communicating ex parte with persons serving in a judicial capacity in an adjudicative proceeding. . . .").

[6] Rule 3.3(d) does not supersede rules and statutes governing what parties must include in an ex parte application but potentially supplements them, thereby potentially expanding the necessary disclosure as a matter of candor to the court. Whether additional facts are "material", and must be disclosed under the rule to enable a tribunal to make an informed decision, depends on the nature of the decision that the tribunal will make under applicable law, and this Opinion does not undertake to address the question in the various contexts in which Rule 3.3(d) may apply.

2

> relating to, or involving court action taken or received by one party without notice to the other, usu. for temporary or emergency relief. . . ."[7]

> ex parte proceeding. . . . "A proceeding in which not all parties are present or given the opportunity to be heard."[8]

Under these standard definitions, ex parte proceedings have three characteristics: the adverse party is not present; the adverse party did not receive notice; and the adverse party did not have an opportunity to be heard.

There is only limited information about the history of Rule 3.3(d). New York's version had no equivalent in the prior Code of Professional Responsibility.[9] Rule 3.3(d) is based on a provision of the ABA Model Rules of Professional Conduct.[10] In the 1980 discussion draft of the proposed ABA Model Rules, the provision concerning disclosure of adverse facts in ex parte proceedings was originally placed in Rule 3.5, rather than Rule 3.3, and required that the lawyer "inform the tribunal of all relevant facts known to the lawyer that should be disclosed to the tribunal, whether or not the facts are adverse."[11] As examples of the types of ex parte proceedings to which this duty applied, the Comment to the proposed draft included applications for temporary restraining orders and default judgments.[12]

In the final version of the Model Rule, in addition to its current designation as Rule 3.3(d), two potentially noteworthy changes were made. First, as justifications for the duty to disclose adverse facts, the rule as adopted included the need to inform the tribunal of the facts that would "permit the tribunal to make an informed decision," a justification that was absent from the earlier draft. Second, the Comment gave as an example of an ex parte proceeding only an application for a temporary restraining order; an application for a default judgment was no longer included.[13] In both the 1980 draft and the final 1982 version, the Comment indicated that a purpose of the rule was to protect the interests of the absent party.

---

[7] Black's Law Dictionary 697 (10th ed. 2014).

[8] Id. at 1398.

[9] New York State Bar Ass'n, Committee on Standards of Attorney Conduct, final report on proposed New York Rules of Professional Conduct 138, http://www.nysba.org/workarea/DownloadAsset.aspx?id=26635; Simon & Hyland, *supra*, T-81-82. (All websites cited in this letter were last visited on February 4, 2019.)

[10] American Bar Ass'n, Commission on Evaluation of Professional Standards ("Kutak Commission"), Report to the House of Delegates, June 30, 1982, Appendix B, Comparison of Proposed Model Rules, as Revised, with Provisions of 1969 Model Code of Professional Responsibility 13, https://www.americanbar.org/content/dam/aba/administrative/professional_responsibility/appen_b.pdf.

[11] Kutak Commission, Discussion Draft of Model Rules of Professional Conduct, 61, January 30, 1980, https://www.americanbar.org/content/dam/aba/administrative/professional_responsibility/kutak_1-80.pdf.

[12] *Id.*

[13] Kutak Commission, Report to the House of Delegates 65, 68, June 30, 1982, https://www.americanbar.org/content/dam/aba/administrative/professional_responsibility/kutak_8-82.pdf.

3

In the Code of Professional Responsibility, the only reference to ex parte proceedings was in an ethical consideration, EC-7-15, which concerned appearances before administrative agencies and tribunals.[14]  EC 7-15 noted that a lawyer's duties might vary depending on whether the matter was ex parte or adversarial, but stated simply that the lawyer had a duty to advance the client's cause within the bounds of the law and to comply with any specific obligations imposed by the agency.  Some of the principles set forth in EC 7-15 were carried forward into the current Rule 3.9, which requires an attorney appearing before a legislative body or administrative agency in a representative capacity to disclose the fact of the representation.  This rule is otherwise silent on the duties of an attorney when such an appearance is ex parte.

Thus, the limited historical information available for Rule 3.3(d) suggests that it was motivated by two concerns: fairness to absent adverse parties, and providing a tribunal with the information necessary to make an informed decision.  In addition, the evolution of the comments in the ABA drafts between 1980 and 1982 suggest that the primary focus of the rule was on applications for temporary emergency relief, such as a temporary restraining order.

