**EXHIBIT C**

**From:** "Eisman, Scott A." <seisman@axinn.com>
**Date:** Thursday, January 29, 2026 at 2:08 PM
**To:** DBS Law PLLC <davidbrian@dbslawpllc.com>, "Sherwood, Kyle R." <ksherwood@axinn.com>, "Clendenen, Michael P." <mclendenen@axinn.com>, Scott Sholder <ssholder@cdas.com>
**Cc:** "dbs@smallmanlaw.com" <dbs@smallmanlaw.com>
**Subject:** RE: Defendants' Counsels' Email Message 26 January 2026 at or about 3:41 PM EST

David,

Why do you believe that the points I raised in my January 27 email are "erroneous as to the actual facts and to applicable law"?

Best regards,
Scott


**Scott A. Eisman**
Partner
T: 212.261.5642

**From:** David Brian Smallman <davidbrian@dbslawpllc.com>
**Sent:** Thursday, January 29, 2026 11:31 AM
**To:** Eisman, Scott A. <seisman@axinn.com>; Sherwood, Kyle R. <ksherwood@axinn.com>; Clendenen, Michael P. <mclendenen@axinn.com>; Scott Sholder <ssholder@cdas.com>
**Cc:** dbs@smallmanlaw.com
**Subject:** Re: Defendants' Counsels' Email Message 26 January 2026 at or about 3:41 PM EST

**Caution: External Email**

Without Waiver/Without Prejudice/All Rights Reserved

Mr. Eisman:

Plaintiff disagrees with the assertion set forth in your 6:40 PM EST 27 January 2026

email message (below) that my 6:04 PM EST 27 January preliminary summary email message mischaracterized the discussion between and among counsel., and Plaintiff further disagrees with each of the three specific points you assert, which are erroneous as to the actual facts and to applicable law.

And while not referenced in your email message, Kyle Sherwood's email message "demand" to Plaintiff's counsel was sent on Sunday, 25 January, not 26 January. A revised copy of my 6:04 PM EST 27 January email (below) reflects that revision nunc pro tunc as "2[5] January Email."

Plaintiff will be filing today its response to the letter and exhibits Defendants filed with the Court following our conference call on Tuesday afternoon.

Sincerely,

David Brian Smallman
*Counsel to Plaintiff Rosset Family Legacy Holdings LLC*

David Brian Smallman
**Smallman + Snyder Law Group**
| Smallman Law PLLC |
NOTE NEW OFFICE LOCATION:
43 West 43rd Street, Suite 242
New York, NY 10036-7424
Email: dbs@smallmanlaw.com
          DavidBrian@DBSLawPLLC.com
Tel/Txt: 1.917.414.0182
eFax: 1 212.202.5200
LinkedIn: http://linkedin.com/in/dbslawpllc

This message, together with any attachments, is intended only for the limited use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any use beyond the intended purpose, further dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender, call Smallman Law PLLC immediately by telephone (1.917.414.0182) or by return E-mail and delete the message, along with any attachments, from your computer. Thank you.

----------

**From:** DBS Law PLLC davidbrian@dbslawpllc.com
**Date:** Tuesday, January 27, 2026 at 6:04 PM
**To:** "Eisman, Scott A." seisman@axinn.com, "Sherwood, Kyle R." ksherwood@axinn.com, "Clendenen, Michael P." mclendenen@axinn.com, Scott Sholder ssholder@cdas.com
**Cc:** dbs@smallmanlaw.com dbs@smallmanlaw.com
**Subject:** Re: Defendants' Counsels' Email Message 2[5] January 2026 at or about 3:41 PM EST (Revised nunc pro tunc pursuant to Item 25 below re: Mr. Sherwood's 3:41 PM EST 25 January Email (Sunday)

