

**Scott A. Eisman**

Axinn, Veltrop & Harkrider LLP
630 5th Avenue
New York, NY  10111
212.261.5642
seisman@axinn.com

February 2, 2026

Hon. Loretta A. Preska
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 2200
New York, NY 10007-1312

Re:     *Rosset Family Legacy Holdings LLC v. Oakes*, No. 1:25-cv-9398

Dear Judge Preska:

Plaintiff's letter response (Dkt. No. 39) rests on a fundamental legal error and mischaracterizes routine administrative conduct as something sinister.

Plaintiff starts from the mistaken proposition that Defendants were trying to "influence" the state-court action. On the contrary, once Defendants filed their notice of removal, there was no state-court action to influence. Because the removal statute forbids the state-court action to "proceed [any] further unless and until the case is remanded," 28 U.S.C. § 1446(d), the "State court . . . los[t] jurisdiction on the date the notice of removal [wa]s filed in State court," *Riveredge Owners' Ass'n v. Town of Cortlandt, Inc.*, 2016 WL 6462387, at *7 (S.D.N.Y. Nov. 1, 2016) (quotation marks omitted), *report & recommendation adopted*, 2016 WL 7392218 (S.D.N.Y. Dec. 21, 2016); *see Kane v. St. Raymond's Roman Catholic Church*, 2015 WL 4270757, at *3 (S.D.N.Y. July 13, 2015) (removal "renders void any action that the state court" takes "unless and until the action is remanded"). Thus, when we contacted the Part 43 Clerk, we were merely trying to determine why a conference had been scheduled in a court that no longer had jurisdiction.

Plaintiff is equally wrong (Ltr. 2) that a short, nonsubstantive call to the Part 43 Clerk was an "impermissible ex parte communication." As the ethics opinion Plaintiff cites explains, impermissible ex parte communications occur only in "adversarial matters" and not in exempted situations, such as "where an attorney is merely seeking to schedule a hearing date or set the manner and timing of service." Dkt. No. 39-2 at 7 n.23. The latter is what happened here: we called to see whether the calendar invite was sent in error, given that the state court lost jurisdiction once we filed our notice of removal on the state-court docket.

Honorable Loretta A. Preska
February 2, 2026
Page 2

Nor is Plaintiff correct (Ltr. 3) that we "misrepresent[ed]" facts to the state court by failing to advise the court in our email that Plaintiff had moved to remand. Because "[t]he state court [wa]s deprived of jurisdiction to proceed with the removed action unless and until the case is remanded, *irrespective of whether the action is removable*," *United States ex rel. Echevarria v. Silberglitt*, 441 F.2d 225, 227 (2d Cir. 1971) (emphasis added; quotation marks omitted), the state court could not, as Plaintiff suggests (Ltr. 2), have considered whether "removal was proper" in deciding whether to cancel the hearing. There was thus no reason to mention the remand motion in the scheduling email asking whether the state court—which was powerless to proceed further whether or not Plaintiff had moved to remand—would be proceeding with the conference. Besides, Plaintiff's counsel was copied on the email to the clerk and could have mentioned the remand motion if he believed it relevant. He declined to do so.

Plaintiff is likewise wrong in suggesting (*id.*) that we misled this Court about how we "procure[d]" the state court orders. We included those orders out of an abundance of caution, given the statutory command to include "orders" with a notice of removal. 28 U.S.C. § 1446(a). The orders were not "procured" in any event; they were issued because the case had been removed from state court to this Court.

****

Plaintiff's letter is astonishing—not for the facts it mentions, but for how it distorts those facts and the governing legal principles to publicly accuse Mr. Sherwood of grievous ethical violations. Invoking ethics rules to intimidate Mr. Sherwood—an associate volunteering his time pro bono to represent a nonprofit—would be unbecoming of any attorney, let alone one as seasoned as Plaintiff's counsel. Mr. Sherwood has done nothing wrong. He should not have to litigate under the threat of Plaintiff's counsel's scare tactics. Plaintiff's counsel's time would be better spent focusing on the merits of this action.

Given the seriousness of the allegations (not to mention their irrelevance to the remand motion), Plaintiff should withdraw them. But if Plaintiff refuses, the Court should strike those allegations, whether based on the parties' letters or in response to a fully briefed motion.

We remain available to answer the Court's questions.

Honorable Loretta A. Preska
February 2, 2026
Page 3

Respectfully,

Scott A. Eisman
*Counsel for Evergreen Review, Inc.*

Cc: All counsel of record (by ECF)