SMALLMAN + SNYDER LAW GROUP | | SMALLMAN LAW PLLC
43 WEST 43RD STREET, SUITE 242
NEW YORK, NY 10036

*Direct Contact:*
**David Brian Smallman**
+1.917.414.0182 (t)
1.212.202.5200 (f)
dbs@smallmanlaw.com
SMALLMAN LAW PLLC

BY ECF 18 August 2026

Hon. Loretta A. Preska
United States District Court, Southern District of New York
500 Pearl Street, New York, NY 10007

**Re: *Rosset Family Legacy Holdings LLC v. Oakes*, No. 1:25-cv-09398-LAP: Notice of Supplemental Authority in Support of Plaintiff's Motion to Remand (Dkt. Nos. 23, 32, 37)**

Dear Judge Preska:

Plaintiff respectfully submits this notice of decisions issued after its reply (Dkt. No. 37) was filed on January 24, 2026. Plaintiff offers no new argument. Each decision bears on a point already briefed and is attached (Exhibits A to K).

**A. Timeliness of removal (Dkt. No. 32-1, Point VI.B; Dkt. No. 35 at 20)**

1. *Enbridge Energy, LP v. Nessel*, 608 U.S. 67, 146 S. Ct. 1074 (2026) (Ex. A). The Court unanimously held that § 1446(b)(1)'s 30-day deadline "speaks in strict, mandatory terms" and cannot be equitably tolled, *id.* at 1082; that § 1446(b)(3) is the only extension Congress provided, running from when a defendant "learned or should have learned that a case was removable," *id.* at 1083; and that provisions such as § 1454(b)(2) incorporate the § 1446(b)(1) deadline while allowing later removal "for cause shown," *id.* at 1080, 1083. The removing party in *Enbridge* had litigated in state court for more than a year before removing. *Id.* at 1080. The parties' positions on when this action became removable appear at Dkt. No. 32-1 at 6, 22 and Dkt. No. 35 at 20; the state-court proceedings that preceded removal appear at Dkt. No. 9, Exs. E to M.

**B. Section 301 and the state-law character of the claims (Dkt. No. 37, Point II)**

2. *Prime Entertainment Group LLC v. 43 North Broadway, LLC*, No. 25cv6329 (DLC), 2026 WL 1329491, at *4 to *5 (S.D.N.Y. May 13, 2026) (Ex. B). Judge Cote held that contract and unjust-enrichment claims for royalties on works the defendant was entitled to exploit are not preempted by § 301 because they do not seek to enforce exclusive rights and are "qualitatively different" from infringement, *id.* at *5 (*quoting Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 433 (2d Cir. 2012)). The Second Cause of Action (Am. Compl. ¶¶ 188 to 192) is addressed at Dkt. No. 37 at 8.

3. *Baker v. Experian Information Solutions, Inc.*, No. 25-CV-4785, 2026 WL 1357051, at *6 (E.D.N.Y. May 15, 2026), *adopted* (June 15, 2026) (Ex. C), and *State of New York v. UnitedHealthcare of New York, Inc.*, No. 1:25-cv-00087, 2026 WL 873086, at *14 (N.D.N.Y. Mar. 31, 2026) (Ex. D). Even if a federal statute "preempts some of Plaintiff's claims," defensive preemption "is not enough to demonstrate the level of complete preemption required to find a basis for subject matter jurisdiction," *Baker*, at *6; contract, unjust-enrichment and CPLR 3001 claims that "implicate[d] legal duties other and independent from" a federal scheme were remanded, *UnitedHealthcare*, at *14.

4. *Premium Productions, Inc. v. O'Malley*, 246 A.D.3d 948, 950 to 951 (2d Dep't Feb. 18, 2026) (Ex. E). The Appellate Division adjudicated § 301 preemption as a defense on a CPLR 3211 motion, dismissing some counts and sustaining one that alleged an "extra element."

