UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
*Rosset Family Legacy Holdings LLC v. Oakes*
No. 1:25-cv-09398-LAP

# EXHIBIT E

*Premium Productions, Inc. v. O'Malley*
246 A.D.3d 948 (2d Dep't Feb. 18, 2026)

246 A.D.3d 948
Supreme Court, Appellate Division,
Second Department, New York.

PREMIUM PRODUCTIONS, INC., appellant,
v.
Michael O'MALLEY, et al., respondents.

2022-05116
|
(Index No. 67196/21)
|
Argued—March 25, 2025
|
February 18, 2026

**Synopsis**
**Background:** Marketing company filed complaint against company's competitor and company's former employee for breach of contract, common-law copyright infringement, unfair competition, and judgment declaring that company owned copyright on direct mail products. The Supreme Court, Westchester County, Lawrence H. Ecker, J., denied company's motion for preliminary injunction enjoining defendants from using company's proprietary and confidential information, and granted defendants' separate cross-motions to dismiss for lack of subject matter jurisdiction and failure to state a claim. Company appealed.

**Holdings:** The Supreme Court, Appellate Division, held that:

company's claim for judgment declaring that it owned copyright on direct mail products was preempted by the Copyright Act;

allegations in company's complaint were sufficient to state claim for unfair competition;

company sufficiently alleged existence of trade secrets that warranted protections, as would support claim for breach of contract;

employment agreement's nonsolicitation covenant was overbroad;

trial court erred in determining at motion to dismiss stage that overbroad nonsolicitation and noncompete covenants were unenforceable;

company was entitled to preliminary injunction; but

company was not entitled to attorney fees against competitor pursuant to attorney fee provision of employment agreement.

Affirmed as modified.

**Attorneys and Law Firms**

Law Offices of Hariri & Crispo, New York, NY (Ronald D. Hariri of counsel), for appellant.

Yankwitt LLP, White Plains, NY (Russell M. Yankwitt and Michael H. Reed of counsel), for respondent Michael O'Malley.

Optimal Counsel LLP, Brooklyn, NY (Matthew Weiser of counsel), for respondent Jacobs Marketing Group, LLC.

FRANCESCA E. CONNOLLY, J.P., CHERYL E. CHAMBERS, HELEN VOUTSINAS, CARL J. LANDICINO, JJ.

****301** DECISION & ORDER

***948** In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated May 31, 2022. The order, insofar as appealed from, denied the plaintiff's motion for a preliminary injunction and granted those branches of the defendants' separate cross-motions which were pursuant to CPLR 3211(a) to dismiss so much of the first cause of action as sought a judgment declaring that the noncompete and nonsolicitation covenants in the subject employment agreement are enforceable and the second through eighth causes of action insofar as asserted against each of them.

ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying the plaintiff's motion for a preliminary injunction, and substituting therefor a provision granting the motion to the extent of enjoining the defendants from disclosing the plaintiff's proprietary and confidential information, and otherwise denying the

motion, (2) by deleting the provision thereof granting those branches of the defendants' separate cross-motions which were pursuant to CPLR 3211(a) to dismiss so much of the first cause of action as sought a judgment declaring that the noncompete and nonsolicitation covenants in the subject employment agreement are enforceable and the second, fifth, sixth, and seventh causes of action insofar as asserted against each of them, and substituting therefor a provision denying those branches of the cross-motions, and (3) by deleting the provision thereof granting that branch of the cross-motion of the defendant Michael O'Malley ***949** which was pursuant to CPLR 3211(a) to dismiss the eighth cause of action insofar as asserted against him, and substituting therefor a provision denying that branch of the cross-motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff.

