UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
*Rosset Family Legacy Holdings LLC v. Oakes*
No. 1:25-cv-09398-LAP

# EXHIBIT F

*People v. National Rifle Association of America, Inc.*
250 A.D.3d 431 (1st Dep't June 2, 2026)

New York Official Reports

**--- N.Y.S.3d ----, 250 A.D.3d 431, 2026 WL 1541764 (N.Y.A.D. 1 Dept.), 2026 N.Y. Slip Op. 03405**

****1** The People of the State of New York, Respondent,

v

The National Rifle Association of America, Inc., Respondent, and Wayne LaPierre, Appellant, et al., Defendants.

Supreme Court, Appellate Division,
First Department, New York
2025–00347, 451625/20, 6764
June 2, 2026

CITE TITLE AS: People v National Rifle Assn. of Am., Inc.

**HEADNOTES**

Corporations
Not-For-Profit Corporation
Actions against Directors, Officers and Key Persons—Monetary Damages

Corporations
Not-For-Profit Corporation
Actions against Directors, Officers and Key Persons—Court Approval of Settlement

Corporations
Not-For-Profit Corporation
Actions against Directors, Officers and Key Persons—Ban on Serving as Officer or Director

Correll Law Group, New York (P. Kent Correll of counsel), for appellant.
Letitia James, Attorney General, New York (Matthew William Grieco of counsel), for People of the State of New York, respondent.

Judgment, Supreme Court, New York County (Joel M. Cohen, J.), entered December 11, 2024, after trial, to the extent appealed from, adjudging defendant Wayne LaPierre liable for violating his fiduciary duties in his role as an officer of defendant National Rifle Association of America, Inc. (NRA), directing LaPierre to repay more than $4.3 million plus prejudgment interest directly to the NRA, and barring LaPierre from holding any fiduciary position as an officer or director of the NRA or any entity under the NRA's direct control for 10 years, unanimously affirmed, without costs.

LaPierre is the former Executive Vice President of the NRA. Following a four-week trial, a jury found by a preponderance of the evidence that LaPierre violated his fiduciary duties to the NRA under N-PCL 717 and 720 (a) (1) (B), and that the violation had caused monetary harm to the NRA in the amount of $5.4 million, but that LaPierre had, as of that date, repaid the NRA in the amount of $1,048,769 million. The jury further found that the Attorney General had proven by a preponderance of the evidence that there was cause to remove LaPierre ***432** as Executive Vice President. After the jury trial, Supreme Court conducted a bench trial to determine nonmonetary remedies. The court exercised its equitable discretion to prohibit LaPierre from holding a position as an officer or director of the NRA for 10 years. LaPierre appeals from the judgment ordering monetary damages and injunctive relief against him. Of note, LaPierre does not challenge the weight or sufficiency of the evidence, or the jury's findings, but rather raises three issues of law on appeal.

First, LaPierre argues that, as a matter of law, the Attorney General's second cause of action pursuant to N-PCL 717 and 720 (a) (1) (B) does not authorize monetary damages. We disagree (*see* N-PCL 720 [a] [1] [B]; *People v Lawrence*, 74 AD3d 1705, 1707 [4th Dept 2010]; *Schneiderman v Lower Esopus Riv. Watch, Inc.*, 39 Misc 3d 1241[A], 2013 NY Slip Op 50965 [U], *24 [Sup Ct, Ulster County 2013]). N-PCL 720 (a) (1) (B) contemplates that a court can enter a judgment to “compel” an officer or director “to account for his [or her] official conduct” arising from the “acquisition by himself, transfer to others, loss or waste of corporate assets due to any neglect of, or failure to perform, or other violation” of his or her fiduciary duties (N-PCL 720 [a] [1] [B]).

