UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
*Rosset Family Legacy Holdings LLC v. Oakes*
No. 1:25-cv-09398-LAP

# EXHIBIT H

*Resnick v. Polsky*
No. 25 Civ. 10333 (DEH), 2026 WL 2532291 (S.D.N.Y. Aug. 27, 2026)

2026 WL 2532291
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

ADAM RESNICK, Plaintiff,
v.
GREGG POLSKY, Defendants.

25 Civ. 10333 (DEH)
|
Filed 08/27/2026

**Attorneys and Law Firms**

Charles Anthony Michael, Steptoe LLP, New York, NY, Matthew Travis Eyet, Madaio Eyet & Associates LLP, Bedminster, NJ, Michael Hayden Reed, Yankwitt LLP, White Plains, NY, for Plaintiff ADAM RESNICK.

Kevin D. Benish, Vincent Gregory Levy, Holwell Shuster & Goldberg LLP, New York, NY, Gregory Pierce Brown, Hill Ward Henderson, Tampa, FL, for Defendant GREGG POLSKY.

**MEMORANDUM OPINION AND ORDER**

DALE E. HO United States District Judge

***1** Plaintiff Adam Resnick brings this action against his former attorney, Defendant Gregg Polsky, who represented Resnick in connection with certain "whistleblower" claims, one of which resulted in a significant payout. Resnick brings two claims against Polsky: (1) breach of professional duties arising from Polsky's refusal to produce a copy of the client file; and (2) breach of professional duties arising from Polsky allegedly charging an unreasonable contingency fee for his legal services. Compl. ¶¶ 15-21, ECF No. 1-3. This matter was initially filed in New York Supreme Court, New York County. Defendant subsequently removed the action to this Court. *See* Notice of Removal, ECF No. 1. Before the Court is Plaintiff's Motion to Remand this matter to New York state court. ECF No. 5. For the reasons that follow, the motion is **GRANTED**.

**LEGAL STANDARD**

A federal district court may entertain a lawsuit only when it has both the "statutory [and] constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). After removal to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *Gilman v. BHC Sec., Inc.*, 104 F.3d 1418, 1421 (2d Cir. 1997). Here, Defendant removed the action, and thus " 'bears the burden of demonstrating the propriety of removal.' " *California Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (quoting *Grimo v. Blue Cross/Blue Shield of Vermont*, 34 F.3d 148, 151 (2d Cir. 1994)). *See also* *Silverman v. Citibank, N.A.*, No. 22 Civ. 5211, 2023 WL 2753055, at *2 (S.D.N.Y. Mar. 31, 2023) ("On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper."). "[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Am. Standard, Inc. v. Oakfabco, Inc.*, 498 F. Supp. 2d 711, 715 (S.D.N.Y. 2007) (citations omitted).

**DISCUSSION**

**I. Motion to Remand**

Defendant contends that Plaintiff's Complaint warrants federal jurisdiction under the *Grable-Gunn* standard, named for *Gunn v. Minton*, 568 U.S. 251 (2013) and *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). That standard entails a four-factor test under which "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258; *see also* *Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 140-41 (2d Cir. 2021).

Here, Defendant fails to establish even the first *Grable-Gunn* factor, namely that a federal issue is necessarily raised by Plaintiff's claims. Defendant does not dispute that Plaintiff's claim regarding excessive legal fees is a claim for breach of fiduciary duty, which raises only questions of state law. *See* Def.'s Mem. in Opp. to Mot. to Remand at 8, ECF No. 16 ("Def.'s Opp."). As for Plaintiff's claim for return of his client file, this claim also involves pure questions of state law. That claim requires that Plaintiff establish: "(1) the existence of a fiduciary relationship, [and] (2) misconduct

by the defendant." *Brennan v. Vasquez*, 250 N.Y.S.3d 119, 122 (2026). Defendant contends that resolving the issue of whether the parties had an attorney-client relationship requires a court to construe various federal statutes, including 26 U.S.C. § 6103, 26 U.S.C. § 7623(b), and 26 U.S.C. § 7213(a), as well as 26 C.F.R. § 301.6103(n)-2. *See* Def.'s Opp. at 9. In substance, Defendant contends that his alleged representation of Plaintiff stems from Plaintiff's purported status as a whistleblower arising from his involvement in investigating noncompliance with various state and federal tax laws and federal securities laws, and that, in order to resolve Plaintiff's legal files claim, the Court must determine whether Plaintiff is properly classified as a whistleblower under relevant federal laws.

***2** But the federal whistleblower laws have no bearing on whether the parties had an attorney-client relationship, which is purely a matter of state law. Such a relationship exists "when the client 'contacts an attorney in his capacity as such,' for the 'purpose of obtaining legal advice or services.' " *Charlestown Cap. Advisors, LLC v. Acero Junction, Inc.*, No. 18 Civ. 4437, 2020 WL 757840, at *4 (S.D.N.Y. Feb. 14, 2020) (quoting *Priest v. Hennessy*, 409 N.E.2d 983, 986 (N.Y. 1980)). Under New York law, "the relationship of an attorney and client is contractual, and the rules governing contractual formation determine whether such a relationship has been created." *Hashemi v. Shack*, 609 F. Supp. 391, 393 (S.D.N.Y. 1984). Defendant cites no authority to the contrary.

