UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSSET FAMILY LEGACY HOLDINGS, LLC,

Plaintiff,

-against-

JOHN G.H. OAKES, EVERGREEN REVIEW, INC., JOHN TROUBH, PAUL CHAN, CHARLES PALELLA, PATRICIA L. IRVIN, DALE PECK, VYJAYANTHI RAO, PAMELA ROSENTHAL, OR BOOKS LLC, COLIN ROBINSON, FANTAGRAPHICS BOOKS, INC., GARY GROTH, LYNN EMMERT, and PAT THOMAS,

Defendants,

-and-

GROVE/ATLANTIC, INC. and MORGAN ENTREKIN,

Nominal Defendants.

25-CV-9398 (LAP)

OPINION & ORDER

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Plaintiff Rosset Family Legacy Holdings LLC's ("RFLH") motion to remand this action to New York state court and for an award of attorneys' fees and costs. (Dkt. 23.) Defendants Evergreen Review, Inc. ("ERI"), John Oakes, and OR Books

LLC (the "Removing Defendants") oppose the motion. For the reasons that follow, RFLH's motion is DENIED.[1]

## BACKGROUND

### A. The Parties

The following allegations are drawn from RFLH's amended state court complaint[2] and presumed true for the purposes of this motion.

RFLH is a Delaware limited liability company based in Alexandria, Virginia. RFLH is also the alleged assignee of the intellectual property rights of Barney Rosset and his estate. Rosset operated a publisher known as Grove Press, which in turn published a periodical known as the Evergreen Review (the "Review"). When Rosset died, any rights that Rosset held with respect to the Review passed to his estate and then to his widow, Astrid Myers Rosset ("Astrid"), who served as executor of the estate. (Am. Compl. ¶¶ 35, 92, 95.)

Defendant ERI is a New York not-for-profit corporation that allegedly holds itself out as the steward of certain Review

[1] The Court has considered all submissions filed in support of or in opposition to the motion, including RFLH's Memorandum of Law in Support of its Motion to Remand (Dkt. 27) and the supporting Affirmation of counsel (Dkt. 26); RFLH's Corrected Memorandum of Law ("Pl. Mem.," Dkt. 31) and Further Corrected Memorandum of Law (Dkt. 32-1), together with RFLH counsel's letter representing that those corrections were non-substantive (Dkt. 32); the Removing Defendants' Memorandum of Law in Opposition ("Defs. Opp.," Dkt. 35), supported by the Declaration of Michael P. Clendenen (Dkt. 36); RFLH's Reply Memorandum of Law ("Pl. Reply," Dkt. 37); and the parties' subsequent letter submissions (Dkts. 38-44).

[2] RFLH filed its Amended Complaint in the state action on November 5, 2025 (Dkt. 9-3), and a "corrected" version on November 6, 2025 (Dkt. 9-5). Citations to the Amended Complaint ("Am. Compl.") refer to the corrected version.

archival activities. Defendant Oakes is a director of ERI and its listed publisher. Oakes also allegedly co-founded Defendant OR Books LLC with Defendant Colin Robinson. (Id. ¶¶ 37-38, 40.)

In addition to Oakes, the Amended Complaint also names seven present or former ERI directors, officers, or key persons (collectively, the "ERI Board Member Defendants"). The Amended Complaint also names another publisher that subsequently republished certain issues of the Review, Fantagraphics Books, Inc. ("Fantagraphics"), and three Fantagraphics officers. Finally, the Amended Complaint names as nominal defendants the successor corporation that purchased certain rights to the Review, Grove/Atlantic, Inc., and its principal, Morgan Entrekin. (Id. ¶¶ 31, 39, 41, 44.)

**B. The Review and Its Intellectual Property**

Between 1957 and 1984, Rosset published ninety-eight print issues of the Review through Grove Press. Grove Press held the intellectual property to these issues, including the federally registered "Evergreen" trademark and copyrights in the issues registered as collective works. (Am. Compl. ¶¶ 1, 55-56, 61.)