Consistent with this interpretation, some courts that have addressed the scope of Rule 3.3(d) have focused on applications for emergency relief.  For example, one court stated that "*ex parte* proceedings typically address an emergent matter when 'the party against whom relief is sought either has not received notice of the matter or cannot appear,'..."[15]

However, some courts have interpreted their state's version of Rule 3.3(d) to apply more broadly beyond the context of applications for emergency relief.  For example, a court has stated that the principles applicable to ex parte proceedings and communications are "not meant to hinge on a technical definition of the term *ex parte*, but [are] instead intended to [apply to] . . . any proceeding where 'there is no balance of representation by opposing advocates' due to one of the parties being unrepresented."[16]

Under a broad interpretation of the term "ex parte," some courts have found that an "essential element" of an ex parte application under Rules 3.3(d) is that the party making an application to a tribunal reasonably anticipates that the tribunal will act on the application based on only one side's presentation.[17]  Courts have applied this understanding to class action settlements and other joint settlements, fee applications in common fund cases, and motions to withdraw as counsel.[18]  One New York court has suggested that in housing court proceedings, it would be reasonable to require lawyers to provide the court with information that is adverse to their

---

[14] N.Y. Lawyer's Code of Prof'l Responsibility, EC 7-15 (2007); *see also* Annotated Code of Prof'l Responsibility 282-86 (American Bar Foundation 1979) (discussing equivalent ABA version of EC 7-15 and duties of lawyers appearing before administrative agencies and tribunals, with a particular focus on proceedings before the SEC and IRS).

[15] *In re Seelig*, 850 A.2d 477, 484 n. 6 (N.J. 2004) (quoting majority opinion of District Ethics Committee).

[16] *Matter of Malmin*, 895 P.2d 1217, 1220 (Idaho 1995) (quoting I.R.P.C. 3.3(d), cmt. 4).

[17] *Budny v. Statewide Griev. Comm.*, 1997 Conn. Super. LEXIS 1579, at *8-9 (Conn. Super. Ct. 1997).

[18] *Ark. Teacher Ret. Sys. v. State St. Bank & Trust Co.*, 2018 U.S. Dist. LEXIS 111409, at *410-15 (D. Mass. 2018) (joint settlement); *Flores v. Mamma Lombardi's of Holbrook, Inc.*, 104 F. Supp. 3d 290, 306 (E.D.N.Y. 2015) (fee application); *United States v. Allen,* 2008 U.S. Dist. LEXIS 50968, at *9-11 (D. Kan. 2008) (motion to withdraw)

4

clients, "where statistically the vast majority of defendants are unrepresented and therefore less likely to be able to communicate essential information to the court."[19] Commentators have also argued that Rule 3.3(d) should be applicable to the presentation of a parenting plan in a child custody proceeding, and to the prosecution's presentation of scientific evidence in a criminal proceeding where the defense has not had access to discovery.[20]

In attempting to define when the duties of Rule 3.3(d) apply, some courts have also focused on the reason the absent party has not appeared. For example, one court found that the mere fact that the petitioner had not appeared in the court proceeding did not make it ex parte. The court concluded that the respondent board's ethical obligations to the petitioner ended when it gave him notice of the proceeding and he failed to appear.[21]

**Analysis**

Tribunals and individual judges have authority to request information beyond what Rule 3.3(d) and other rules require lawyers to disclose on their own initiative. When an opposing party is absent, whether or not that party had an opportunity to appear, the court can ask the movant's counsel questions or otherwise solicit information, including information adverse to the movant's position, if deemed helpful to a fair and well-informed decision. This opinion, however, does not address what further information a tribunal may or should require, but what a tribunal is entitled to expect under Rule 3.3(d).[22]

As discussed, there are different possible ways to define "ex parte proceeding" for purposes of Rule 3.3(d). A very narrow approach would be to apply Rule 3.3(d) only to emergency applications for temporary relief, such as temporary restraining orders, of which the absent party has not received notice. Comment [14] to Rule 3.3(d) indicates that, at minimum, this is what the rule requires. A very expansive approach would be to read the rule to apply to any proceeding in which there is an imbalance between opposing sides due to one of the party's absence or its position being inadequately represented. Given the rule's purpose, we reject both extremes.