Without Waiver/Without Prejudice/All Rights Reserved

Thank you for setting up a conference call to discuss the above referenced email message and related matters. The following facts, issues, and the respective positions of Plaintiff's counsel and Defendants' counsel, were discussed or referenced in our conference call and are otherwise relevant to the matters addressed during our call:

1. Defendants' Counsel sent an Email Message dated 2[5 ]January 2026 at or about 3:41 PM EST to the undersigned counsel for Plaintiff ("2[5] January Email");
2. A telephone call by Defendants' counsel to the Part 43 Clerk, as set forth in Mr. Sherwood's 25 January Email, which was disclosed to Plaintiff's counsel for the first time in the foregoing 2[5] January Email, and which telephone call was made solely by Defendants' counsel (Mr. Sherwood) without communicating to Plaintiff's counsel.
3. According to the 2[5] January Email, Mr. Sherwood states that he discussed with the Part 43 Clerk "how the Court wished for [Mr. Sherwood] to raise the question [of the notice scheduling a conference with the Court]."
4. The 2[5] January Email states that the Court instructed Defendant to email chambers.
5. Mr. Sherwood did not communicate with Plaintiff's counsel about the instructions he received from the Part Clerk to email the Court until he delivered the 2[5] January Email.
6. On January 8, 2026, Mr. Sherwood, on behalf of Defendants, prepared and delivered an email message to Justice Reed's Chambers, copying Plaintiff's counsel, but without conferring with Plaintiff's counsel beforehand regarding the Court's instruction from Mr. Sherwood's telephone call ("8 January Email"). Mr. Sherwood's 8 January Email to Justice Reed's contained a recitation of removal documents previously filed with the Court and included 5 attachments: NYSCEF Doc. Nos. 90, 91, 92, 93, and also attached the email notice dated 8 January 2026 from the Part 43 Clerk to all counsel, which email attached the Court's Status Conference Form and provided a link to the Part-re-Rules.pdf. The 8 January Email did not refer to a telephone call made previously to the Court by Mr. Sherwood or any communications by Mr. Sherwood to the Part 43 Clerk or any instructions received by Mr. Sherwood from the Part 43 Clerk.
7. The 8 January Email did not inform Justice Reed (via the email to Chambers) that Plaintiff had timely filed a motion to remand the case to the New York State Supreme Court, Commercial Division, and that the motion to remand was pending or provide the Court with the briefing schedule for the motion to remand in the removal Court.
8. The 8 January Email contained a citation to statutory authority, arguing that "Pursuant to 28 U.S.C. § 1446(d), this Court may proceed no further unless and until the case is remanded."
9. The 8 January Email did not reference an "error" by the Court in scheduling a status conference.
10. The 8 January Email requested, solely on behalf of Defendants, "whether this status conference will be cancelled."
11. On January 13, 2026, the Court issued a Decision + Order On Motion dated January 8, 2026 (NYSCEF Doc. No. 94) (Notification of Entry of Order/Judgment) referencing that a "notice of removal was filed on November 17, 2025" and ordering that "defendants' motions to dismiss . . . are denied as moot ad this