5. *People v. National Rifle Association of America, Inc.*, 250 A.D.3d 431, 432 to 433 (1st Dep't June 2, 2026) (Ex. F). The First Department construed N-PCL §§ 717 and 720(a)(1)(B), the provisions invoked in the Fifth and Sixth Causes of Action (Am. Compl. ¶¶ 205 to 213), holding that they authorize monetary relief, that an officer who breaches N-PCL fiduciary duties may be compelled to "account for" and repay losses, and may be barred from office under § 714(c). The N-PCL claims are addressed at Dkt. No. 37 at 5 to 10 and 12 to 13.

6. *Pepaj v. Skiplagged, Inc.*, No. 1:25-cv-6133 (LAP), 2026 WL 821344 (S.D.N.Y. Mar. 25, 2026) (Ex. G). Plaintiff also notes this Court's § 301 decision. *Pepaj* arose on a Rule 12(b)(6) motion in an action already in federal court on the

plaintiff's own copyright claim; it applied *In re Jackson* to a right-of-publicity claim based on a single copyrighted video, *id.* at *2 to *4; and it did not address complete preemption or removal. *In re Jackson*, on which both sides rely (Dkt. No. 35 at 6, 9; Dkt. No. 37 at 5 to 10), recognizes that fiduciary-duty claims survive preemption where they carry a "sufficiently significant" extra element. 972 F.3d 25, 44 to 45 (2d Cir. 2020).

**C. *Grable* and *Gunn*, and costs under § 1447(c) (Dkt. No. 37, Point III; Dkt. No. 32-1, Point VII)**

7. *Resnick v. Polsky*, No. 25 Civ. 10333 (DEH), 2026 WL 2532291 (S.D.N.Y. Aug. 27, 2026) (Ex. H). Judge Ho remanded fiduciary-duty claims removed from New York County Supreme Court on a *Grable-Gunn* theory, holding that a federal issue is "necessarily raised" only where the state claim is "affirmatively 'premised' on a violation of federal law," and that a defendant's federal defense is "not adequate," *id.* at *2 (*quoting City of New York v. Exxon Mobil Corp.*, 733 F. Supp. 3d 296, 314 (S.D.N.Y. 2024), aff'd, 154 F.4th 36 (2d Cir. 2025)). Fees were awarded because such a removal "lacked an objectively reasonable basis." Id.

8. *Perkins v. PIM Brands USA Inc.*, No. 25-CV-2280, 2026 WL 523230 (E.D.N.Y. Feb. 25, 2026) (Ex. I). Judge Garaufis remanded General Business Law claims removed on a *Grable-Gunn* and preemption theory, holding that all four requirements "must be met," *id.* at *4 to *5, and that an "affirmative federal preemption defense" is "entirely irrelevant" to that analysis, *id.* at *10. Fees were awarded because removal is not "objectively reasonable" unless the defendant has a "colorable argument" on each element, *id.* at *10 to *12.

**D. Choice of forum (Dkt. No. 37, Points I and V)**

9. *Hain Celestial Group, Inc. v. Palmquist*, 607 U.S. 421 (2026) (Ex. J), and *Leifer v. Good Samaritan Hospital*, No. 24-CV-7672 (KMK), 2026 WL 1948404 (S.D.N.Y. July 2, 2026) (Ex. K). Although a diversity case, *Hain* reaffirmed that "[t]he plaintiff is the master of the complaint," 607 U.S. at 433 (*quoting Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025)), and that a federal court cannot "create jurisdiction through its own mistakes," *id.* at 431. Judge Karas applied *Royal Canin* and *Hain* to remand state-law claims over an efficiency objection: jurisdiction is examined before convenience, 2026 WL

1948404, at *12, and where only state-law claims remain the court "ordinarily should" return them to state court, *id.* at *13, because they "belong where they began: in New York state court," *id.* at *14.

Plaintiff respectfully submits these decisions for the Court's consideration and is available to address them if the Court schedules argument.

Respectfully submitted,

<u>/s/ David Brian Smallman</u>

David Brian Smallman
Smallman + Snyder Law Group || Smallman Law PLLC
43 West 43rd Street, Suite 242, New York, NY 10036
+1.917.414.0182 | dbs@smallmanlaw.com
Counsel for Plaintiff Rosset Family Legacy Holdings LLC

cc: All counsel of record (by ECF)
Enclosures: Exhibits A to K