The defendant Michael O'Malley was employed as a salesperson by the plaintiff, which is in the business of providing advertising and promotional materials to markets, including automobile dealerships, marketing agencies, and retail stores throughout the United States, from 2001 until 2020. According to O'Malley, throughout his tenure, he "primarily focused on selling direct-mail products and marketing services to automobile dealerships." The plaintiff alleged that as part of O'Malley's job responsibilities, he was provided "access to extensive confidential and strategically sensitive material developed by [the plaintiff], including customer lists, trade secrets, pricing strategies, product development, advertising product copyrights, [and] market analyses." The plaintiff alleged that it compiled this information through considerable effort and resources, and that the information was not available to the public. The plaintiff further alleged that the information created a competitive advantage for the plaintiff in servicing its current clients. In 2020, O'Malley resigned from his position, and shortly thereafter, he returned to work for the plaintiff. Upon doing so, O'Malley signed an employment agreement, which included nondisclosure, nonsolicitation, and noncompete covenants.

In 2021, O'Malley resigned from his position with the plaintiff and obtained work with the defendant Jacobs Marketing Group, LLC (hereinafter JMG), as an advertising salesperson. JMG is in a similar, competing business with the plaintiff. The plaintiff alleged that it later discovered ****302** that the defendants infringed its copyright on direct mail automotive advertising products by proposing them to Plaza Auto Mall (hereinafter Plaza), a longtime client of the plaintiff. According to the plaintiff, Plaza ceased using the plaintiff's services.

Subsequently, the plaintiff commenced this action, inter alia, to recover damages for breach of the employment agreement. The plaintiff moved for a preliminary injunction, among other things, enjoining the defendants from disclosing the plaintiff's proprietary and confidential information, which O'Malley obtained as a result of his employment with the plaintiff. The defendants separately cross-moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them on the grounds of lack of subject matter jurisdiction (*see* ***950** *id.* § 3211[a][2]) and failure to state a cause of action (*see id.* § 3211[a][7]). In an order dated May 31, 2022, the Supreme Court, inter alia, denied the plaintiff's motion for a preliminary injunction and granted those branches of the defendants' cross-motions which were pursuant to CPLR 3211(a) to dismiss so much of the first cause of action as sought a judgment declaring that the noncompete and nonsolicitation covenants in the employment agreement are enforceable and the second through eighth causes of action insofar as asserted against each of them. The plaintiff appeals.

Contrary to the plaintiff's contention, the Supreme Court properly determined that the third cause of action, seeking a judgment declaring that the plaintiff is the owner of the copyright at issue, and the fourth cause of action, alleging common-law copyright infringement, were preempted by the federal Copyright Act (*see Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.,* 373 F.3d 296, 305 [2d Cir.]; *Raffoler, Ltd. v. Peabody & Wright, Ltd.,* 671 F.Supp. 947, 950 [E.D.N.Y.]). There is no dispute that the advertising materials at issue fall within the broad subject matter categories protected by the Copyright Act (*see* 17 USC § 102[a][1]; *Want Ad Digest, Inc. v. Display Adv., Inc.,* 653 F.Supp.2d 171, 175 [N.D.N.Y.]; *Raffoler, Ltd. v. Peabody & Wright, Ltd.,* 671 F.Supp. at 950). Further, the third cause of action focuses solely on reproduction and distribution rights. Those rights asserted in the complaint and sought to be protected by a declaratory judgment are equivalent to the exclusive rights to display, reproduce, distribute, or sell such advertising products that are within the general scope of copyright protection. Under these circumstances, the court properly granted dismissal of the third cause of action (*see Editorial Photocolor Archives, Inc. v. Granger Collection,* 61 N.Y.2d 517, 521–522, 474 N.Y.S.2d 964, 463 N.E.2d 365). Moreover, since the advertising materials at issue are within the subject matter of copyright law as specified by the Copyright Act (*see* 17 USC § 102[a][1]; *Raffoler, Ltd. v. Peabody & Wright, Ltd.,*

671 F.Supp. at 950), the plaintiff "must rely for protection on federal statutory copyright" (*We Shall Overcome Found. v. Richmond Org., Inc. [TRO Inc.],* 221 F.Supp.3d 396, 408 [S.D.N.Y.] [internal quotation marks omitted]). Therefore, the court properly granted dismissal of the fourth cause of action (*see Capitol Records, Inc. v. Naxos of Am., Inc.,* 4 N.Y.3d 540, 559, 797 N.Y.S.2d 352, 830 N.E.2d 250).