LaPierre misconstrues the scope and language of the statute by claiming that the judgment can only direct him to explain his conduct. The phrase “account for” is not so limited, as it also encompasses a reckoning of funds and holding the violating officer responsible for the harm caused (*see* Black's Law Dictionary [12th ed 2024], account for; *see also* *Yaniveth R. v LTD Realty Co.*, 27 NY3d 186, 192

[2016]). The history and derivation of the statute do not support LaPierre's contention that the Legislature removed the authorization to compel the officer or employee to repay to the corporation the money or property value, which was included in prior law (*see* former General Corporation Law § 60). Instead, N-PCL 720 was a "substantial re-enactment" of prior law, and section 720 (a) specifically re-enacted former General Corporation Law § 60 "with slight changes in language" (Joint Legislative Committee to Study Revision of Corporation Laws, Thirteenth Interim Report at 172 [1969]).

Second, LaPierre's argument that the N-PCL only permits the court to restrict settlement in derivative actions under N-PCL 623 is unavailing. Supreme Court providently required LaPierre and the NRA to obtain court approval of any settlement as to the amount owed, in light of the decades-long history of LaPierre's control over the NRA (*see e.g.* ***433** *Childs v Levitt*, 151 AD2d 318, 319 [1st Dept 1989], *lv denied* 74 NY2d 613 [1989]). N-PCL 623 has no bearing on whether a court possesses authority to condition settlement on its approval, particularly in a complex action like this one where the Attorney General is bringing an enforcement action on behalf of the NRA, which could give rise to disputes over settlement authority and procedures (*cf.* N-PCL 623 [d]).

Third and finally, Supreme Court providently implemented a 10-year ban on LaPierre serving as an officer or director of the NRA, given the jury's finding that he committed serious material misconduct (N-PCL 714 [c]; *see People v National Rifle Assn. of Am.*, 222 AD3d 498, 498 [1st Dept 2023]). LaPierre's resignation from his position on the eve of trial, which was effective four weeks into the jury trial, did not invalidate the People's request for such relief. It is well settled that "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, *i.e.*, does not make the case moot," since the "defendant is free to return to his old ways" (*Matter of Puerto v Doar*, 142 AD3d 34, 43-44 [1st Dept 2016], quoting *United States v W. T. Grant Co.*, 345 US 629, 632 [1953]; *see also People v Trump*, 62 Misc 3d 500, 512-513 [Sup Ct, NY County 2018]). Given the jury verdict, LaPierre would have been removed for cause had he not resigned suddenly. Furthermore, while LaPierre insists that he has no intention of returning as an officer, he argues that he should be allowed to do so and implies that he would do so if his health improves. Thus, he has not shown that "there is no reasonable expectation that the wrong will be repeated" (*W. T. Grant Co.*, 345 US at 633 [internal quotation marks omitted]). To the extent LaPierre argues he cannot be barred from serving as a director because N-PCL 706 (d) does not apply, he offers no authority to suggest that the plain text of N-PCL 714 (c)—which applies as just described—is not broad enough to include a bar on serving as a director.

The 10-year ban does not burden LaPierre's rights to freedom of speech and association, as he remains a member of the NRA and is not precluded from making any public statements or involving himself in fundraising or other outreach (*cf. Central Park Sightseeing LLC v New Yorkers for Clean, Livable & Safe Sts., Inc.*, 157 AD3d 28, 34 [1st Dept 2017]). Neither does the monetary restitution amount constitute a fine. Instead, it serves the remedial purpose of reimbursing the NRA for the losses LaPierre caused, making it compensatory in nature (*see United States v Carson*, 52 F3d 1173, 1183 [2d Cir 1995], *cert denied* 516 US 1122 [1996]). Moreover, to the extent LaPierre ***434** argues that the Attorney General brought this action against him in retaliation for his exercise of free speech, we reject this contention. As we previously held, the Attorney General "showed as a matter of law that it had probable cause to investigate and sue," since "public reports of malfeasance at the NRA predated the investigation" and the "investigation uncovered ample evidence of malfeasance" (*People v National Rifle Assn. of Am., Inc.*, 223 AD3d 84, 89-90 [1st Dept 2023]). The jury finding that LaPierre violated his fiduciary duties further demonstrates that there was probable cause to bring this action.

We have considered LaPierre's remaining contentions and find them unavailing. Concur—Moulton, J.P., Kapnick, González, Shulman, Chan, JJ.

Copr. (C) 2026, Secretary of State, State of New York


© 2026 Thomson Reuters. No claim to original U.S. Government Works.