Instead, Defendant contends that Plaintiff's entitlement to relief depends on federal law, because, *inter alia*, any disclosure of whistleblower information is strictly regulated by the relevant federal whistleblower statutes. *See* Def.'s Opp. at 9 (arguing that "26 U.S.C. § 6103 and related provisions strictly control the disclosure of return information to whistleblowers and their representatives"). But that a defendant may invoke federal law as a *defense* to a state law claim does not establish the first element of the *Grable-Gunn* standard, namely that a federal issue is *necessarily* raised by a plaintiff's claim. That is, the *Grable-Gunn* exception applies only where a state law claim "is affirmatively 'premised' on a violation of federal law." *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016) (quoting *Grable*, 545 U.S. at 314). The "fact that Defendant[ ] may have a [federal] defense" is "not adequate to establish the ... exception." *City of New York v. Exxon Mobil Corp.*, 733 F. Supp. 3d 296, 314 (S.D.N.Y. 2024), *aff'd*, 154 F.4th 36 (2d Cir. 2025).

Accordingly, because Defendant has failed to establish the first factor in the *Grable-Gunn* standard, remand is appropriate.[1]

**II. Attorneys' Fees and Costs**

Plaintiff seeks fees and costs in connection with the prosecution of this motion. 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Plaintiff cites numerous cases in which courts have awarded fees in connection with a motion to remand where removal was deemed objectively unreasonable because it was based on a federal defense. *See* Pl.'s Reply Mem. in Supp. of Mot. to Remand at 10, ECF No. 17 (citing *Savino v. Savino*, 590 F. App'x 80, 81 (2d Cir. 2015); *Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011); *Gondolfo v. Town of Carmel*, No. 20 Civ. 9060, 2022 WL 19183, at *2 (S.D.N.Y. Jan. 3, 2022)).

Defendant's only response is that the cases cited by Plaintiff are purportedly inapposite because they involved situations where the basis for removal was a federal defense, whereas here (he argues), removal was "based on a colorable, well-supported, and good-faith argument that *Plaintiff's complaint* necessarily raises substantial federal issues." Def.'s Opp. at 17. But as the discussion above demonstrates, this is plainly wrong. There is nothing about Plaintiff's complaint that *necessarily* raises a federal question—it is only Defendant's argument that federal law limits (or altogether precludes) the relief sought on Plaintiff's legal files claim that implicates federal legal issues. Accordingly, the Court concludes that removal lacked an objectively reasonable basis, and that fees and costs in connection with this motion are appropriate.

**III. Motion to Seal**

***3** Plaintiff also seeks to seal a document filed at ECF No. 1-4 (also at ECF No. 20), a request for production of documents. *See* Mot. to Seal, ECF No. 19. The Court applies a three-part test to determine whether such sealing is appropriate. *See* *Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022). First, it is unclear to the Court that the document is even a judicial document to which a presumption of public access attaches. It is not submitted in connection

with an affirmative request for relief, and where "documents filed by a party are not relevant to the performance of a judicial function, no presumption of public access attaches." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019); *see also id.* at 50 ("Documents that are never filed with the court, but simply passed between the parties in discovery, lie entirely beyond the presumption's reach.") (internal quotation marks and citation omitted).

Although it is unclear from the parties' submissions, perhaps this document was filed with the Court to show that this case is in its early stages, to support the notion that removal was not procedurally inappropriate. Assuming, then, that it is in fact a judicial document to which a presumption of public access attaches, the Court turns to the remaining *Olson* factors. The document is not submitted in connection with trial or a dispositive motion; at most, there is only a lessened presumption of public access. *See id.* ("[T]he presumption of public access in filings submitted in connection with discovery disputes or motions *in limine* is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment."). And, upon review of the document, the Court concludes that the interests asserted by Plaintiff are sufficient to overcome the presumption of public access. *See Nosal v. Internal Revenue Serv.*, 523 F. Supp. 3d 72, 79 (D.D.C. 2021). Furthermore, the Court is satisfied that Plaintiff's proposed redactions are sufficiently narrowly tailored. *Cf. Brown*, 929 F. 3d at 47. Plaintiff's motion to seal is therefore granted.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand, ECF No. 5, is **GRANTED** and Plaintiff's request for fees and costs in connection with the motion are **GRANTED**; furthermore, Plaintiff's Motion to Seal, ECF No. 19, is **GRANTED**. The parties are directed to meet-and-confer to attempt to resolve the issue of fees and costs. If they are unable to achieve resolution, they shall, within 21 days of the date of this Order, submit a joint letter proposing a briefing schedule on fees and costs.

The Clerk of Court is further respectfully requested to terminate ECF No. 19 and to maintain ECF No. 20 under seal. A redacted version of the document remains on the public docket at ECF No. 21.

The Clerk of Court is further respectfully requested to terminate ECF No. 5 and to remand this matter to New York Supreme Court, New York County, for further proceedings.

SO ORDERED.

**All Citations**

Slip Copy, 2026 WL 2532291

Footnotes

1 Because the Court concludes that Defendant has not met the first factor of the *Grable-Gunn* standard, it does not consider the parties' respective arguments as to the remaining three factors.

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.