In 1985, Rosset sold Grove Press to an entity that eventually became known as Grove/Atlantic, Inc. However, the sale of Grove Press, as alleged by RFLH, did not explicitly address the trademark or the copyrights of the Review. (Id. ¶ 57.) In any event, after the sale of Grove Press, RFLH contends that Grove/Atlantic

"abandoned" any Review intellectual property it had previously acquired from Rosset and Grove Press. Among other things, RFLH alleges that the applicable trademark registration was canceled and that Grove/Atlantic's nonuse exceeded the three-year presumption of abandonment under 15 U.S.C. § 1127. RFLH also alleges that Grove/Atlantic failed to renew pre-1964 copyrights. (Id. ¶¶ 58-59, 61-62, 66.)

At the same time that Grove/Atlantic allegedly abandoned the intellectual property at issue, Rosset continued to publish compilations of the Review. RFLH alleges that in 1998, Rosset formally revived the magazine online with Grove/Atlantic's alleged knowledge and acquiescence. RFLH alleges that this arrangement—in which Grove/Atlantic did not enforce its intellectual property rights even as Rosset continued to publish the Review—created a de facto implied license for Rosset to continue to use any trademarks and copyrights associated with the Review. (Id. ¶¶ 63-68, 79-80.)

After Rosset's death in 2012, his widow, Astrid, allegedly inherited these implied licenses relating to the Review. Astrid, in turn, assigned the rights to RFLH in 2021. Astrid's assignment, according to RFLH, thus makes RFLH the current owner of the Review trademark, the owner by "implied license" of the Review copyrights, and the successor entitled to enforce any restrictions that Rosset attached to his donated rights to ERI. (Am. Compl. ¶¶ 72, 90-92.)

**C. The Rossets' 1997 Donation of Rights to ERI**

Separate from the rights that Rosset held personally at the time of his death, Rosset conveyed a limited set of rights to ERI (a private foundation) in connection with the Review's online revival in the 1990s. (Am. Compl. ¶¶ 69, 73-74.) According to RFLH, Rosset did not assign all of his rights to ERI outright. Instead, Rosset donated only a narrow range of non-exclusive rights to ERI, including the rights to (i) archive historical content of the Review and (ii) pursue a limited online revival of the Review, with new material subject to donor consent. RFLH alleges that the 1997 donation expressly barred ERI from commercially exploiting or sublicensing the Review without donor approval. RFLH further alleges that it has standing to enforce these donor restrictions. (Id. ¶¶ 24, 65.)

**D. The Alleged Scheme to Misappropriate ERI-Entrusted Rights**

The gravamen of RFLH's claims is that ERI and its directors orchestrated a scheme to misappropriate and convert the intellectual property rights that the Rossets entrusted to ERI. As alleged by RFLH, the scheme occurred through two principal transactions. The first involved a 2019 publishing agreement between ERI and Fantagraphics for exploitation of the Evergreen Review print-issue covers and content. According to RFLH, Oakes signed this agreement as "Author" under the unregistered assumed name "The Evergreen Review," allegedly without ERI's board

approval and in violation of New York state law. The second involved a November 30, 2020 application to the United States Patent and Trademark Office ("USPTO") for the mark "Evergreen Review," which was allegedly filed in the assumed name of a non-existent entity. RFLH alleges that the misrepresentations constituted a "fraud on the USPTO" under 15 U.S.C. § 1115. (Id. ¶¶ 23, 209.)

After these purported unlawful transactions were made, RFLH alleges that, on or about August 19, 2025, Fantagraphics published Evergreen Review: Dispatches from the Literary Underground: Covers & Essays 1957-1973. RFLH contends this constituted an unauthorized use of the Evergreen intellectual property and of Rosset's name and likeness. RFLH separately alleges an improper sublicense for new online Review issues.