---

[19] *Kings & Queens Holdings, Inc. v Ahmad*, 56 Misc. 3d 832, 844 (Civ. Ct. Richmond Cty. 2017).

[20] Wesley Mack Bryant, *Solomon's New Sword: Tennessee's Parenting Plan, The Roles of Attorneys, and the Care Perspective,* 70 Tenn. L. Rev. 221, 246-47 (2002); Paul C. Giannelli & Kevin C. McMunigal, *Symposium: Ethics and Evidence: IV. Ethical Considerations in the Use of Expert Testimony: Prosecutors, Ethics, and Expert Witnesses,* 76 Fordham L. Rev. 1493, 1532-36 (2007) (arguing for a "cooperative *ex parte* standard" for the presentation of such evidence).

[21] *Allen v. Bureau of Workers' Comp.*, 814 A.2d 1275, 1278 (Pa. Commonwealth Ct. 2003); *accord Bucks Cty. Water & Sewer Auth. v. A Portion of the Lands of Marchione,* No. 573 C.D. 2017, 2018 WL 1614461 at n.6 (Pa. Commonwealth Ct. April 4, 2018) (unpublished opinion). *See also In re Seelig*, 850 A.2d 477, 484 n. 6 (N.J. 2004) (stating that proceeding is not ex parte when an adverse party simply elects not to appear after receiving notice).

[22] We also note that Rule 3.3(d) is not limited to court proceedings and applies to any ex parte proceeding before a "tribunal." *See* Rule 1.0(w), which defines "tribunal" as follows:

> [A] court, an arbitrator in an arbitration proceeding or a legislative body, administrative agency or other body acting in an adjudicative capacity. A legislative body, administrative agency or other body acts in an adjudicative capacity when a neutral official, after the presentation of evidence or legal argument by a party or parties, will render a legal judgment directly affecting a party's interests in a particular matter.

At minimum, an "ex parte proceeding" under Rule 3.3(d) includes any adversarial proceeding in which a party requests immediate relief and in which the adverse party has not received notice and an opportunity to be heard.[23] Emergency applications for short-term relief, such as temporary restraining orders, are the example provided in Comment [14] to Rule 3.3(d). However, the use of the phrase "such as" in the Comment indicates that applications for temporary restraining orders were not intended to be the only type of proceeding to which Rule 3.3(d) applies.

Rule 3.3(d) also applies to proceedings in which an adverse party was not legally permitted to appear, so that the party's position could not have been presented. In such proceedings, the tribunal is relying solely on the factual representations made by the lawyer who is making the application. An example would be a prosecutor's application for an arrest warrant or a search warrant.[24] Because potentially affected parties have no legal opportunity to be heard, the prosecutor has a duty under Rule 3.3(d) to provide the tribunal with all material information – including facts adverse to the prosecutor's position – insofar as the prosecutor knows them to be necessary to "enable the tribunal to make an informed decision" regarding whether the warrant should be issued.[25]

However, the requirement in Rule 3.3(d) that a lawyer disclose to the tribunal facts that are adverse to the lawyer's client is an exception to the general principle that a lawyer's primary duty is to advocate on behalf of one's client. As Comment [14] to Rule 3.3(d) notes: "Ordinarily, an advocate has the limited responsibility of presenting one side of matters that a tribunal should consider in reaching a decision; the opposing position is expected to be presented by the adverse party." Any exception to this general principle, which defines the lawyer's role as advocate, should presumptively be limited.

Accordingly, Rule 3.3(d) does not apply to adversarial proceedings in which both sides are present but one appears *pro se*. Nor does the rule apply to proceedings in which an adverse or other interested party received notice sufficiently in advance to provide a reasonable opportunity

---

[23] This definition would therefore not apply to a situation where an attorney is merely seeking to schedule a hearing date or set the manner and timing of service but is not otherwise requesting any relief from the tribunal.

[24] Roy D. Simon and Nicole I. Hyland, *Simon's New York Rules of Professional Conduct Annotated*, 1120 (2017 ed.) ("Rule 3.3(d) governs a lawyer's conduct before the court or other tribunal in an ex parte proceeding such as a TRO or an application for a search warrant"); *see also Idaho State Bar v. Dodge*, 108 P.3d 362 (Idaho 2005).