action shall be marked disposed."
12. On January 13, 2026, the Court issued a Decision + Order On Motion dated January 8, 2026 (NYSCEF Doc. No. 95) (Notification of Entry of Order/Judgment) referencing that a "notice of removal was filed on November 17, 2025" and ordering that "defendants' motions to dismiss . . . are denied as moot a[n]d this action shall be marked disposed."
13. On Friday, January 16, 2026, Defendant ERI's counsel, Mr. Clendenen, filed a Declaration in Support of Defendants' opposition to remand (ECF No. 36) with the removal Court attaching, inter alia, Exhibit B (NYSCEF Doc. No. 94) and Exhibit C (NYSCEF Doc. No. 95) ("Clendenen Declaration").
14. The Clendenen Declaration did not attach the 8 January Email and did not attach the attachments to the 9 January Email, nor did the Clendenen Declaration or Defendants' Opposition to remand brief reference the 8 January telephone call by Mr. Sherwood to Justice Reed's Chambers.
15. Part VII ((Plaintiff Is Entitled to Attorneys' Fees and Costs Under § 1447(c[)] of Plaintiff's Reply Brief in Further Support of Plaintiff's Motion to Remand contains the following (last) sentence: "And Defendants' ex parte communications with the Trial Court resulting in Orders entered this month remain undisclosed by Defendants."
16. The 2[5] January email and another email from Mr. Sherwood on 27 January 2026 to the undersigned counsel demanded that Plaintiff withdraw the allegation [the above sentence], asserted that the above sentence was "demonstrably false," and asserted that if Plaintiff's counsel "will not withdraw the allegation, [Defendants] will seek appropriate relief with the Court."
17. Plaintiff's counsel requested that Defendants counsel disclose to the removal Court the oral and written communications by Defendants' counsel to the removal Court.
18. Defendants ERI's counsel, Mr. Eiseman, asserted on today's conference call that the communications by telephone and by email by Mr. Sherwood to the Part 43 Clerk and to Chambers were not ex parte..
19. Plaintiff's counsel declined to withdraw the last sentence of Part VII of Plaintiff's Reply Brief in Further Support of Plaintiff's Motion to Remand to State Court and for Costs and Expenses.
20. Plaintiff's counsel referred Defendants' counsel on the conference call to the duty of candor (NY Rules of Prof. Conduct 3.3) and suggested that Defendants' counsel discuss the issues with the law firms' ethics counsel(s).  Mr. Eisman stated that he had done so.
21. Mr. Eisman requested that Plaintiff's counsel inform Defendants' counsel of any rules that had been violated by Defendants' counsel regarding the above facts.
22. Defendants' counsel, having litigated in the Trial Court for more than a year, were aware that the Part 43 Practices and Procedures require joint communications with that Court regarding adjournments and letters to the Court concerning status conferences.  At an appropriate time, additional information may be required to establish the complete substance of the communications between Mr. Sherwood and the Trial Court and the reasons why Defendants' counsel did not follow the procedures previously observed by communicating with Plaintiff's counsel prior to calling the Part 43 Clerk and to jointly prepare and submit any letters to the Trial Court regarding status conferences.

23. Plaintiff's counsel reiterated Plaintiff's request that Defendants' counsel voluntarily inform the Court of the communications by Defendants' counsel referenced above and let the removal Court evaluate the conduct of Defendants regarding the undisclosed facts and/or omissions regarding disclosed facts as described above and apply the applicable law to, inter alia, the relief sought by Plaintiff's in its motion to Remand and to Defendants' overall duties and obligations to the Court.
24. Plaintiff and Plaintiff's counsel are currently reviewing and evaluating their respective duties and obligations regarding the matters addressed in this email message and other matters, and fully reserves all rights to take whatever steps may be required under the applicable facts, rules, and law at the appropriate time and in the appropriate manner.
25. Plaintiff's counsel further reserves the right to revise the above preliminary summary.

Sincerely,

David Brian Smallman
*Counsel for Plaintiff Rosset Family Legacy Holdings LLC*

David Brian Smallman
**Smallman + Snyder Law Group**
**| Smallman Law PLLC |**
NOTE NEW OFFICE LOCATION:
43 West 43rd Street, Suite 242
New York, NY 10036-7424
Email: dbs@smallmanlaw.com
           DavidBrian@DBSLawPLLC.com
Tel/Txt: 1.917.414.0182
eFax: 1 212.202.5200
LinkedIn: http://linkedin.com/in/dbslawpllc

This message, together with any attachments, is intended only for the limited use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any use beyond the intended purpose, further dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender, call Smallman Law PLLC immediately by telephone (1.917.414.0182) or by return E-mail and delete the message, along with any attachments, from your computer. Thank you.