However, the Supreme Court erred in granting those branches of the defendants' cross-motions which were pursuant to CPLR 3211(a) to dismiss the fifth cause of action, sounding in unfair competition, insofar as asserted against each of them.

***951** "Section 301 of the Copyright Act preempts a state law claim if: '(i) the work at issue comes within the subject ****303** matter of copyright and (ii) the right being asserted is equivalent to any of the exclusive rights within the general scope of copyright' " (*We Shall Overcome Found. v. Richmond Org., Inc. [TRO Inc.],* 221 F.Supp.3d at 410, quoting *Forest Park Pictures v. Universal Tel. Network, Inc.,* 683 F.3d 424, 429 [2d Cir.]). Section 106 of the Copyright Act provides copyright owners the exclusive rights, among other things, to reproduce a copyrighted work, to prepare derivative works, to distribute copies of the work to the public, and to display the work publicly (*see* 17 USC § 106). "A state law right is equivalent to one of the exclusive rights of copyright if it may be abridged by an act which, in and of itself, would infringe one of the exclusive rights" (*Forest Park Pictures v. Universal Tel. Network, Inc.,* 683 F.3d at 430 [internal quotation marks omitted]). A claim is not equivalent "if an extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action," and in such circumstances, there is no preemption (*id.* [internal quotation marks omitted]; *see Harper & Row, Publs., Inc. v. Nation Enters.,* 723 F.2d 195, 200 [2d Cir.], *revd* 471 U.S. 539, 105 S.Ct. 2218, 85 L.Ed.2d 588). Here, contrary to the defendants' contentions, the plaintiff sufficiently alleged an extra element—violation of a duty of confidentiality and breach of the employment agreement—in addition to acts of reproduction, adaptation, performance, distribution, or display, that renders the state right qualitatively distinct from the federal right, thereby foreclosing preemption (*see Computer Assoc. Intern., Inc. v. Altai, Inc.,* 982 F.2d 693, 719 [2d Cir.]; *Smith v. Weinstein,* 578 F.Supp. 1297, 1307 [S.D.N.Y.]).

On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v. Martinez,* 84 N.Y.2d 83, 87–88, 614 N.Y.S.2d 972, 638 N.E.2d 511). "[T]he allegations of a complaint, supplemented by a plaintiff's additional submissions, if any, must be given their most favorable intendment" (*Arrington v. New York Times Co.,* 55 N.Y.2d 433, 442, 449 N.Y.S.2d 941, 434 N.E.2d 1319). "The ultimate question is whether, accepting the allegations and affording these inferences, plaintiff can succeed upon any reasonable view of the facts stated" (*Doe v. Bloomberg L.P.,* 36 N.Y.3d 450, 454, 143 N.Y.S.3d 286, 167 N.E.3d 454 [internal quotation marks omitted]).

"A cause of action based on unfair competition may be ***952** predicated upon trademark infringement or dilution in violation of General Business Law §§ 360–k and 360–l, or 'upon the alleged bad faith misappropriation of a commercial advantage belonging to another by exploitation of proprietary information or trade secrets' " (*Out of Box Promotions, LLC v. Koschitzki,* 55 A.D.3d 575, 578, 866 N.Y.S.2d 677 [internal quotation marks omitted], quoting *Beverage Mktg. USA, Inc. v. South Beach Beverage Co., Inc.,* 20 A.D.3d 439, 439, 799 N.Y.S.2d 242). Here, the complaint stated a cause of action alleging unfair competition on the basis of an alleged bad faith misappropriation of a commercial advantage belonging to another by exploitation of proprietary information or trade secrets. Specifically, the allegations in the complaint, as amplified by an affidavit of Mitchell Krohnengold, the president of the plaintiff, that the defendants exploited proprietary information and trade secrets acquired by O'Malley during his employment with the plaintiff ****304** by "poach[ing]" one of its clients, and that O'Malley, prior to his resignation and without authorization, "had downloaded and emailed numerous communications and documents" that contained the plaintiff's "customer contacts, proprietary sales information, price plans, and [the plaintiff's] copyright advertising products," were sufficient to state a cause of action alleging unfair competition based on the theory of an alleged bad faith misappropriation of a commercial advantage belonging to another by exploitation of proprietary information or trade secrets (*see Parekh v. Cain,* 96 A.D.3d 812, 816, 948 N.Y.S.2d 72; *Beverage Mktg. USA, Inc. v. South Beach Beverage Co., Inc.,* 20 A.D.3d at 440, 799 N.Y.S.2d 242; *Bender Ins. Agency, Inc. v. Treiber Ins. Agency, Inc.,* 283 A.D.2d 448, 450, 729 N.Y.S.2d 142).