**E. Procedural Background**

RFLH filed its original complaint in New York state court on December 28, 2024, asserting five causes of action under New York law: equitable accounting, constructive trust, conversion, unjust enrichment, and aiding and abetting breach of fiduciary duty. (Dkt. 9-2 ¶¶ 42-73.) The Removing Defendants did not seek to remove the original state court complaint. Instead, Defendants moved to dismiss in New York state court in May 2025, principally for lack of standing. While Defendants' motions were pending, the state court directed RFLH to amend its complaint.

After RFLH amended its complaint, the Removing Defendants removed the action to this Court.[3] At a high level, the Removing Defendants' removal notice alleges that the Court has federal-question jurisdiction over the action because the Copyright Act completely preempts the Amended Complaint's unjust-enrichment and declaratory-judgment claims, or that those claims otherwise require construction of the Copyright Act. Alternatively, the Removing Defendants argue that the Amended Complaint seeks a remedy expressly granted by, or asserts a claim requiring construction of, the Lanham Act. With these jurisdictional hooks satisfied, the Removing Defendants argue that the remaining claims fall within the Court's supplemental jurisdiction.

**F. Bases for Federal Jurisdiction**

The Amended Complaint asserts twelve causes of action, four of which are relevant to the jurisdictional dispute here.

First, Count One seeks a declaratory judgment that (i) Grove/Atlantic "abandoned" the trademark through nonuse exceeding the three-year presumption under 15 U.S.C. § 1127, (ii) RFLH owns the common-law "Evergreen Review" mark based on senior and continuous use, and (iii) Defendants are infringing the trademark under New York law. (Am. Compl. ¶¶ 183-87.)

Next, Count Two seeks a declaration that:

[3] After RFLH identified state court orders omitted from the original notice, the Removing Defendants filed an amended notice of removal attaching the complete set of state court filings. (See Dkts. 7-9.)

> [a] non-exclusive implied license exists from Entrekin and Grove/Atlantic to Barney Rosset circa 1997 for the Copyrights in the print versions of Evergreen Review issues 1 through 98, based on Grove/Atlantic's abandonment (e.g., no post-1984 exploitation, lapsed renewals) and acquiescence to Rosset's continuous use without objection, demonstrating a meeting of the minds under Second Circuit law[,]

and that RFLH holds those non-exclusive rights, with the power to use, sublicense, and donate them. (Am. Compl. ¶¶ 192.) RFLH also seeks a declaratory judgment that RFLH owns "by implied license" all of the copyrights in the print versions of the Evergreen Review issues 1 through 98. (Id. ¶ 28.)

Count Five, in turn, seeks declarations that (i) Oakes's execution of the 2020 USPTO application and the 2019 Fantagraphics agreement was ultra vires and in breach of fiduciary duty; (ii) the misrepresentations constitute "fraud on the USPTO" under 15 U.S.C. § 1115; (iii) the 2020 trademark registration is invalid and subject to cancellation; and (iv) the Fantagraphics agreement is void or rescindable. (Am. Compl. ¶¶ 205-11.)

Finally, Count Ten asserts a claim of unjust enrichment, alleging that Defendants retained the benefits of their unauthorized use of Barney Rosset's identity and of the charitable donations and other property and intellectual property owned by RFLH. RFLH seeks restitution and disgorgement of the resulting profits. (Id. ¶¶ 258-59.)

## LEGAL STANDARD

### A. Removal and Remand

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). On a motion to remand, the removing party bears the burden of establishing federal jurisdiction. City of New York v. Exxon Mobil Corp., 154 F.4th 36, 40-41 (2d Cir. 2025). Under the well-pleaded complaint rule, federal-question jurisdiction exists only when a federal question appears on the face of the plaintiff's properly pleaded complaint, Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987), and the propriety of removal is assessed on the pleadings as they stood at the time of removal, Vera v. Saks & Co., 335 F.3d 109, 116 n.2 (2d Cir. 2003).