Our state's high court has recognized that "[p]rosecutors are officers of the court, with a corresponding 'unqualified duty of scrupulous candor that rests upon government counsel.'" *People v. Hameed*, 88 N.Y.2d 232, 238 (1996) (quoting *Shotwell Mfg. Co. v. United States*, 371 U.S. 341, 358 (1963). Prosecutors' duty of candor to the court under Rule 3.3(d) does not supersede other legal duties that prosecutors may have when making applications to the court, but potentially supplements those duties. *See* note 6, *supra; see, e.g.*, ABA Formal Op. 95-396 (1995) ("Ethics rules . . . seek to regulate the conduct of lawyers according to the standards of the profession quite apart from other laws or rules that may also govern a lawyer's actions. Consequently, by delineating a lawyer's duties to maintain standards of ethical conduct, ethical rules like Rule 4.2 may offer protections beyond those provided by the Constitution.").

[25] The rule has no application insofar as search and arrest warrant applications are made by the police without a prosecutor's assistance. This Opinion does not address whether the rule applies to prosecutors when their assistance in a party's ex parte application is undisclosed. *See* note 4, *supra*.

6

to appear but has simply chosen not to do so. Such a proceeding is, by its nature, an adversarial proceeding, not an ex parte one, as the standard definitions of the term reflect.[26] For example, if the adverse party received advance notice of an application for a temporary restraining order and had time to appear but elected not to do so, Rule 3.3(d) would not apply.[27] In that case, the movant would not necessarily have anticipated before the hearing that its presentation would be one-sided, and fairness to the other side would not dictate that the movant offer both sides' arguments at a hearing. The tribunal would of course be free to solicit additional information from the movant, in light of the adverse party's absence, in order to promote the interest in a fair resolution.

Finally, Rule 3.3(d) does not apply when the opposing party, although absent, has had a previous opportunity to present its position, so that the tribunal in fact hears both sides before making its decision. An example is an adjudicative proceeding before an administrative agency such as Social Security disability hearing in which the government, although not formally represented before the tribunal, has already had an opportunity to prepare the case that is being considered in the hearing. As one ethics opinion has noted in concluding that Rule 3.3(d) does not apply to such proceedings:

> In a disability hearing, there is a "balance of presentation" because the Social Security Administration has an opportunity to develop the written record that is before the ALJ at the time of hearing. Moreover, the ALJ has the authority to make his or her own investigation of the facts. When there are no "deficiencies of the adversary system," the burden of presenting the case against a finding of disability should not be put on the lawyer for the claimant.

NC State Bar, 98 Formal Ethics Opinion 1.

**CONCLUSION:**

Given that a lawyer's disclosure obligation under Rule 3.3(d) marks a significant departure from the advocate's ordinary role, the obligation applies in limited circumstances. It does not apply to proceedings in which an opposing party appears pro se or is absent by choice. The rule applies only to proceedings in which, for practical or legal reasons, only one side has an opportunity to present its case. Examples include an application for a temporary restraining order where the adverse party has not been provided with notice, an opportunity to be heard on the application

---

[26] R. 3.3 cmt. [14]; Black's Law Dictionary 697, note 7, *supra*. Such a bright line also serves the purposes of the rule to protect adverse parties and enable the court to make a reasoned determination. A contrary interpretation would require a case-by-case inquiry into the reasons for an adverse party's nonappearance and would place an undue burden on both the tribunal and the attorney appearing before it. Such an interpretation could even allow an adverse party to make strategic use of a non-appearance, knowing that the lawyer appearing before the tribunal would then be required to disclose confidential information that would not otherwise be presented in an adversary proceeding.

[27] E.*g.*, Pa. Informal Opinion 2005-10 (finding that a hearing in which all parties in interest have been given notice and an opportunity to be heard is not "ex parte" and is therefore not subject to Rule 3.3(d) but noting that "[t]here are circumstances where failure to make a disclosure is the equivalent of an affirmative misrepresentation.") (quoting Pa. R. Prof. Cond. 3.3 cmt. [3]). The Pennsylvania version of Comment [3] to Rule 3.3 is identical to New York's version.

7

and time to appear, as well as to proceedings, such as search warrant applications, in which interested parties are not permitted to receive notice and to participate. Disclosure of material adverse facts in these proceedings promotes fairness to absent parties as well as the public interest in fair and well-informed judicial decisions.