---

**From:** "Eisman, Scott A." <seisman@axinn.com>
**Date:** Tuesday, January 27, 2026 at 6:40 PM
**To:** DBS Law PLLC <davidbrian@dbslawpllc.com>, "Sherwood, Kyle R." <ksherwood@axinn.com>, "Clendenen, Michael P." <mclendenen@axinn.com>, Scott Sholder <ssholder@cdas.com>
**Cc:** "dbs@smallmanlaw.com" <dbs@smallmanlaw.com>
**Subject:** RE: Defendants' Counsels' Email Message 26 January 2026 at or about 3:41 PM EST

David,

Your email mischaracterizes our conversation in several respects.

First, your suggestion that Defendants' counsel violated New York Rule of Professional Conduct 3.3 is simply wrong. That Rule bars lawyers from "mak[ing] a false statement of fact or law to a tribunal or fail[ing] to correct a false statement of material fact or law previously made to the tribunal by the lawyer." N.Y. R. Prof'l Conduct 3.3(a)(1). We did not make a false statement or failed to correct one. Nor does Rule 3.3(d) apply. That rule requires a lawyer "[i]n an ex parte proceeding . . . [to] inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse." For one thing, our only substantive communication to chambers was *not* ex parte; you were copied on it. And regardless, Plaintiff's pending remand motion was not a "material fact[] . . . that [would] enable the tribunal to make an informed decision," since the state court had no discretion to hold a conference. Under 28 U.S.C. § 1446(d), the state-court proceeding could proceed no further once we filed our notice of removal.

Second, contrary to what you say in paragraph 22 of your email, we did not request an "adjournment[]" of the status conference. Rather, we asked whether the status conference would be canceled in light of Defendants' notice of removal and § 1446(d)'s command that the case proceed no further until remand.

Third, you refused to cite to us the basis for your contention that we were required to make a joint submission to the state court. In any event, Section 4(b) of the Part 43 Practices and Procedures contemplates requests to adjourn a conference "by emailing the Part Clerk"—and does not require that the application be joint. Again, we copied you on our email to the Part Clerk; there was nothing ex parte about it.

We reserve all rights.

Best regards,
Scott


**Scott A. Eisman**
Partner
T: 212.261.5642

---

**From:** David Brian Smallman <davidbrian@dbslawpllc.com>
**Sent:** Tuesday, January 27, 2026 6:05 PM
**To:** Eisman, Scott A. <seisman@axinn.com>; Sherwood, Kyle R. <ksherwood@axinn.com>; Clendenen, Michael P. <mclendenen@axinn.com>; Scott Sholder <ssholder@cdas.com>
**Cc:** dbs@smallmanlaw.com
**Subject:** Re: Defendants' Counsels' Email Message 26 January 2026 at or about 3:41 PM EST

**Caution: External Email**

---

Without Waiver/Without Prejudice/All Rights Reserved

Thank you for setting up a conference call to discuss the above referenced email message and related matters. The following facts, issues, and the respective positions

6 of 15

of Plaintiff's counsel and Defendants' counsel, were discussed or referenced in our conference call and are otherwise relevant to the matters addressed during our call:

1. Defendants' Counsel sent an Email Message dated 26 January 2026 at or about 3:41 PM EST to the undersigned counsel for Plaintiff ("26 January Email");
2. A telephone call by Defendants' counsel to the Part 43 Clerk, as set forth in Mr. Sherwood's 26 January Email, which was disclosed to Plaintiff's counsel for the first time in the foregoing 26 January Email, and which telephone call was made solely by Defendants' counsel (Mr. Sherwood) without communicating to Plaintiff's counsel.
3. According to the 26 January Email, Mr. Sherwood states that he discussed with the Part 43 Clerk "how the Court wished for [Mr. Sherwood] to raise the question [of the notice scheduling a conference with the Court]."
4. The 26 January Email states that the Court instructed Defendant to email chambers.
5. Mr. Sherwood did not communicate with Plaintiff's counsel about the instructions he received from the Part Clerk to email the Court until he delivered the 26 January Email.
6. On January 8, 2026, Mr. Sherwood, on behalf of Defendants, prepared and delivered an email message to Justice Reed's Chambers, copying Plaintiff's counsel, but without conferring with Plaintiff's counsel beforehand regarding the Court's instruction from Mr. Sherwood's telephone call ("8 January Email"). Mr. Sherwood's 8 January Email to Justice Reed's contained a recitation of removal documents previously filed with the Court and included 5 attachments: NYSCEF Doc. Nos. 90, 91, 92, 93, and also attached the email notice dated 8 January 2026 from the Part 43 Clerk to all counsel, which email attached the Court's Status Conference Form and provided a link to the Part-re-Rules.pdf. The 8 January Email did not refer to a telephone call made previously to the Court by Mr. Sherwood or any communications by Mr. Sherwood to the Part 43 Clerk or any instructions received by Mr. Sherwood from the Part 43 Clerk.
7. The 8 January Email did not inform Justice Reed (via the email to Chambers) that Plaintiff had timely filed a motion to remand the case to the New York State Supreme Court, Commercial Division, and that the motion to remand was pending or provide the Court with the briefing schedule for the motion to remand in the removal Court.
8. The 8 January Email contained a citation to statutory authority, arguing that "Pursuant to 28 U.S.C. § 1446(d), this Court may proceed no further unless and until the case is remanded."
9. The 8 January Email did not reference an "error" by the Court in scheduling a status conference.
10. The 8 January Email requested, solely on behalf of Defendants, "whether this status conference will be cancelled."
11. On January 13, 2026, the Court issued a Decision + Order On Motion dated January 8, 2026 (NYSCEF Doc. No. 94) (Notification of Entry of Order/Judgment) referencing that a "notice of removal was filed on November 17, 2025" and ordering that "defendants' motions to dismiss . . . are denied as moot ad this action shall be marked disposed."
12. On January 13, 2026, the Court issued a Decision + Order On Motion dated

January 8, 2026 (NYSCEF Doc. No. 95) (Notification of Entry of Order/Judgment) referencing that a "notice of removal was filed on November 17, 2025" and ordering that "defendants' motions to dismiss . . . are denied as moot ad this action shall be marked disposed."

13. On Friday, January 16, 2026, Defendant ERI's counsel, Mr. Clendenen, filed a Declaration in Support of Defendants' opposition to remand (ECF No. 36) with the removal Court attaching, inter alia, Exhibit B (NYSCEF Doc. No. 94) and Exhibit C (NYSCEF Doc. No. 95) ("Clendenen Declaration").
14. The Clendenen Declaration did not attach the 8 January Email and did not attach the attachments to the 9 January Email, nor did the Clendenen Declaration or Defendants' Opposition to remand brief reference the 8 January telephone call by Mr. Sherwood to Justice Reed's Chambers.
15. Part VII ((Plaintiff Is Entitled to Attorneys' Fees and Costs Under § 1447(c[)] of Plaintiff's Reply Brief in Further Support of Plaintiff's Motion to Remand contains the following (last) sentence: "And Defendants' ex parte communications with the Trial Court resulting in Orders entered this month remain undisclosed by Defendants."
16. The 26 January email and another email from Mr. Sherwood on 27 January 2026 to the undersigned counsel demanded that Plaintiff withdraw the allegation [the above sentence], asserted that the above sentence was "demonstrably false," and asserted that if Plaintiff's counsel "will not withdraw the allegation, [Defendants] will seek appropriate relief with the Court."
17. Plaintiff's counsel requested that Defendants counsel disclose to the removal Court the oral and written communications by Defendants' counsel to the removal Court.
18. Defendants  ERI's counsel, Mr. Eiseman, asserted on today's conference call that the communications by telephone and by email by Mr. Sherwood to the Part 43 Clerk and to Chambers were not ex parte..
19. Plaintiff's counsel declined to withdraw the last sentence of Part VII of Plaintiff's Reply Brief in Further Support of Plaintiff's Motion to Remand to State Court and for Costs and Expenses.
20. Plaintiff's counsel referred Defendants' counsel on the conference call to the duty of candor (NY Rules of Prof. Conduct 3.3) and suggested that Defendants' counsel discuss the issues with the law firms' ethics counsel(s).  Mr. Eisman stated that he had done so.
21. Mr. Eisman requested that Plaintiff's counsel inform Defendants' counsel of any rules that had been violated by Defendants' counsel regarding the above facts.
22. Defendants' counsel, having litigated in the Trial Court for more than a year, were aware that the Part 43 Practices and Procedures require joint communications with that Court regarding adjournments and letters to the Court concerning status conferences.  At an appropriate time, additional information may be required to establish the complete substance of the communications between Mr. Sherwood and the Trial Court and the reasons why Defendants' counsel did not follow the procedures previously observed by communicating with Plaintiff's counsel prior to calling the Part 43 Clerk and to jointly prepare and submit any letters to the Trial Court regarding status conferences.
23. Plaintiff's counsel reiterated Plaintiff's request that Defendants' counsel voluntarily inform the Court of the communications by Defendants' counsel referenced above