A restrictive covenant in an employment agreement is reasonable only if it "(1) is no greater than is required for

the protection of the legitimate interest of the employer, (2) does not impose undue hardship on the employee, and (3) is not injurious to the public" (*BDO Seidman v. Hirshberg,* 93 N.Y.2d 382, 388–389, 690 N.Y.S.2d 854, 712 N.E.2d 1220 [emphasis omitted]; *see Reed, Roberts Assoc., Inc. v. Strauman,* 40 N.Y.2d 303, 307, 386 N.Y.S.2d 677, 353 N.E.2d 590). An employer's interests justifying a restrictive covenant are limited "to the protection against misappropriation of the employer's trade secrets or of confidential customer lists, or protection from competition by a former employee whose services are unique or extraordinary" (*BDO Seidman v. Hirshberg,* 93 N.Y.2d at 389, 690 N.Y.S.2d 854, 712 N.E.2d 1220; *see Reed, Roberts Assoc., Inc. v. Strauman,* 40 N.Y.2d at 308, 386 N.Y.S.2d 677, 353 N.E.2d 590). Contrary to the Supreme Court's determination, the plaintiff sufficiently alleged the existence of trade secrets warranting protection. Although there is generally no accepted definition of a trade secret, one that has been cited with approval by the Court of Appeals is "any formula, pattern, device or compilation ***953** of information which is used in one's business, and which gives [one] an opportunity to obtain an advantage over competitors who do not know or use it" (*Ashland Mgt., Inc. v. Janien,* 82 N.Y.2d 395, 407, 604 N.Y.S.2d 912, 624 N.E.2d 1007 [internal quotation marks omitted]). The complaint, as amplified by Krohnengold's affidavit, alleged that the information in the plaintiff's client list and pricing strategies was not available to the public and was highly valuable to the plaintiff and its competitors, and that considerable effort and money was expended in obtaining the information. To guard the secrecy of the information, the plaintiff implemented a confidentiality policy and distributed an employee handbook containing confidentiality and nondisclosure provisions.

The nonsolicitation covenant in the employment agreement is overbroad in that it does not specify the geographic boundaries and prohibits O'Malley "at any time" from soliciting the plaintiff's "customers ... for marketing or advertising or promotional services" for himself or anyone engaged "in the same or similar business," even those customers whom O'Malley had never met and did not know about and for whom he had done no work. Further, the noncompete covenant in the employment agreement is overbroad in that it does not specify the geographic boundaries and prohibits O'Malley from working "in a like kind or similar business as [the plaintiff]," including but not limited to direct mail or digital marketing services or "sales of any type that [the plaintiff] currently services or shall service during the course of his employment." However, "[a]ny meaningful trade secret, through the use ****305** of which the second party might gain an unfair advantage which he [or she] might not have gained had he [or she] not been in possession of the trade secret, will be sufficient to render an otherwise reasonable restrictive covenant enforceable" (*Greenwich Mills Co., Inc. v. Barrie House Coffee Co., Inc.,* 91 A.D.2d 398, 405, 459 N.Y.S.2d 454). "[A] court, upon finding part of a restrictive employment covenant to be enforceable and part not so, may sever the respective portions of the covenant and give effect only to the enforceable part" (*id.* at 401, 459 N.Y.S.2d 454). The determination of whether an overly broad restrictive covenant should be enforced to the extent necessary to protect an employer's legitimate interest involves "a case specific analysis, focusing on the conduct of the employer in imposing the terms of the agreement" (*BDO Seidman v. Hirshberg,* 93 N.Y.2d at 394, 690 N.Y.S.2d 854, 712 N.E.2d 1220). Partial enforcement may be justified if an employer demonstrates, in addition to the legitimate business interest, "an absence of overreaching, coercive use of dominant bargaining power, or other anti-competitive misconduct" (*id.*).