### B. Preemption Under the Copyright Act

Although the plaintiff is ordinarily the master of the complaint, "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law" and is removable. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003).

Section 301(a) of the Copyright Act is one such example. It preempts all state-law claims asserting "legal or equitable rights that are equivalent to any of the exclusive rights within the

general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103." 17 U.S.C. § 301(a). Because § 301(a) both displaces state law and substitutes a federal remedy, federal district courts necessarily have jurisdiction over any state-law claims it preempts. Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 305 (2d Cir. 2004). Thus, under Briarpatch and its progeny, the Copyright Act exclusively governs a claim when (1) the particular work to which the claim is being applied falls within the type of works protected by the Act under 17 U.S.C. §§ 102 and 103 (the "subject-matter" element), and (2) the claim seeks to vindicate legal or equitable rights equivalent to one of the bundle of exclusive rights already protected by federal copyright law (the "general-scope" element). Id.

The Briarpatch subject-matter inquiry asks whether the claim applies to a work of authorship fixed in a tangible medium and falling within the ambit of one of the categories of copyrightable works. Id. The general-scope inquiry, meanwhile, considers whether the state-created right may be abridged by an act that would, by itself, also infringe one of the exclusive rights provided by federal copyright law. Id. To that end, courts consider whether the state-law claim includes extra elements that

make it qualitatively different from a federal copyright infringement claim. In re Jackson, 972 F.3d 25, 44 (2d Cir. 2020).

**C. Supplemental Jurisdiction**

Where a removed action contains claims within the Court's original jurisdiction, 28 U.S.C. § 1367(a) extends supplemental jurisdiction to "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," so long as such claims derive from a common nucleus of operative fact. United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). A district court may decline supplemental jurisdiction only on the grounds enumerated in § 1367(c), informed by the values of judicial economy, convenience, fairness, and comity. Jones v. Ford Motor Credit Co., 358 F.3d 205, 214 (2d Cir. 2004).

**DISCUSSION**

The Court agrees with the Removing Defendants that, as currently pled, Count Two is completely preempted by the Copyright Act and Count Ten is preempted at least in part. Because either count provides a basis for jurisdiction under the Copyright Act, the Court need not reach whether jurisdiction also exists through RFLH's trademark claims. The Court also elects to retain the entire action and exercise supplemental jurisdiction over the non-copyright claims.

**A. Count Two Is Preempted by the Copyright Act**

The Removing Defendants argue that Count Two is completely preempted as a claim of copyright ownership. Specifically, the Removing Defendants point out that the Evergreen Review print issues fall within the works protected by 17 U.S.C. §§ 102 and 103 and that the claim simply seeks a declaration that Defendants have no rights in the copyrighted works.

The Court agrees. It is undisputed that the ninety-eight print issues are works of authorship within §§ 102 and 103. As for the general-scope requirement, the Amended Complaint does not confine Count Two to the mere construction of any agreement. It alleges that RFLH owns, "by implied license," the copyrights in the print versions of the Evergreen Review issues 1 through 98 (Am. Compl. ¶ 28). The Amended Complaint further alleges that Defendants have asserted or threatened to assert competing ownership or rights over these copyrights and thus seeks a declaration that RFLH is the owner of the copyrights by implied license. Such a declaratory claim necessarily implicates rights equivalent to those secured by § 106 of the Copyright Act. See Briarpatch, 373 F.3d at 307; We Shall Overcome Found. v. Richmond Org., Inc. (TRO Inc.), 221 F. Supp. 3d 396, 411 (S.D.N.Y. 2016) ("[A] claim for declaratory judgment regarding exclusive rights within the scope of copyright is equivalent to a copyright claim, and thus is preempted."); cf. Universal Instruments Corp. v. Micro

Sys. Eng'g, Inc., 924 F.3d 32, 49 (2d Cir. 2019) (where plaintiff alleged breach of copyright license, "vindication of an exclusive right under the Copyright Act, read into a license by negative implication, is preempted by the Copyright Act.").