and let the removal Court evaluate the conduct of Defendants regarding the undisclosed facts and/or omissions regarding disclosed facts as described above and apply the applicable law to, inter alia, the relief sought by Plaintiff's in its motion to Remand and to Defendants' overall duties and obligations to the Court.

24. Plaintiff and Plaintiff's counsel are currently reviewing and evaluating their respective duties and obligations regarding the matters addressed in this email message and other matters, and fully reserves all rights to take whatever steps may be required under the applicable facts, rules, and law at the appropriate time and in the appropriate manner.
25. Plaintiff's counsel further reserves the right to revise the above preliminary summary.

Sincerely,

David Brian Smallman
*Counsel for Plaintiff Rosset Family Legacy Holdings LLC*

David Brian Smallman
**Smallman + Snyder Law Group**
| **Smallman Law PLLC** |
NOTE NEW OFFICE LOCATION:
43 West 43rd Street, Suite 242
New York, NY 10036-7424
Email: dbs@smallmanlaw.com
         DavidBrian@DBSLawPLLC.com
Tel/Txt: 1.917.414.0182
eFax: 1 212.202.5200
LinkedIn: http://linkedin.com/in/dbslawpllc

This message, together with any attachments, is intended only for the limited use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any use beyond the intended purpose, further dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender, call Smallman Law PLLC immediately by telephone (1.917.414.0182) or by return E-mail and delete the message, along with any attachments, from your computer. Thank you.

---

**From:** "Eisman, Scott A." <seisman@axinn.com>
**Date:** Tuesday, January 27, 2026 at 3:25 PM
**To:** DBS Law PLLC <davidbrian@dbslawpllc.com>, "Sherwood, Kyle R." <ksherwood@axinn.com>, "Clendenen, Michael P." <mclendenen@axinn.com>, Scott Sholder <ssholder@cdas.com>
**Cc:** "dbs@smallmanlaw.com" <dbs@smallmanlaw.com>
**Subject:** RE: Defendants' Counsels' Email Message 26 January 2026 at or about 3:41 PM EST

I can join now briefly.