Here, since the record is not sufficiently factually developed ***954** to establish whether the plaintiff engaged in overreaching or coercively used dominant bargaining power to obtain the restrictive covenants, the Supreme Court should not have granted those branches of the defendants' cross-motions which were pursuant to CPLR 3211(a) to dismiss so much of the first cause of action as sought a judgment declaring that the noncompete and nonsolicitation covenants in the employment agreement are enforceable (*see Brown & Brown, Inc. v. Johnson,* 25 N.Y.3d 364, 371–372, 12 N.Y.S.3d 606, 34 N.E.3d 357). Thus, although ultimately it may be inappropriate to partially enforce the restrictive covenants in this case, at the pleading stage, the court erred in concluding that the restrictive covenants are unenforceable (*see id.*). Further, at this procedural posture, it is not apparent from the face of the employment agreement that the unlimited temporal duration as to the nonsolicitation covenant and the unidentified geographic scope of the noncompete and nonsolicitation covenants were essential to the agreement. Such a determination must await a more fully developed record (*see Twitchell Tech. Prods., LLC v. Mechoshade Sys., LLC,* 227 A.D.3d 45, 62, 208 N.Y.S.3d 657).

Further, the allegations, inter alia, that O'Malley, prior to his resignation and without authorization, "had downloaded and emailed numerous communications and documents" that contained the plaintiff's "customer contacts, proprietary sales information, price plans, and [the plaintiff's] copyright

advertising products" were sufficient to defeat those branches of the defendants' cross-motions which were pursuant to CPLR 3211(a) to dismiss the second cause of action, alleging breach of the employment agreement, insofar as asserted against each of them (*see Washington Deluxe Bus, Inc. v. Sharmash Bus Corp.,* 47 A.D.3d 806, 806–807, 850 N.Y.S.2d 516; *Stanley Tulchin Assoc., Inc. v. Vignola,* 186 A.D.2d 183, 185, 587 N.Y.S.2d 761).

We turn next to the plaintiff's motion for a preliminary injunction. "To obtain a preliminary injunction, the moving party must establish, by clear and convincing evidence, (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) that the equities balance in his or her favor" (*Ashirova v. Cevallos,* 186 A.D.3d 791, 792, 127 N.Y.S.3d 794 [internal quotation marks omitted]; *see* CPLR 6301). Here, the plaintiff showed that trade secrets existed and established a likelihood of success on the merits (*see* ****306** *Washington Deluxe Bus, Inc. v. Sharmash Bus Corp.,* 47 A.D.3d at 806–807, 850 N.Y.S.2d 516; *Stanley Tulchin Assoc., Inc. v. Vignola,* 186 A.D.2d at 185, 587 N.Y.S.2d 761; *McLaughlin, Piven, Vogel, Inc. v. Nolan & Co., Inc.,* 114 A.D.2d 165, 173, 498 N.Y.S.2d 146). To the extent that O'Malley denies misappropriating confidential information, ***955** "[e]ven when the facts are in dispute, a court may find a likelihood of success on the merits; conclusive proof is not required" (*McNeil v. Mohammed,* 32 A.D.3d 829, 830, 821 N.Y.S.2d 225 [internal quotation marks omitted]). The plaintiff also established irreparable harm absent the granting of a preliminary injunction and that the equities balance in its favor (*see Ingenuit, Ltd. v. Harriff,* 33 A.D.3d 589, 590, 822 N.Y.S.2d 301; *Eastern Bus. Sys., Inc. v. Specialty Bus. Solutions,* 292 A.D.2d 336, 338, 739 N.Y.S.2d 177; *Klein, Wagner & Morris v. Lawrence A. Klein, P.C.,* 186 A.D.2d 631, 633, 588 N.Y.S.2d 424). Accordingly, the Supreme Court should have granted the plaintiff's motion for a preliminary injunction to the extent necessary to protect its legitimate business interests in protecting the use of its trade secrets and confidential customer information (*see Stanley Tulchin Assoc., Inc. v. Vignola,* 186 A.D.2d at 185, 587 N.Y.S.2d 761).