RFLH's contrary characterization is entirely at odds with its pleading. The Amended Complaint nowhere limits Count Two to mere "fiduciary breaches." (Pl. Reply at 8.) And RFLH may not defeat removal by recharacterizing in its briefs what the claim its complaint actually pleads.[4]

Accordingly, the Court finds that Count Two is completely preempted and that the Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**B. Count Ten Is At Least Partially Preempted**

Independently, RFLH's unjust enrichment claim, Count Ten, is preempted insofar as it seeks disgorgement of the profits of Defendants' unauthorized exploitation of the copyrighted works. The Removing Defendants correctly note that RFLH seeks to vindicate the reproduction and distribution rights the Act secures through

[4] Contrary to RFLH's assertion, Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22 (2025), is entirely inapplicable to the case at bar. Royal Canin merely holds that when a plaintiff amends its complaint after removal and excises every federal claim, remand is proper. Id. at 25-26. Here, the Removing Defendants removed on the basis of the Amended Complaint, which remains the operative pleading, and no post-removal amendment has occurred. (Defs. Opp. at 6 n.5.) Accordingly, Royal Canin does not compel remand.

an unjust enrichment claim. (Defs. Opp. at 6-9.) Count Ten alleges, in relevant part:

> 258. Defendants have been unjustly enrich[ed] by retaining the benefits of . . . their unauthorized use of Barney Rosset's identity and the charitable donations, charitable gifts, and all other property and intellectual property retained and owned by RFLH.
>
> 259. Defendants ERI, Oakes, the ERI Board Member Defendants, OR Books, Robinson, Fantagraphics Books, Groth, Emmert, and Thomas were enriched at RFLH's expense, and equity and good conscience require restitution/disgorgement of all profits derived from such unlawful exploitation.

(Am. Compl. ¶¶ 258-59 (emphases added).)

The Court concludes that, to the extent the amended complaint seeks disgorgement of the profits of Defendants' unauthorized "exploitation" of copyrights to the Evergreen Review, both prongs of the Briarpatch preemption test are satisfied. As to the subject-matter requirement, the profits that RFLH seek include the profits derived from allegedly exploiting the 98 print issues identified elsewhere in the complaint, which are plainly works of authorship within §§ 102 and 103. As to the general-scope requirement, Count Ten seeks disgorgement of profits arising from the "unauthorized use" of "intellectual property." And the Amended Complaint makes clear that Count Ten's reference to unauthorized use of "intellectual property" includes copyrights. Indeed, RFLH specifically alleges that "Defendants have contested [RFLH's] rights by . . . publishing or planning to publish materials, such

as the book 'Evergreen Review: Dispatches from the Literary Underground,' which uses the Mark and incorporates content from the Copyrights without authorization," and that "[a] controversary has arisen regarding . . . infringement of the Mark and Copyrights" accordingly. (Am. Compl. ¶¶ 93-94 (emphases added).)

"Courts in this Circuit have frequently found unjust enrichment claims preempted [by the Copyright Act] where they derive from the reproduction, use, or misappropriation of material covered by copyright protection." PleasrDAO v. Shkreli, 804 F. Supp. 3d 362, 384 (E.D.N.Y. 2025) (internal quotation marks and citation omitted); see also Bray v. Purple Eagle Ent., Inc., 2024 WL 553961, at *8 (S.D.N.Y. Jan. 3, 2024), report and recommendation adopted, 2024 WL 4144063 (S.D.N.Y. Sept. 11, 2024) (noting that "[i]t is well-settled law in this circuit that an unjust enrichment claim based on copyrighted subject matter is preempted by the Copyright Act, because a claim for unjust enrichment contains no 'extra element' that makes it qualitatively different from a copyright infringement claim" and collecting cases).