**Scott A. Eisman**
Partner

T: 212.261.5642

From: David Brian Smallman <davidbrian@dbslawpllc.com>
Sent: Tuesday, January 27, 2026 3:20 PM
To: Sherwood, Kyle R. <ksherwood@axinn.com>; Eisman, Scott A. <seisman@axinn.com>; Clendenen, Michael P. <mclendenen@axinn.com>; Scott Sholder <ssholder@cdas.com>
Cc: dbs@smallmanlaw.com
Subject: Re: Defendants' Counsels' Email Message 26 January 2026 at or about 3:41 PM EST

**Caution: External Email**

From: "Sherwood, Kyle R." ksherwood@axinn.com
Date: Tuesday, January 27, 2026 at 3:22 PM
To: DBS Law PLLC davidbrian@dbslawpllc.com, "Eisman, Scott A." seisman@axinn.com, "Clendenen, Michael P." mclendenen@axinn.com, Scott Sholder ssholder@cdas.com
Cc: dbs@smallmanlaw.com dbs@smallmanlaw.com
Subject: RE: Defendants' Counsels' Email Message 26 January 2026 at or about 3:41 PM EST

David,

I circulated an invitation to a Teams meeting today at 3pm ET, which you accepted. Counsel for Defendants joined the call at 3pm and waited ten minutes for you to join, but you failed to do so.

Please let us know by 6pm ET today whether you will withdraw your allegation that Defendants' counsel engaged in ex parte communications. This allegation is demonstrably false, as explained in my attached email to you. If you will not withdraw the allegation, we will seek appropriate relief with the Court.

Best regards,
Kyle


**Kyle R. Sherwood**
Associate
T: 212.782.3184

---

We had the meeting calendared at 3:15 pm and telephoned.  We are now available by computer.  Please let me know if counsel are available.  Thank you.

David Brian Smallman
**Smallman + Snyder Law Group**
**| Smallman Law PLLC |**
NOTE NEW OFFICE LOCATION:
43 West 43rd Street, Suite 242
New York, NY 10036-7424

Email: dbs@smallmanlaw.com
DavidBrian@DBSLawPLLC.com
Tel/Txt: 1.917.414.0182
eFax: 1 212.202.5200
LinkedIn: http://linkedin.com/in/dbslawpllc

This message, together with any attachments, is intended only for the limited use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any use beyond the intended purpose, further dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender, call Smallman Law PLLC immediately by telephone (1.917.414.0182) or by return E-mail and delete the message, along with any attachments, from your computer. Thank you.

---

**From:** "Sherwood, Kyle R." <ksherwood@axinn.com>
**Date:** Monday, January 26, 2026 at 8:36 PM
**To:** DBS Law PLLC <davidbrian@dbslawpllc.com>, "Eisman, Scott A." <seisman@axinn.com>, "Clendenen, Michael P." <mclendenen@axinn.com>, Scott Sholder <ssholder@cdas.com>
**Cc:** "dbs@smallmanlaw.com" <dbs@smallmanlaw.com>
**Subject:** Defendants' Counsels' Email Message 26 January 2026 at or about 3:41 PM EST

Let me know if this time does not work.

---

## Microsoft Teams meeting

## Join: https://teams.microsoft.com/meet/25155662030574?p=k4mpgqql8ibWAy6Gim

Meeting ID: 251 556 620 305 74
Passcode: pi3XY2oR

---

Need help? | System reference

**Dial in by phone**
+1 929-352-1756,,237481838# United States, New York City
(844) 716-4655,,237481838# United States (Toll-free)
Find a local number
Phone conference ID: 237 481 838#

**Join on a video conferencing device**
Tenant key: axinnnet@m.webex.com
Video ID: 118 471 409 1

More info

11 of 15

For organizers: Meeting options | Reset dial-in PIN
_____

_____
**From:** David Brian Smallman <davidbrian@dbslawpllc.com>
**Sent:** Monday, January 26, 2026 6:36 PM
**To:** Eisman, Scott A. <seisman@axinn.com>; Sherwood, Kyle R. <ksherwood@axinn.com>; Clendenen, Michael P. <mclendenen@axinn.com>; Scott Sholder <ssholder@cdas.com>; David Brian Smallman <davidbrian@dbslawpllc.com>
**Cc:** dbs@smallmanlaw.com
**Subject:** Re: Defendants' Counsels' Email Message 26 January 2026 at or about 3:41 PM EST

**Caution: External Email**

_____

<u>Without Waiver/Without Prejudice/All Rights Reserved</u>

Please let me know availability tomorrow, 27 January, Tuesday, between 10:45 AM EST and 5 PM EST.  Thank you.