Further, contrary to defendants' contentions, at this stage of the litigation, it is premature to conclude that the allegations in the complaint are insufficient to support a finding that the defendants acted so recklessly or wantonly as to warrant awards of damages and punitive damages under the sixth and seventh causes of action, respectively (*see Gipe v. DBT Xpress, LLC,* 150 A.D.3d 1208, 1210, 52 N.Y.S.3d 904; *Island Sports Ctr., Inc. v. Belli Constr. Corp.,* 212 A.D.2d 241, 247–248, 628 N.Y.S.2d 952).

"Under the general rule, attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule" (*Hooper Assoc. v. AGS Computers, Inc.,* 74 N.Y.2d 487, 491, 549 N.Y.S.2d 365, 548 N.E.2d 903; *see U.S. Underwriters Ins. Co. v. City Club Hotel, LLC,* 3 N.Y.3d 592, 597, 789 N.Y.S.2d 470, 822 N.E.2d 777). "New York public policy disfavors any award of attorneys' fees to the prevailing party in a litigation" (*LG Funding, LLC v. Johnson & Son Locksmith, Inc.,* 170 A.D.3d 1153, 1154, 96 N.Y.S.3d 640 [internal quotation marks omitted]). Consequently, "a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (*Hooper Assoc. v. AGS Computers, Inc.,* 74 N.Y.2d at 491, 549 N.Y.S.2d 365, 548 N.E.2d 903; *see LG Funding, LLC v. Johnson & Son Locksmith, Inc.,* 170 A.D.3d at 1154, 96 N.Y.S.3d 640). Here, since JMG was not a party to the employment agreement, in the absence of any clear indication that JMG agreed to undertake the obligation to pay O'Malley's or the plaintiff's attorneys' fees, and since there is no statute, court rule, or other legal basis for an award of attorneys' fees against JMG in this case, the Supreme Court properly granted that branch of JMG's cross-motion which was pursuant to CPLR 3211(a) to dismiss the eighth cause of action, seeking an award of attorneys' ***956** fees, insofar as asserted against it (*see E.M.R. Mgt. Corp. v. Halstead Harrison Assoc.,* 299 A.D.2d 393, 394, 749 N.Y.S.2d 569).

In addition, contrary to O'Malley's contention, the employment agreement contains a provision requiring him to reimburse the plaintiff for "all ... costs and expenses, including, but not limited to Legal Fees for his breach of this agreement." At this stage of the litigation, it is premature ****307** to conclude that the plaintiff would not be entitled to an award of attorneys' fees pursuant to the employment agreement. Accordingly, that branch of O'Malley's cross-motion which was pursuant to CPLR 3211(a) to dismiss the eighth cause of action insofar as asserted against him should have been denied (*see e.g. Board of Mgrs. of Golfview Condominium I v. Island Condo Mgt. Corp.,* 181 A.D.3d 915, 916, 121 N.Y.S.3d 320).

CONNOLLY, J.P., CHAMBERS, VOUTSINAS and LANDICINO, JJ., concur.

**All Citations**

246 A.D.3d 948, 251 N.Y.S.3d 296, 2026 N.Y. Slip Op. 00918

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.