RFLH's unjust enrichment claim is therefore "in no meaningful fashion distinguishable from infringement of a copyright." In re Jackson, 972 F.3d at 44 n.22 (quoting Nat'l Basketball Ass'n v. Motorola, Inc., 105 F.3d 841, 851 (2d Cir. 1997)). Accordingly, the Court finds that Count Ten is also preempted to the extent it

seeks disgorgement for misuse of the Review's copyrights and thus supplies an independent basis for federal original jurisdiction.[5]

**C. The Court Exercises Supplemental Jurisdiction Over the Remaining Counts**

RFLH also urges the Court to decline supplemental jurisdiction on the grounds that state-law issues of nonprofit governance and charitable-gift enforcement predominate over any federal question. (Pl. Mem. at 20-21.) The Court disagrees. Because the Court has exclusive jurisdiction over the copyright claims, remanding the balance of the action would guarantee two parallel actions and frustrate the judicial economy § 1367(c) seeks to promote. Nor do RFLH's governance, fiduciary, and gift-restriction claims present such "novel or complex" state-law issues or exceptional circumstances that remand is appropriate. On the contrary, these are exactly the kinds of state-law claims that federal courts sitting in this District routinely adjudicate.

Accordingly, the Court will retain the entire action.

---

[5] Because the Court concludes that the Copyright Act preempts at least some of RFLH's claims under Briarpatch, the Court need not and does not decide whether either count also asserts a claim requiring construction of the Copyright Act, see T.B. Harms Co. v. Eliscu, 339 F.2d 823, 828 (2d Cir. 1964), or whether Counts One and Five independently arise under the Lanham Act. Similarly, the Court need not decide whether any claim presents an embedded federal question under Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005), and Gunn v. Minton, 568 U.S. 251 (2013), and their progeny.

**D. Removal Was Timely and Procedurally Proper**

RFLH separately contends that removal was untimely under 28 U.S.C. § 1446(b) because the predicates for the Removing Defendants' preemption theory were apparent from the original complaint. (Pl. Mem. at 6, 22.) Unlike the Amended Complaint, however, RFLH's original complaint sought no declaratory relief regarding copyright ownership. Nor did RFLH's original complaint seek disgorgement of profits attributable to improper commercial exploitation of the Review's copyrights. The original complaint limited its unjust enrichment claim to "misappropriated cash, revenues, and the goodwill of the Evergeen mark and certain other related marks that belong to ROSSET FAMILY LLC." (Dkt. 9-2 ¶ 63 (emphases added)). The Amended Complaint, however, does not limit this claim to trademarks and instead seeks wide-ranging disgorgement from "unlawful exploitation" of "intellectual property" at large, including the use of "content from the Copyrights without authorization." (Am. Compl. ¶¶ 93, 258, 259.) Accordingly, the Court concludes that the timeline for removal began with the filing of the Amended Complaint. See 28 U.S.C. § 1446(b)(3).

RFLH also objects that Defendants' initial notice of removal omitted certain state-court orders required by § 1446(a). Such omissions are curable, see In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 399 F. Supp. 2d 340, 348 (S.D.N.Y.

2005), and the Removing Defendants cured them within days by filing an amended notice attaching the complete state-court record after RFLH identified the error. (Dkts. 7-9; Defs. Opp. at 19-20.) Certainly, RFLH identifies no prejudice from the refiling.

## CONCLUSION

For the foregoing reasons, RFLH’s motion to remand and award costs is DENIED.[6] By September 30, 2026, the parties shall confer and advise the Court by joint letter how they propose to proceed.

The Clerk of the Court shall close Dkts. 23, 25, and 26.

**SO ORDERED.**

Dated: New York, New York
September 23, 2026

LORETTA A. PRESKA
Senior United States District Judge

[6] Defendants’ request for leave to move to strike or to file a sur-reply (Dkt. 38) is DENIED as moot.