Sincerely,

David Brian Smallman
*Counsel for Plaintiff Rosset Family Legacy Holdings LLC*


David Brian Smallman
**Smallman + Snyder Law Group**
**| Smallman Law PLLC |**
NOTE NEW OFFICE LOCATION:
43 West 43rd Street, Suite 242
New York, NY 10036-7424
Email: dbs@smallmanlaw.com
        DavidBrian@DBSLawPLLC.com
Tel/Txt: 1.917.414.0182
eFax: 1 212.202.5200
LinkedIn: http://linkedin.com/in/dbslawpllc

This message, together with any attachments, is intended only for the limited use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any use beyond the intended purpose, further dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender, call Smallman Law PLLC immediately by telephone (1.917.414.0182) or by return E-mail and delete the message, along with any attachments, from your computer. Thank you.

_____

**From:** "Eisman, Scott A." <seisman@axinn.com>
**Date:** Monday, January 26, 2026 at 5:27 PM
**To:** DBS Law PLLC <davidbrian@dbslawpllc.com>, "Sherwood, Kyle R." <ksherwood@axinn.com>, "Clendenen, Michael P." <mclendenen@axinn.com>, Scott Sholder <ssholder@cdas.com>
**Cc:** "dbs@smallmanlaw.com" <dbs@smallmanlaw.com>
**Subject:** RE: Defendants' Counsels' Email Message 26 January 2026 at or about 3:41 PM EST

David,

Kyle's out sick tomorrow with a stomach bug. We can speak tomorrow if you give us some times when you're free.

Best regards,
Scott


**Scott A. Eisman**
Partner

**Axinn, Veltrop & Harkrider LLP**
45 Rockefeller Plaza
New York, NY 10111
T: 212.261.5642
seisman@axinn.com | axinn.com

---

**From:** David Brian Smallman <davidbrian@dbslawpllc.com>
**Sent:** Monday, January 26, 2026 4:56 PM
**To:** Sherwood, Kyle R. <ksherwood@axinn.com>; Eisman, Scott A. <seisman@axinn.com>; Clendenen, Michael P. <mclendenen@axinn.com>; Scott Sholder <ssholder@cdas.com>
**Cc:** David Brian Smallman <davidbrian@dbslawpllc.com>; dbs@smallmanlaw.com
**Subject:** Defendants' Counsels' Email Message 26 January 2026 at or about 3:41 PM EST


**Caution: External Email**

---

Without Waiver/Without Prejudice/All Rights Reserved

Dear Mr. Sherwood:

Plaintiff's counsel is available today from now until 8 PM EST to confer by telephone regarding your email message sent yesterday afternoon, January 26, at or about 3:41 PM EST.

Please let me know if Defendants' counsel wish to schedule a call.

Sincerely,

David Brian Smallman
*Counsel for Plaintiff Rosset Family Legacy Holdings LLC*

David Brian Smallman
**Smallman + Snyder Law Group**
| **Smallman Law PLLC** |
NOTE NEW OFFICE LOCATION:
43 West 43rd Street, Suite 242
New York, NY 10036-7424
Email: dbs@smallmanlaw.com
　　　DavidBrian@DBSLawPLLC.com
Tel/Txt: 1.917.414.0182
eFax: 1 212.202.5200
LinkedIn: http://linkedin.com/in/dbslawpllc

This message, together with any attachments, is intended only for the limited use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any use beyond the intended purpose, further dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender, call Smallman Law PLLC immediately by telephone (1.917.414.0182) or by return E-mail and delete the message, along with any attachments, from your computer. Thank you.

**********************************************************************

Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
**********************************************************************

**********************************************************************

Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*